MATTHEW P. KANNY (State Bar No. 167118)
E-mail: mkanny@manatt.com
MAURA K. GIERL (State Bar No. 287430)
E-mail: mgierl@manatt.com
MANATT, PHELPS & PHILLIPS, LLP
11355 West Olympic Boulevard
Los Angeles, California 90064-1614
Tel.: (310) 312-4000; Fax: (310) 312-4224

ARUNABHA BHOUMIK (*pro hac vice*)
E-mail: abhoumik@manatt.com
MANATT, PHELPS & PHILLIPS, LLP
7 Times Square
New York, New York 10036
Tel.: (212) 790-4500; Fax: (212) 790-7575

*Attorneys for Defendant*
HORSE RACING LABS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOS ANGELES TURF CLUB, INCORPORATED, a California Corporation, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>HORSE RACING LABS, LLC, a Delaware Limited Liability Company (a/k/a IMMERSE, LLC), d/b/a DERBYWARS, and DOES 1 through 10, inclusive,<br><br>Defendants. | No. 2:15-cv-09332-SJO (JEMx)<br><br>Honorable S. James Otero<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AND FOURTH CAUSES OF ACTION IN PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND MOTION TO STRIKE PORTIONS OF COMPLAINT PURSUANT TO FED. R. CIV. P. 12(f)**<br><br>Hearing Date: April 25, 2016<br>Hearing Time: 10:00 a.m.<br><br>Complaint Served: December 3, 2015 |

## I. INTRODUCTION

Plaintiffs seek to buoy their position by discussing *accusations* against *other parties*, in *other states*. As stated in the Motion, Derby Wars disputes that its online fantasy contests constitute unlawful betting. (*See* Mot. 2 n.1.) But this question is not relevant to this Motion. For the reasons stated in the Motion and below, Plaintiffs fail to state a claim under RICO, or for intentional interference, and they are not entitled to damages, disgorgement of profits and attorneys' fees in their unfair competition law ("UCL") claim.

## II. ARGUMENT

### A. Plaintiffs' RICO Claim Fails

Plaintiffs fail to show that they allege a pattern or injury under RICO.

First, Plaintiffs acknowledge that they only allege a single violation of 18 U.S.C. § 1955, the only RICO predicate alleged in the Complaint. (Compl. ¶ 57; RICO Stmt. ¶¶ 5(a), 16). Their RICO claim must be dismissed on this basis alone.

Plaintiffs miss the point in arguing that they need not allege "multiple schemes." Derby Wars does not assert that Plaintiffs must allege multiple <u>schemes</u>. Rather, RICO requires that Plaintiffs allege multiple predicate <u>crimes</u>. In each of the cases Plaintiffs cite, the defendants committed multiple predicate crimes.[1] Here, because § 1955 prohibits <u>operating</u> an illegal gambling business, not individual acts of gambling, *Sanabria v. United States*, 437 U.S. 54, 70 (1978), plaintiffs only allege <u>one</u> violation § 1955, and thus do not allege a pattern. *See Boyle v. United States*, 556 U.S. 938, 949-50 (2009) (noting that a single violation of § 1955 would not constitute a violation of RICO).

Plaintiffs allude to potential state law violations as possible additional RICO predicates. But any purported violation of the California, Oregon and Florida

---

[1] *See H. J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 233 (1989) (multiple acts of bribery); *Kearney v. Foley & Lardner*, 607 Fed. Appx. 757, 759 n.1 (9th Cir. 2013) (multiple predicate acts of fraud); *Allwaste, Inc. v. Hecht*, 65 F.3d 1523, 1526-27 (9th Cir. 1995) (multiple acts of receiving kickbacks and other unlawful payments).

statutes they cite would be misdemeanors.[2] The Maryland statute Plaintiffs cite does not appear to have any criminal penalties for the conduct alleged. *See* Md. Bus. Reg. Code Title 11, Part 8. Any such violations could not serve as RICO predicates. *See* 18 U.S.C. § 1961(1).

Second, with respect to injury, Plaintiffs argue that there is "split authority" as to whether they need allege a distinct injury under §§ 1962(a) and (b). There is no split. The Ninth Circuit has explicitly stated that under § 1962(a), Plaintiffs must allege "an investment injury separate and distinct from the injury flowing from the predicate act." *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1149-50 (9th Cir. 2008); *Wagh v. Metris Direct, Inc.*, 348 F.3d 1102, 1110-11 (9th Cir. 2003), partially overruled on other grounds, *Odom v. Microsoft Corp.*, 486 F.3d 541 (9th Cir. 2007) (en banc). Further, Plaintiffs' reliance on *Ideal Steel Supply Corp. v. Anza*, 652 F.3d 310 (2d Cir. 2011), is misplaced because the Ninth Circuit has explicitly rejected the "reinvestment" RICO injury theory alleged by plaintiffs here. *See Sybersound*, 517 F.3d at 1149; *Wagh*, 363 F.3d at 829.

Similarly, under RICO § 1962(b), a plaintiff must allege "an injury . . . resulting from defendant's control or acquisition of a RICO enterprise." *Wagh*, 348 F.3d at 1111; *In re Toyota Motor Corp.*, 785 F. Supp. 2d 883, 922 (C.D. Cal. 2011) (under § 1962(b), plaintiffs must allege "an injury separate and distinct from the injury flowing from the predicate acts"). Plaintiffs' purported "split authority" is a phantom.[3]

Third, Plaintiffs allege that Derby Wars operates its own website. Plaintiffs never allege that Derby Wars "maintains" its interest in itself or its website

---

[2] See Cal. Bus. & Prof. Code § 19661, Cal. Penal Code § 19; Ore. Rev. Stat. §161.545, § 462.990; Fla. Stat. § 550.155.

[3] To show a "split," Plaintiffs mostly cite district court cases from the 1980s, that long predate *Sybersound* and *Wagh*. The only Ninth Circuit case Plaintiffs cite is *Wilcox v. First Interstate Bank*, 815 F.2d 522 (9th Cir. 1987). Even then, the best Plaintiffs can muster is that in *Wilcox*, another case that long predates *Sybersound* and *Wagh*, the Ninth Circuit "implicitly rejected" a distinct injury rule under Section 1962(a).

"through a pattern of racketeering activity." 18 U.S.C. § 1962(b). Nor does it make any sense to allege that Derby Wars needs to maintain an interest in itself or its website through a pattern of racketeering. Thus, Plaintiffs merely allege that Derby Wars is "engaged in racketeering has an otherwise legitimate interest in an enterprise." *Lightning Lube v. Witco Corp.*, 4 F.3d 1153, 1190 (3d Cir. 1993);[4] *Miletak v. Allstate Ins. Co.*, No. C 06-03778, 2009 WL 1371412, at *6 (N.D. Cal. Mar. 5, 2009) (plaintiff "must allege a specific nexus between the control of the enterprise and the racketeering activity.").

Finally, Plaintiffs argue that they have been deprived of fees they *might have* obtained had Derby Wars not operated its website. This injury allegation requires precisely the kind of "speculative and complicated analysis" the Ninth Circuit has held impermissible under RICO. *Sybersound*, 517 F.3d at 1148. Plaintiffs attempt to refute this binding Ninth Circuit precedent, with a single district court case, *Pradhan v. Citibank, N.A.*, No. 10 Civ. 3245, 2011 WL 90235 (N.D. Cal. Jan. 10, 2011). There, the court sustained a RICO claim because the plaintiffs had been fraudulently induced to apply for a $200,000 home equity loan. *Id.* at *2, *6. Unlike in this case, that injury allegation did not require any speculation: the fraudulently induced loan reduced plaintiffs' home equity by the amount of the loan. *Pradan* is entirely inapposite.

### B. **Plaintiffs' Intentional Interference Claim Fails**

Plaintiffs cite no legal authority that undercuts Derby Wars's arguments that Plaintiffs' Intentional Interference claim should be dismissed. Plaintiffs' allegations regarding their hypothetical relationships with *prospective* customers amounts to a "lost opportunity" allegation that is insufficient to overcome a motion

---

[4] Plaintiffs' attempt to distinguish *Lightning Lube* fails. In *Lightning Lube*, the Third Circuit did indeed discuss whether a RICO person can also be a RICO enterprise under Section 1962(b) **but declined to rule on that issue** because just as in this case, the plaintiffs had failed to allege "a specific nexus between control of any enterprise and the alleged racketeering activity, as is required under section 1962(b)." 4 F.3d at 1191.

to dismiss.[5] (*See* Mot. 18:1-20:17.)

With one exception,[6] Plaintiffs wholly ignore Derby Wars's arguments and citation to California and district court authority expressly rejecting the "lost opportunity" theory on which Plaintiffs rely in claiming that their "prospective bettors" allegation is sufficient. (Mot. 18:1-20:17.) While Plaintiffs cite *Oracle America, Inc. v. CedarCrestone, Inc.*, No. 12CV4626, 2013 WL 3243885 (N.D. Cal. June 26, 2013), it is inapposite. There, plaintiff alleged that defendant interfered with economic relationship with plaintiffs' customers, who would likely be customers again and whose identities were known to defendant, when defendant gained access to plaintiff's software. *Id.* at *1-4. Thus, the claim was based on plaintiff's relationship with a specific, identifiable group of its *own* customers. In contrast here, Plaintiff's claim is based on a relationship with unknown customers of *Derby Wars*, not on a relationship with Plaintiffs' own "prospective bettors." Plaintiffs cannot identify which, if any, of Derby Wars's customers they could possibly have a relationship with.

### C. **Plaintiffs' Prayers for Disgorgement, Damages and Attorneys' Fees For Alleged Violations of California's UCL Fail**

Under either Rule 12(b)(6) or 12(f),[7] Plaintiffs' requests for disgorgement, damages and attorneys' fees in their unfair competition law claim fail.

---

[5] For the first time in their Opposition, Plaintiffs attempt to define "prospective bettors." (Opp. 15:15-19.) Not only is their newly minted definition too little, too late, *see Garza v. Endo Pharms.*, No. 12-CV-1585, 2012 WL 5267897, at *2 (C.D. Cal. Oct. 24, 2012) (arguments in opposition are not factual allegations the court may consider), but it still fails. Plaintiffs fail to allege any existing customer who chose to participate in Derby Wars's online contests in lieu of placing wagers at Plaintiffs' tracks, *see Tele Atlas N.V. Navteq Corp.*, 397 F.Supp. 2d 1184, 1194 (N.D. Cal. 2005), and it is wildly speculative to suggest that any such prospective customers would have done so.

[6] Plaintiffs attempt to distinguish *Architectural Mailboxes, LLC v. Epoch Design, LLC*, No. 10-CV-974, 2011 WL 1630809, at *6 (S.D. Cal. Apr. 28, 2011), but fail to acknowledge the pertinent holding that "[p]laintiff ha[d] not alleged that it ha[d] existing business relationships with . . . 'prospective customers.'" Similarly, Plaintiffs here allege only a speculative expectation that they will *eventually* have a business relationship with prospective bettors. *See id.* (internal quotations omitted).

[7] Plaintiffs argue that the motion should be denied because the requested relief is

Plaintiffs cite to *Shersher v. Superior Court*, 154 Cal. App. 4th 1491 (2007), but that case is inapposite. There, after plaintiff paid its *own* money to purchase a product defendant placed in the market through unfair business practices, plaintiff sought a *return* of its *own* money. *See id.* at 1494. Here, Plaintiffs do not, and cannot, seek a return of *their* money because Derby Wars did not obtain any of their money – directly or indirectly. Because Plaintiffs cannot establish that Derby Wars is in possession of money taken from them, Plaintiffs are improperly seeking non-restitutionary disgorgement, which is not allowed under California law.

Finally, Plaintiffs do not address Derby Wars's arguments regarding their improper request for damages and attorneys' fees; thus, the UCL claim should be dismissed to the extent it seeks damages and attorneys' fees and/or the identified language should be stricken.

Dated: April 11, 2016

MANATT, PHELPS & PHILLIPS, LLP

By: /s/ Matthew P. Kanny
Matthew P. Kanny
*Attorneys for Defendant*

---

not proper under *either* Rule 12(b)(6) *or* Rule 12(f). (Opp. 17:24-19:11, citing *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970 (9th Cir. 2010), *but see Susilo v. Wells Fargo Bank, N.A.*, 796 F. Supp. 2d 1177, 1196 (C.D. Cal. 2011) (post-*Whittlestone* opinion striking prayer for relief that is unavailable as a matter of law to avoid unnecessary litigation).) Plaintiffs are wrong. Unlike here, *Whittlestone* involved disputed factual and legal issues relating to whether specific types of damages were available under a contract. Regardless, this Court has the power to convert the motion and consider it as if it were brought under Rule 12(b)(6). *Walker v. McCoud Cmty. Servs. Dist.*, No. 2:16-61, 2016 WL 951635, at *2-3 (E.D. Cal. Mar. 14, 2016) (converting 12(f) motion to 12(b)(6) motion and dismissing prayer for punitive damages). *Doe v. United States Dep. of Justice*, 753 F.2d 1092, 1104 (D.C. Cir. 1985), and *Massey v. Banning Unified Scch. Dist.*, 256 F. Supp. 2d 1090, 1092 (C.D. Cal. 2003), cited by Plaintiffs, predate *Whittlestone*, which states that a 12(b)(6) motion is a proper vehicle to seek the requested relief. Separately, counsel for Derby Wars acknowledges that the Court's standing order limits motions to 20 pages, as opposed to the Central District's standard limit of 25 pages (L.R. 11-6), and apologizes to the Court for that oversight.