MATTHEW P. KANNY (State Bar No. 167118)
E-mail: mkanny@manatt.com
MAURA K. GIERL (State Bar No. 287430)
E-mail: mgierl@manatt.com
Manatt, Phelps & Phillips, LLP
11355 West Olympic Boulevard
Los Angeles, California 90064-1614
Tel.: (310) 312-4000; Fax: (310) 312-4224

ARUNABHA BHOUMIK (pro hac vice)
E-mail: abhoumik@manatt.com
MANATT, PHELPS & PHILLIPS, LLP
7 Times Square
New York, New York 10036
Tel.: (212) 790-4500; Fax: (212) 790-7575

*Attorneys for Defendant*
HORSE RACING LABS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOS ANGELES TURF CLUB, INCORPORATED, a California Corporation, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>HORSE RACING LABS, LLC, a Delaware Limited Liability Company (a/k/a IMMERSE, LLC), d/b/a DERBYWARS, and DOES 1 through 10, inclusive,<br><br>Defendants. | No. 2:15-cv-09332 SJO (JEMx)<br><br>Honorable S. James Otero<br>Courtroom No. 1<br><br>**ANSWER OF HORSE RACING LABS, LLC TO FIRST AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>Amended Complaint Filed: May 16, 2016 |

Defendant Horse Racing Labs, LLC, doing business as Derby Wars, ("Defendant") hereby answers the First Amended Complaint ("FAC") of Plaintiffs Los Angeles Turf Club, Inc., Los Angeles Turf Club II, Inc., Pacific Racing Association, Pacific Racing Association II, Gulfstream Park Racing Association, Inc., Oregon Racing Inc., Maryland Jockey Club of Baltimore City, Inc., and Laurel Racing Association, Inc. (collectively, "Plaintiffs") as follows:

## JURISDICTION AND VENUE

1. The allegations of Paragraph 1 of the FAC state a legal conclusion to which no response is required.

2. The allegations of Paragraph 2 of the FAC state a legal conclusion to which no response is required.

## THE PARTIES

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the FAC, and on that basis, Defendant denies the allegations of Paragraph 3 of the FAC.

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the FAC, and on that basis, Defendant denies the allegations of Paragraph 4 of the FAC.

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the FAC, and on that basis, Defendant denies the allegations of Paragraph 5 of the FAC.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the FAC, and on that basis, Defendant denies the allegations of Paragraph 6 of the FAC.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the FAC, and on that basis, Defendant denies the allegations of Paragraph 7 of the FAC.

8. Defendant lacks knowledge or information sufficient to form a belief

as to the truth of the allegations of Paragraph 8 of the FAC, and on that basis, Defendant denies the allegations of Paragraph 8 of the FAC.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the FAC, and on that basis, Defendant denies the allegations of Paragraph 9 of the FAC.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the FAC, and on that basis, Defendant denies the allegations of Paragraph 10 of the FAC.

11. Defendant admits that Horse Racing Labs, LLC, is a Delaware limited liability company with its principal place of business in Louisville, Kentucky, and that it operates the Derby Wars website. Defendant further admits that Horse Racing Labs, LLC, was formerly known as Immerse, LLC. Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 11 of the FAC.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the FAC, and on that basis, Defendant denies the allegations of Paragraph 12 of the FAC.

## INTRODUCTION

13. The allegations of Paragraph 13 of the FAC state legal conclusions to which no response is required, but to the extent a response to the allegations is required, Defendant denies the allegations of Paragraph 13 of the FAC.

14. The allegations of Paragraph 14 of the FAC state legal conclusions to which no response is required, but to the extent a response to the allegations is required, Defendant denies the allegations of Paragraph 14 of the FAC.

15. The allegations of Paragraph 15 of the FAC state legal conclusions to which no response is required, but to the extent a response to the allegations is required, Defendant denies the allegations of Paragraph 15 of the FAC.

16. The allegations of Paragraph 16 of the FAC state legal conclusions to which no response is required, but to the extent a response to the allegations is

1  required, Defendant denies the allegations of Paragraph 16 of the FAC.

2       17.    The allegations of Paragraph 17 of the FAC state legal conclusions to
3  which no response is required, but to the extent a response to the allegations is
4  required, Defendant denies the allegations of Paragraph 17 of the FAC.

5       18.    The allegations of Paragraph 18 of the FAC state legal conclusions to
6  which no response is required, but to the extent a response to the allegations is
7  required, Defendant denies the allegations of Paragraph 18 of the FAC.

8       19.    Defendant lacks knowledge or information sufficient to form a belief
9  as to the truth of the allegation that twenty percent (20%) of all wagers on horse
10 races are placed on legal online platforms that comply with state laws and
11 regulations, and on that basis, denies the allegation.  The remaining allegations of
12 Paragraph 19 of the FAC state legal conclusions to which no response is required,
13 but to the extent a response to the allegations is required, Defendant denies the
14 remaining allegations of Paragraph 19 of the FAC.

15      20.    Defendant lacks knowledge or information sufficient to form a belief
16 as to the truth of the allegations of Paragraph 20 of the FAC, and on that basis,
17 Defendant denies the allegations of Paragraph 20 of the FAC.  In addition, to the
18 extent the allegations of Paragraph 20 of the FAC state legal conclusions, no
19 response is required.

20      21.    The allegations of Paragraph 21 of the FAC state legal conclusions to
21 which no response is required, but to the extent a response to the allegations is
22 required, Defendant denies the allegations of Paragraph 21 of the FAC.

23      22.    Defendant admits that it has entered into agreements with some race
24 tracks that include provisions for revenue sharing and that it currently does not have
25 agreements with any of the Plaintiffs.  Except as expressly admitted, Defendant
26 denies the allegations of Paragraph 22 of the FAC.

27                     **THE REGULATION OF HORSE RACING**

28      23.    The allegations of Paragraph 23 of the FAC state legal conclusions to

which no response is required, but to the extent a response to the allegations is required, Defendant admits that Plaintiffs accurately quote a portion of 18 U.S.C. § 1084.

24. The allegations of Paragraph 24 of the FAC state legal conclusions to which no response is required, but to the extent a response to the allegations is required, Defendant admits that Plaintiffs accurately quote 15 U.S.C. § 3003.

25. The allegations of Paragraph 25 of the FAC state legal conclusions to which no response is required, but to the extent a response to the allegations is required, Defendant admits that Plaintiffs accurately quote 15 U.S.C. § 3002(3).

26. The allegations of Paragraph 26 of the FAC state legal conclusions to which no response is required, but to the extent a response to the allegations is required, Defendant specifically denies that it accepts interstate off-track bets or wagers on horse racing, as defined in Section 3004 of the Interstate Horseracing Act.

27. Defendant admits that it is does not hold a license to conduct wagering on horse racing in California, Florida, Maryland or Oregon, but denies it hosts bets or wagers, and denies that such a license is needed for it to operate legally. The remaining allegations of Paragraph 27 of the FAC state legal conclusions to which no response is required, but to the extent a response to the allegations is required, except as expressly admitted, Defendant denies the allegations of Paragraph 27 of the FAC.

28. The allegations of Paragraph 28 of the FAC state legal conclusions to which no response is required, but to the extent a response to the allegations is required, Defendant admits that Plaintiffs accurately quote Section 19411 of the California Business and Professions Code.

29. The allegations of Paragraph 29 of the FAC state legal conclusions to which no response is required, but to the extent a response to the allegations is required, Defendant admits that Plaintiffs accurately quote Section 19590 of the

1 California Business and Professions Code.

2     30. The allegations of Paragraph 30 of the FAC state legal conclusions to
3 which no response is required, but to the extent a response to the allegations is
4 required, Defendant admits that Plaintiffs accurately quote Section 19595 of the
5 California Business and Professions Code.

6     31. The allegations of Paragraph 31 of the FAC state legal conclusions to
7 which no response is required, but to the extent a response to the allegations is
8 required, Defendant denies the allegations of Paragraph 31 of the FAC.

9     32. The allegations of Paragraph 32 of the FAC state legal conclusions to
10 which no response is required, but to the extent a response to the allegations is
11 required, Defendant admits that Florida, Maryland and Oregon have certain laws
12 addressing horse racing wagering. Except as expressly admitted, Defendant denies
13 the allegations of Paragraph 32 of the FAC.

14     33. Defendant admits that it is does not hold a license to conduct wagering
15 on horse racing in California, Florida, Maryland or Oregon, but denies it hosts bets
16 or wagers, and denies that such a license is needed for it to operate legally. Except
17 as expressly admitted, Defendant denies the remaining allegations of Paragraph 33
18 of the FAC.

19 **PLAINTIFF RACING ASSOCIATIONS**

20     34. Defendant lacks knowledge or information sufficient to form a belief
21 as to the truth of the allegations of Paragraph 34 of the FAC, and on that basis,
22 Defendant denies the allegations of Paragraph 34 of the FAC.

23     35. Defendant lacks knowledge or information sufficient to form a belief
24 as to the truth of the allegations regarding wagering with Plaintiffs. The remaining
25 allegations of Paragraph 35 of the FAC state legal conclusions to which no
26 response is required, but to the extent a response to the allegations is required,
27 Defendant denies the remaining allegations of Paragraph 35 of the FAC.

28     36. Defendant denies that it does not comply with state or federal

regulations. The remaining allegations of Paragraph 36 of the FAC state legal conclusions to which no response is required, but to the extent a response to the allegations is required, Defendant denies the remaining allegations of Paragraph 36 of the FAC.

## "FANTASY" SPORTS BETTING AND THE UIGEA

37. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37 of the FAC, and on that basis, Defendant denies the allegations of Paragraph 37 of the FAC.

38. Defendant denies Plaintiffs' characterization of its games/contests. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation that participants in fantasy sports never bet that a certain NFL team will win a game, and on that basis, Defendant denies the allegation. The allegation that it "would undeniably violate laws against online sports betting" for a participant in fantasy sports to bet that a certain NFL team will win a game is a legal conclusion to which no response is required, but to the extent a response to the allegations is required, Defendant denies the allegation. Except as expressly admitted, Defendant denies the allegations of Paragraph 38 of the FAC.

39. The allegations of Paragraph 39 of the FAC state legal conclusions to which no response is required, but to the extent a response to the allegations is required, 31 U.S.C. § 5361 speaks for itself. Except as expressly admitted, Defendant denies Paragraph 39 of the FAC.

40. The allegations of Paragraph 40 of the FAC state legal conclusions to which no response is required, but to the extent a response to the allegations is required, Defendant admits that Plaintiffs accurately quote 31 U.S.C. § 5361(b). Except as expressly admitted, Defendant denies Paragraph 40 of the FAC.

41. The allegations of Paragraph 41 of the FAC state legal conclusions to which no response is required, but to the extent a response to the allegations is required, Defendant admits that Plaintiffs accurately quote a portion of 31 U.S.C. §

1 5362(1)(e)(ix).  Except as expressly admitted, Defendant denies the allegations of
2 Paragraph 41 of the FAC.

3      42.    The allegations of Paragraph 42 of the FAC state legal conclusions to
4 which no response is required, but to the extent a response to the allegations is
5 required, Defendant denies the allegations of Paragraph 42 of the FAC.

## DERBY WARS

7      43.    Defendant admits that it has been in operation since 2011, that it
8 operates the Derby Wars website, and that it offers a skill-based fantasy league
9 competition based on horse racing.  Defendant further admits that Plaintiffs
10 accurately quote portions of pages on the Derby Wars website.  Except as expressly
11 admitted, Defendant denies the remaining allegations of Paragraph 43 of the FAC.

12      44.    Defendant denies Plaintiffs' characterization of its skill-based
13 games/contests.  Defendant admits that players can go head-to-head or play against
14 a large number of participants in its games/contests.  Except as expressly admitted,
15 Defendant denies the remaining allegations of Paragraph 44 of the FAC.

16      45.    The allegations of Paragraph 45 of the FAC state legal conclusions to
17 which no response is required, but to the extent a response to the allegations is
18 required, Defendant denies the allegations of Paragraph 45 of the FAC.

19      46.    The allegations of Paragraph 46 of the FAC state legal conclusions to
20 which no response is required, but to the extent a response to the allegations is
21 required, Defendant denies the allegations of Paragraph 46 of the FAC.

22      47.    The allegations of Paragraph 47 of the FAC state legal conclusions to
23 which no response is required, but to the extent a response to the allegations is
24 required, Defendant denies the allegations of Paragraph 47 of the FAC.

25      48.    Defendant denies the allegations of Paragraph 48 of the FAC.

26      49.    The allegations of Paragraph 49 of the FAC state legal conclusions to
27 which no response is required, but to the extent a response to the allegations is
28 required, Defendant denies the allegations of Paragraph 49 of the FAC.  To the

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

7

CASE NO. 15CV9332
ANSWER TO FIRST AMENDED COMPLAINT

extent Paragraph 49 of the FAC states factual allegations, Defendant denies those allegations.

50. The allegations of Paragraph 50 of the FAC state legal conclusions to which no response is required, but to the extent a response to the allegations is required, Defendant denies the allegations of Paragraph 50 of the FAC. To the extent Paragraph 50 of the FAC states factual allegations, Defendant denies those allegations.

51. Defendant denies that the hyperlink cited by Plaintiffs includes the cited language.[1] Further, even considering the proper website, Defendant denies that the article quotes Brett Weiner as stating that he splits his bankroll between Derby Wars and legal parimutuel betting. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 51 of the FAC, and on that basis, Defendant denies the allegations of Paragraph 51 of the FAC.

52. Defendant admits that each of its games/contests has a fixed entry fee and a fixed prize. Except as expressly admitted, Defendant denies the allegations of Paragraph 52 of the FAC.

**FIRST CLAIM FOR RELIEF – AGAINST ALL DEFENDANTS**
**(Violation of the *Interstate Horse Racing Act*, 15 U.S.C. § 3001, *et seq.*)**

53. Defendant restates and incorporates by reference its responses to the allegations in Paragraphs 1 through 52 of the FAC.

54. The allegations of Paragraph 54 of the FAC state legal conclusions to which no response is required, but to the extent a response to the allegations is required, Defendant admits that Plaintiffs accurately quote 15 U.S.C. § 3003. Except as expressly admitted, Defendant denies the allegations of Paragraph 54 of

---

[1] Plaintiffs cited www.bloodhorse.com/horse-racing/articles/197528/innovation-in-racing-not-without-obstacles in support of Paragraph 51 of the FAC. That is an improper link. Defendant believes Plaintiffs inverted numbers in the website address, and intended to cite www.bloodhorse.com/horse-racing/articles/197258/innovation-in-racing-not-without-obstacles.

the FAC.

55. The allegations of Paragraph 55 of the FAC state legal conclusions to which no response is required, but to the extent a response to the allegations is required, 15 U.S.C. § 3004 speaks for itself. Except as expressly admitted, Defendant denies the allegations of Paragraph 55 of the FAC.

56. The allegations of Paragraph 56 of the FAC state legal conclusions to which no response is required, but to the extent a response to the allegations is required, Defendant admits that California, Florida, Maryland and Oregon have certain laws addressing horse race wagering. Except as expressly admitted, Defendant denies the allegations of Paragraph 56 of the FAC.

57. The allegations of Paragraph 57 of the FAC state legal conclusions to which no response is required, but to the extent a response to the allegations is required, Defendant denies the allegations of Paragraph 57 of the FAC.

58. Defendant denies that its games/contests constitute bets or wagers. The remaining allegations of Paragraph 58 of the FAC state a legal conclusion as to which no response is required, but to the extent a response is required, Defendant denies the allegations of Paragraph 58.

59. The allegations of Paragraph 59 of the FAC state legal conclusions to which no response is required, but to the extent a response to the allegations is required, Defendant admits that Plaintiffs accurately quote a portion of 15 U.S.C. § 3005. Except as expressly admitted, Defendant denies the allegations of Paragraph 59 of the FAC.

60. The allegations of Paragraph 60 of the FAC state legal conclusions to which no response is required, but to the extent a response to the allegations is required, 15 U.S.C. § 3006 speaks for itself. Except as expressly admitted, Defendant denies the allegations of Paragraph 60 of the FAC.

61. The allegations of Paragraph 61 of the FAC state a legal conclusion as to which no response is required, but to the extent a response is required, Defendant

denies the allegations of Paragraph 61 of the FAC.

## SECOND CLAIM FOR RELIEF – AGAINST ALL DEFENDANTS
### (Violation of California *Business & Professions Code* §§ 17200, *et seq.*)

62. Defendant restates and incorporates by reference its responses to the allegations in Paragraphs 1 through 61 of the FAC.

63. The allegations of Paragraph 63 of the FAC state a legal conclusion to which no response is required, but to the extent a response to the allegations is required, Defendant admits that Plaintiffs accurately quote a portion of California Business & Professions Code § 17200. Except as expressly admitted, Defendant denies the allegations of Paragraph 63 of the FAC.

64. The allegations of Paragraph 64 of the FAC state legal conclusions to which no response is required, but to the extent a response to the allegations is required, Defendant denies the allegations of Paragraph 64 of the FAC.

65. The allegations of Paragraph 65 of the FAC state legal conclusions to which no response is required, but to the extent a response to the allegations is required, Defendant admits that Plaintiffs accurately quote a portion of California Business & Professions Code § 17203. Except as expressly admitted, Defendant denies the allegations of Paragraph 65 of the FAC.

66. The allegations of Paragraph 66 of the FAC state legal conclusions to which no response is required, but to the extent a response to the allegations is required, Defendant admits that Plaintiffs accurately quote a portion of California Business & Professions Code § 17203. Except as expressly admitted, Defendant denies the allegations of Paragraph 66 of the FAC.

67. The allegations of Paragraph 67 of the FAC state a legal conclusion as to which no response is required, but to the extent a response is required, Defendant denies the allegations of Paragraph 67 of the FAC.

## RESPONSE TO PLAINTIFFS' PRAYER FOR RELIEF

Defendant denies that Plaintiffs are entitled to any of the relief requested in the Prayer for Relief contained in the FAC, or to any relief whatsoever, and further denies that Plaintiffs have been injured or damaged in any amount whatsoever, or at all, by any act or omission of Defendant.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof that it would not otherwise bear, Defendant asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

1. The FAC, and each purported claim for relief alleged in it, fails to state a claim for relief against Defendant.

## SECOND AFFIRMATIVE DEFENSE

(Failure to Plead Claims With Required Specificity)

2. The FAC, as well as each and every alleged claim for relief therein, is barred in whole or in part because Plaintiffs failed to allege facts with the requisite accuracy and specificity to state a cause of action against Defendant.

## THIRD AFFIRMATIVE DEFENSE

(Statute of Limitations)

3. To the extent any of the conduct complained of occurred outside the applicable limitations period, Plaintiffs' FAC and any purported claims for relief alleged therein are barred, in whole or in part, by the applicable statutes of limitations.

## FOURTH AFFIRMATIVE DEFENSE

(Laches)

4. Plaintiffs' FAC and any purported claims for relief alleged therein are barred, in whole or in part, by the doctrine of laches in that Plaintiffs unreasonably delayed in taking action and asserting their rights, and that such delay substantially

prejudiced Defendant or the alleged conduct was acquiesced to by Plaintiffs.

## FIFTH AFFIRMATIVE DEFENSE

(No Standing)

5. The FAC is barred because Plaintiffs have no standing to assert the purported claims for relief therein, because (a) Plaintiffs lack Article III standing, and (b) Plaintiffs lack standing to sue under California Business & Professions Code Sections 17200 *et seq.* because they have not suffered an injury in fact and a loss of money or property.

## SIXTH AFFIRMATIVE DEFENSE

(No Damages)

6. The FAC is barred because Plaintiffs have no right to the amounts sought in the FAC and/or have suffered no injury as a result of Defendant's actions.

## SEVENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

7. Plaintiffs, in the exercise of reasonable diligence, could have mitigated the alleged monetary and other damages to themselves, but Plaintiffs failed to exercise reasonable diligence and have not mitigated such alleged damages.

## EIGHTH AFFIRMATIVE DEFENSE

(Good Faith)

8. Any and all actions taken by Defendant were fair and reasonable and were performed in good faith based on all relevant facts known to Defendant at the time.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## NINTH AFFIRMATIVE DEFENSE

(Waiver)

9. The FAC, and each claim for relief alleged therein, is barred because Plaintiffs, by reason of their own conduct and actions, have waived any right to assert their claims for relief.

## TENTH AFFIRMATIVE DEFENSE

(Estoppel)

10. The FAC is barred by the equitable doctrine of estoppel, based on Plaintiffs' own conduct and actions.

## ELEVENTH AFFIRMATIVE DEFENSE

(Unclean Hands)

11. The FAC is barred by the doctrine of unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

(Proximate Causation)

12. Plaintiffs cannot prove any facts showing that Defendant's conduct was the proximate cause of the losses incurred, if any, and the damages sought in the FAC, which are denied.

## THIRTEENTH AFFIRMATIVE DEFENSE

(No Attorneys' Fees)

13. To the extent Plaintiffs seeks an award of attorneys' fees or costs, the FAC fails to state facts sufficient to support such an award.

## FOURTEENTH AFFIRMATIVE DEFENSE

(No Restitution Or Disgorgement Under Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*)

14. To the extent Plaintiffs seeks an award of restitution or disgorgement of profits under their Second Cause of Action, such awards are unavailable as a matter of law.

/ / /

## FIFTEENTH AFFIRMATIVE DEFENSE

(Plaintiffs Lack Standing to Seek Injunctive Relief Under Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*.)

15. Plaintiffs lack standing to seek injunctive relief under California Business & Professions Code Sections 17200 *et seq*. because they have no ongoing contractual or other relationship with Defendant and, therefore, are not personally threatened by the misconduct alleged.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Justified Fair Competition)

16. Although Defendant does not admit to engaging in any wrongful conduct alleged by Plaintiffs, to the extent any conduct by Defendant could be construed as relating to matters alleged in the FAC, that conduct was not and is not unfair within the meaning of California Business & Professions Code Sections 17200 *et seq*., and is justified by legitimate business and competitive reasons.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Lawful Conduct)

17. Although Defendant does not admit to engaging in any unlawful conduct alleged by Plaintiffs, to the extent any conduct by Defendant could be construed as relating to matters alleged in the FAC, that conduct was not and is not unlawful.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Conduct Not Unlawful)

18. The FAC and alleged causes of action, and each of them, are barred because Defendant's practices as alleged are not "unlawful" within the meaning of California Business & Professions Code Sections 17200 or 17500.

## NINETEENTH AFFIRMATIVE DEFENSE

(Injunctive Relief Discretionary)

19. Even if Plaintiff could establish the elements of the violation of the

unfair competition law, in light of all the relevant considerations, the Court can and should exercise its discretion and decline to award injunctive relief.

### TWENTIETH AFFIRMATIVE DEFENSE

20. The FAC does not describe the claims or facts with sufficient particularity to permit Defendant to ascertain what other defenses may exist. Defendant may rely on any and all further affirmative defenses that become available or appear during discovery in this action. Defendant reserves its right to amend this Answer for the purpose of asserting such additional defenses.

### PRAYER FOR RELIEF

WHEREFORE, Defendant prays that Plaintiffs take nothing by the FAC and this Court enter judgment:

1. Dismissing the FAC in its entirety with prejudice;
2. Awarding Defendant its attorneys' fees and costs in this action; and
3. For any other relief this Court may deem just and proper.

Dated: May 31, 2016

MANATT, PHELPS & PHILLIPS, LLP
Matthew P. Kanny
Arunabha Bhoumik
Maura K. Gierl

By: s/ Matthew P. Kanny
Matthew P. Kanny
*Attorneys for Defendant*
HORSE RACING LABS, LLC

317073678.1