MATTHEW P. KANNY (State Bar No. 167118)
E-mail: mkanny@manatt.com
MAURA K. GIERL (State Bar No. 287430)
E-mail: mgierl@manatt.com
MANATT, PHELPS & PHILLIPS, LLP
11355 West Olympic Boulevard
Los Angeles, California 90064-1614
Tel.: (310) 312-4000; Fax: (310) 312-4224

ARUNABHA BHOUMIK (*pro hac vice*)
E-mail: abhoumik@manatt.com
MANATT, PHELPS & PHILLIPS, LLP
7 Times Square
New York, New York 10036
Tel.: (212) 790-4500; Fax: (212) 790-7575

*Attorneys for Defendant*
HORSE RACING LABS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOS ANGELES TURF CLUB, INCORPORATED, a California Corporation, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>HORSE RACING LABS, LLC, a Delaware Limited Liability Company (a/k/a IMMERSE, LLC), d/b/a DERBYWARS, and DOES 1 through 10, inclusive,<br><br>Defendants. | No. 2:15-cv-09332-SJO (JEMx)<br><br>Honorable S. James Otero<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c)**<br><br>Hearing Date: August 1, 2016<br>Hearing Time: 10:00 a.m.<br><br>Complaint Served: December 3, 2015<br>Am. Complaint Served: May 16, 2016 |

I. **INTRODUCTION**

Plaintiffs do not dispute that the IHA does not provide a private right of action to recover proceeds of purportedly unlawful gambling. In their First Amended Complaint, Plaintiffs repeatedly accuse Derby Wars of illegal conduct.[1] Plaintiffs now do an about-face, brazenly arguing in their Opposition that they are not accusing Derby Wars of criminal activity. (Dkt. No. 38 ("Opp.") at 1:23-2:19.) And even in so arguing, Plaintiffs state that Derby Wars is indeed violating California Penal Code § 337a because Derby Wars is not licensed in California to take wagers. (Opp. 6:25-7:19.) Further, realizing that their allegations of criminal conduct preclude their IHA claim, Plaintiffs seek leave to file yet another (futile) amended complaint, sheepishly claiming that their incendiary allegations are merely unnecessary surplusage. (Opp. 1:28-2:2.) Because Plaintiffs clearly allege that Derby Wars's contests are illegal wagers, they cannot recover under the IHA. The Court should dismiss Plaintiffs' IHA claim on this basis alone.

Plaintiffs' UCL claim fares no better. Plaintiffs do not dispute that if the IHA claim fails, then the Court should decline to exercise jurisdiction over Plaintiff's state law UCL claim. Further, Plaintiffs still have not alleged any loss of money or property that would provide them standing to assert a UCL claim. While Plaintiffs now assert an entitlement to fees under California's Horse Racing Law, that statute is inapplicable here because it only regulates parimutuel wagering. Finally, courts have expressly rejected Plaintiffs' attempts to seek nonrestitutionary disgorgement. This Court should dismiss Plaintiffs' UCL claim.

/ / /
/ / /
/ / /
/ / /

---

[1] As discussed in Section II.A., *infra*, Derby Wars maintains that its contests do not constitute wagering at all under federal and state law.

## II. ARGUMENT

### A. Plaintiffs Do Not Deny That the IHA Precludes Recovery of Proceeds of Criminal Activity

Plaintiffs do not (and cannot) deny that the IHA precludes recovery of proceeds from illegal gambling. Because Plaintiffs clearly allege that Derby Wars's contests violate criminal statutes, Plaintiffs cannot recover under the IHA. Plaintiffs' arguments to the contrary are unavailing.

First, Plaintiffs bizarrely argue that they are not alleging that Derby Wars is violating criminal statutes, only civil statutes. (Opp. 1:23-2:19.) Wrong. Plaintiffs allege that Derby Wars is violating 18 U.S.C. § 1955. (Am. Compl. ¶¶ 48, 64.) Plaintiffs further allege that Derby Wars is violating California Penal Code § 337a because Derby Wars does not have a license to conduct any wagering on horse racing in California (leaving aside whether Derby Wars has the consent of particular horse race tracks to take wagers on particular races). (See Am. Compl. ¶¶ 27, 28; Opp. 6:25-7:19.) Moreover, in their original Complaint, Plaintiffs asserted – based on the same factual allegations – that Derby Wars was a RICO enterprise (though Plaintiffs dropped their private RICO claim after the Court ruled that Plaintiffs lack standing to assert such a claim).

Second, Plaintiffs argue that if they are not permitted to recover, the IHA "would become meaningless." (Opp. 11:9-10.) Wrong again. The IHA allows horse racing associations to recover where a "licensed parimutuel wagering operation" of one state takes wagers on races in other states without the consent of the race tracks hosting those races. See H.R. Rep. No. 94-1366, at 5 (July 26, 1976); see also S. Rep. No. 95-554, at 1 (Oct. 27 (legislative day, Oct. 21), 1977) (noting that recovery is limited to "wager[s] accepted by a licensed parimutuel wagering operation"). The statute is inapplicable where a purported wager is taken by an unlicensed wagering operation. Because Plaintiffs concede that Derby Wars

does not have a license to take wagers (*see* Am. Compl. ¶¶ 27, 33, 36), if Derby Wars's contests are considered wagers, then Plaintiffs cannot recover under the IHA.

<u>Third</u>, Plaintiffs argue that to dismiss the IHA claim, the Court would need to find that Derby Wars is taking illegal bets. (Opp. 4:16-5:1.) Yet again, wrong. Though the record before the Court is insufficient to rule on this issue, Derby Wars's contests do not constitute wagering at all under federal and state law, including under the fantasy sports exception to the Unlawful Internet Gambling Enforcement Act of 2006. *See* 31 U.S.C. § 5326(ix).

But the Court need not decide whether Derby Wars's contests are illegal wagers. Plaintiffs allege that Derby Wars's contests are wagers and violate federal and state criminal laws because Derby Wars is not licensed to take any wagers; thus, based on Plaintiffs' allegations, the IHA does not apply. Moreover, if the contests are not wagers, the IHA still does not apply because the IHA only applies to wagers. Either way, Plaintiffs cannot recover.

<u>Fourth</u>, the Court should deny Plaintiffs' request for leave to amend because amendment would be futile.[2] *See Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). Even if Plaintiffs remove the references to criminal laws in their pleading, they must still allege purported criminal conduct because (i) to recover under the IHA, Plaintiffs must allege that Derby Wars's contests are wagers, and (ii) Derby Wars is not licensed in any state to take wagers. (Am. Compl. ¶¶ 2, 33, 36.) Thus, Plaintiffs cannot recover under the IHA.

Further, courts should only grant leave to amend where "the deficiencies [in the complaint] can be cured with additional allegations <u>that are 'consistent with the challenged pleading' and that do not contradict the allegations in the original complaint</u>." *United States ex rel. Lee v. Corinthian Colls.*, 655 F.3d 984, 995 (9th

---

[2] Plaintiffs have not moved to amend under FRCP 15, nor have they met and conferred with Derby Wars under Local Rule 7-3.

Cir. 2011) (quoting *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296-97 (9th Cir. 1990)) (emphasis added). Here, Plaintiffs have alleged that Derby Wars is not licensed to take wagers and is thus allowing illegal wagering on its website. (Am. Compl. ¶¶ 27, 28, 48, 64; Opp. 6:25-7:19.) These allegations preclude recovery under the IHA. Plaintiffs may not cure this deficiency by making contradictory allegations in a new pleading.

### B. Plaintiffs' UCL Claim Fails

Plaintiffs' UCL claim also should be dismissed for three distinct reasons.

First, if the Court dismisses Plaintiffs' IHA claim, it should decline to exercise supplemental jurisdiction over Plaintiffs' UCL claim. (Mot. 9:16-11:2.) Plaintiffs do not dispute this; thus, Plaintiffs' UCL claim should be dismissed.

Second, Plaintiffs have not adequately alleged that they suffered an economic injury, and thus do not have standing to sue under the UCL. (Mot. 11:3-14:18.) As noted already, Plaintiffs are not entitled to fees under the IHA because that statute only allows recovery for wagers accepted by licensed entities.

In addition, Plaintiffs now argue that they are entitled to fees under the California Horse Racing Law ("HRL"). (Opp. 14:20-15:1.) But the HRL regulates only "parimutuel wagering on horse races." Cal. Bus. & Prof. Code § 19401 (emphasis added). Parimutuel wagering is defined as wagering where "the association distributes the total wagers comprising each pool, less the amounts retained for purposes specified in this chapter, to winning bettors based on the official race results." *Id.* § 19411. In other words, in parimutuel wagering the pool varies depending on the number of players. Plaintiffs allege that Derby Wars's contests are not parimutuel wagering: they have a fixed prize pool, a maximum number of entries, and grant fixed cash prizes. (Am. Compl. ¶¶ 43, 44.) Thus, the HRL does not apply, and Plaintiffs are not entitled to fees under that statute.

Plaintiffs also may not rely on any purported diversion of customers to show injury. Plaintiffs now state that they "do not allege that their damages stem from

Derby Wars' diversion of customers" (Opp. 14:18-19), and admit that such allegations are "superfluous" in the Amended Complaint. (*Id.* 15:28-16:2.) In any event, their allegations are insufficient for the reasons stated in Derby Wars's opening papers.

Third, Plaintiffs are not entitled to restitution or disgorgement of profits. Plaintiffs again cite *Shersher v. Superior Court*, 154 Cal. App. 4th 1491 (2007), for the proposition that they should be entitled to disgorgement. But in that case, the plaintiff sought return of its own money. *See id.* at 1494. Here, Plaintiffs do not, and cannot, seek a return of their own money because Derby Wars did not obtain any money from Plaintiffs. *Colgan v. Leatherman Tool Grp., Inc.*, 135 Cal. App. 4th 663 (2006), is similarly inapposite because none of Derby Wars's profits can be traced back to Plaintiffs. Finally, Plaintiffs cite to *Meister v. Mensinger*, 230 Cal. App. 4th 381 (2014), for the proposition that disgorgement operates to remedy unjust enrichment. But *Meister* specifically referred to this type of disgorgement as "nonrestitutionary disgorgement." *Id.* at 398. And it is well-established that plaintiffs many not seek nonrestitutionary disgorgement through the UCL. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (2003).

For each of these reasons, Plaintiffs' UCL claim fails and the Court should enter judgment in favor of Derby Wars.

Dated: July 18, 2016

Respectfully submitted,

MANATT, PHELPS & PHILLIPS, LLP
Matthew P. Kanny
Arunabha Bhoumik
Maura K. Gierl

By: /s/ Matthew P. Kanny
Matthew P. Kanny
*Attorneys for Defendant*
HORSE RACING LABS, LLC