UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

| | |
|---|---|
| **CASE NO.:** CV 15-09332 SJO (JEMx) | **DATE:** August 3, 2016 |
| **TITLE:** Los Angeles Turf Club, et al. v. Horse Racing Labs, LLC | |

========================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                                   Not Present
Courtroom Clerk                                    Court Reporter

**COUNSEL PRESENT FOR PLAINTIFFS:**        **COUNSEL PRESENT FOR DEFENDANT:**

Not Present                                        Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT HORSE RACING LAB, LLC'S MOTION FOR JUDGMENT ON THE PLEADINGS** [Docket No. 37]

This matter is before the Court on Defendant Horse Racing Labs, LLC's ("Defendant" or "Horse Racing Labs") Motion for Judgment on the Pleadings ("Motion") against Plaintiffs Los Angeles Turf Club and others ("Plaintiffs"), filed June 29, 2016. Plaintiffs opposed the Motion on July 11, 2016 ("Opposition"), and Defendant replied on July 18, 2016 ("Reply"). The Court found this matter suitable for disposition without oral argument and vacated the hearing set for August 1, 2016. *See* Fed. R. Civ. P. 78(b). For the following reasons, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's Motion for Judgment on the Pleadings.

I.    FACTUAL AND PROCEDURAL BACKGROUND

      A.    Plaintiffs' Allegations

Plaintiffs allege the following in their First Amended Complaint ("FAC"). Plaintiffs are businesses that oversee horse racing events in California, Florida, Oregon, Maryland, and Kentucky. (*See* FAC ¶¶ 1-3, ECF No. 31.) Defendant Horse Racing Labs, LLC, also known as Immerse, LLC, is a limited liability company doing business as DerbyWars, with its principle place of business in Kentucky. (FAC ¶ 11.)

DerbyWars is a website that allows users to participate in skill-based online horse racing fantasy contests. (Mot. 1, ECF No. 37.) The contests have a fixed entry fee, a fixed prize, and a maximum number of participant entries. (Mot. 1.) The participants are awarded points based on how the horses collectively perform over a series of different races, and the participant with the most points wins the fixed prize. (Mot. 1.) Plaintiffs allege that Horse Racing Labs is operating an illegal gambling website because its "contests" are within the definition of a "bet" or "wager" under the Unlawful Internet Gambling Enforcement Act of 2006 (the "UIGEA"), 31 U.S.C. § 5362. (*See* FAC ¶¶ 13-15).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

**CASE NO.:** <u>CV 15-09332 SJO (JEMx)</u>     **DATE:** <u>August 3, 2016</u>

Because horse racing and wagering are both heavily regulated industries at the state and federal levels, these activities are subject to strict requirements for legal betting on horse racing. (FAC ¶¶ 15, 17.) For example, the Interstate Horseracing Act ("IHA") governs horse racing and wagering. Under the IHA, off-track wagering, wagers placed at a location other than the race track where the race is actually conducted, requires consents and licenses from groups, including host racing associations, such as Plaintiffs, and licensing agencies, such as the California Horse Racing Board. (FAC ¶ 17.) Without obtaining proper consents and licenses, a third party business cannot legally accept wagers on horse races. (FAC ¶ 18.)

Plaintiffs contend that Defendant is operating an illegal gambling enterprise because Defendant did not pay the legally required fees, including the Host Fee and Source Market Fee (together, "Fees"). (FAC ¶ 18.) A Host Fee is a percentage of the "handle" or amount of wagers placed on a race or races, and a Source Market Fee is a fee required for any legal bet placed by a resident of the racing association's home state on a race run in any state. (FAC ¶ 18.) Additionally, Defendant purportedly failed to abide by the California *Business & Professions Code* § 19604, which requires an online provider, like DerbyWars, to obtain a license from the California Horse Racing Board and have a valid contract with racing associations, such as Plaintiffs. (FAC ¶ 19.) At the present time, there are only five companies that can legally offer online wagering in California, and DerbyWars is not one of them. (*See* FAC ¶ 20.)

   B.   <u>Prior Proceedings</u>

Plaintiffs first filed the Complaint on December 2, 2015, alleging four causes of action: (1) Violation of the IHA; (2) Violation of the Racketeering Influence and Corruption Act ("RICO"); (3) Violation of California Business & Professions Code Sections 17200, *et seq.*; and (4) Intentional Interference with Prospective Economic Advantage. (Compl. 1; ECF No. 1.) Defendant subsequently filed a motion to dismiss or alternatively strike the second and fourth causes of action in Plaintiffs' Complaint. The Court granted the motion to dismiss, holding that Plaintiffs had not alleged sufficient facts to establish causation under RICO or to establish that Defendant intentionally interfered with prospective business advantage. (*See generally* Order Granting Defendant's Motion to Dismiss ("Order"), ECF No. 30.)

Plaintiffs subsequently filed the FAC, alleging two causes of action: (1) violation of the IHA, 15 U.S.C. § 3001, *et seq.* and (2) violation of California Business and Professions Code Sections 17200, *et seq.* on May 16, 2016. Defendant filed an Answer on May 31, 2016. Defendant filed the instant Motion on June 29, 2016.

///
///
///
///

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

**CASE NO.:** <u>CV 15-09332 SJO (JEMx)</u>    **DATE:** <u>August 3, 2016</u>

II. <u>DISCUSSION</u>

    A. <u>Legal Standard</u>

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c) ("Rule 12(c)"). "The principal difference between motions filed pursuant to [Federal Rule of Civil Procedure] 12(b) and Rule 12(c) is the time of filing. Because the motions are functionally identical, the same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog." *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). In considering a motion for judgment on the pleadings, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Buckey v. Cnty. of L.A.*, 968 F.2d 791, 794 (9th Cir. 1992) (citation omitted). A complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Gibson v. United States*, 781 F.2d 1334, 1337 (9th Cir. 1986) (citation omitted). Judgment on the pleadings is proper when "there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

    B. <u>Instant Motion</u>

Defendant seek judgment on the pleadings based on the following four arguments: (1) Plaintiffs lack a private right of action under the IHA; (2) this Court lacks jurisdiction over Plaintiffs' UCL claim; (3) even if this Court had jurisdiction over the UCL claim, the UCL claim fails on the merits because Plaintiffs have not established that Horse Racing Labs' fantasy contests have caused them to lose money or property; and (4) Plaintiffs are not entitled to restitution as a remedy for the purported violation of the UCL. (*See generally* Mot.) The Court addresses each of these arguments in turn, and holds that although the FAC establishes a valid cause of action under the IHA and the UCL, Plaintiffs cannot claim restitution as a remedy.

    B. <u>Private Right of Action under IHA</u>

Defendant Horse Racing Labs argues that Plaintiffs have forfeited the opportunity to contend that Defendant violated the IHA because Plaintiffs' FAC claims that Defendant is engaging in an "illegal gambling activity." According to Defendant, the IHA does not regulate illegal activity; the statute only applies civil liability to otherwise lawful gambling activity that does not comply with state law. (Mot. 2, 5.)

The Court disagrees with Defendant's argument. Although Plaintiffs' FAC could have been more artfully crafted to omit the word "unlawful," Plaintiffs do make out a cause of action for violation of the IHA. When it comes to gambling, state and federal law distinguish between the following activities: (1) lawful gambling that complies with state and federal law, (2) unlawful gambling that

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.: <u>CV 15-09332 SJO (JEMx)</u>          DATE: <u>August 3, 2016</u>

incurs **criminal** liability, *see* Cal. Penal Code § 337a, and (3) unlawful gambling that incurs **civil** liability, including compensatory damages. Plaintiffs' allegations fall into the third category. According to Plaintiffs, Horse Racing Labs' actions are unlawful because it has not complied with the IHA, which, alongside state law, requires Horse Racing Labs to register with, obtain licenses from, and pay fees to host racing institutions prior to operating a business that bets on horse races that take place at these institutions. See 15 U.S.C. § 3002(3); (*see also* FAC ¶ 15.) If Plaintiffs show that Horse Racing Labs did not comply with IHA requirements, then Defendant would be subject to civil liability. Accordingly, Plaintiffs FAC sets out a valid cause of action for violation of the IHA.

The Court next addresses whether Plaintiffs have alleged sufficient facts in the FAC to establish standing under the IHA. 15 U.S.C. § 3006 provides that "[t]he host State, the host racing association, or the horsemen's group may commence a civil action against any person alleged to be in violation of this chapter, for injunctive relief to restrain violations and for damages in accordance with section 3005 of this title." The allegations in the FAC establish that Plaintiffs are "host racing associations" that have suffered an injury, having been deprived of Fees from Horse Racing Labs to which they would otherwise be entitled. Therefore, Defendant is not entitled to judgment on the pleadings based on Plaintiffs' purported lack of standing. This conclusion is in line with the decisions of other courts. *See Sterling Suffolk Racecourse Ltd. P'ship v. Burrillville Racing Ass'n, Inc.*, 802 F. Supp. 662, 664 (D.R.I. 1992), *aff'd*, 989 F.2d 1266 (1st Cir. 1993) (plaintiff, who operated horse races at Suffolk Downs track, had standing under the IHA); *New Suffolk Downs Corp. v. Rockingham Venture, Inc.*, 656 F. Supp. 1190, 1191 (D.N.H. 1987) (plaintiff, who operated horse races at a track in Massachusetts, had standing under the IHA).

The Court **DENIES** Defendant's Motion as to Plaintiffs' IHA cause of action.

    C.    <u>UCL Claim</u>[1]

The Court next analyzes Plaintiffs' UCL cause of action. "To bring a UCL claim, a plaintiff must show either an (1) 'unlawful, unfair, or fraudulent business act or practice,' or (2) 'unfair, deceptive, untrue or misleading advertising.'" *Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1043 (9th Cir. 2003) (quoting Cal. Bus. & Prof. Code § 17200). Plaintiffs' UCL claim is premised on Defendant's underlying violation of the IHA. Accordingly, because the IHA cause of action survives the instant Motion, the UCL cause of action survives as well.

---

[1] The Court exercises supplemental jurisdiction over the UCL claim because it relates to the federal IHA claim. *See* 28 U.S.C. § 1367.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

| | |
|---|---|
| CASE NO.: CV 15-09332 SJO (JEMx) | DATE: August 3, 2016 |

Defendant's argument that Plaintiffs lack standing to bring the UCL claim is unavailing. In the FAC, Plaintiffs contend that they are not receiving Fees that they otherwise would be entitled to because Horse Racing Labs is operating an unlawful gambling enterprise, an unfair business practice under California Business and Professions Code Section 17200. Assuming Plaintiffs' allegations are true, as is required on a motion for judgment on the pleadings, Plaintiffs are currently losing money as a result of Defendant's failure to comply with state laws regulating gambling on horse races. *See Clayworth v. Pfizer, Inc.*, 233 P.3d 1066, 1087 (Cal. 2010) ("While the voters clearly intended to restrict UCL standing, they just as plainly preserved standing for those who **had** had business dealings with a defendant and had lost money or property as a result of the defendant's unfair business practices.") This is sufficient to establish standing under the UCL. The Court **DENIES** Defendant's Motion as to the UCL cause of action.

  D.  Restitution

The Court finally addresses Defendant's argument that Plaintiffs cannot claim restitution from Defendant as a remedy for the UCL claim. The Court agrees with Defendant's argument on this ground and **GRANTS** Defendant's Motion as to the disgorgement damages claimed by Plaintiffs.

As a general matter, "[i]ndividuals' remedies under the UCL are restricted to injunctive relief and restitution. A plaintiff may recover lost money in the form of restitution under the UCL, but not damages." *Asghari v. Volkswagen Grp. of Am., Inc.*, 42 F. Supp. 3d 1306, 1324 (C.D. Cal. 2013). Here, Plaintiffs claim both an injunction and restitution as a result of Horse Racing Labs' conduct. The latter remedy, however, is just a claim for compensatory damages disguised as restitution. With restitution, a defendant must return something that the defendant wrongfully received instead of a plaintiff. In the instant case, Plaintiffs have not alleged facts showing that Defendant obtained funds rightfully belonging to Plaintiffs. *See Asghari*, 42 F. Supp. 3d at 1324. Defendant allegedly damaged Plaintiffs by not complying with laws requiring that Defendant pay Plaintiffs Fees. Plaintiffs can claim compensatory damages equal to these Fees, as Plaintiffs do in the IHA cause of action.

The Court **GRANTS** Defendant's Motion as to the disgorgement remedy. Plaintiffs are only permitted to claim an injunction as a remedy for the purported UCL violations committed by Defendant.

III.  RULING

The Court **GRANTS IN PART AND DENIES IN PART** Defendant's Motion for Judgment on the Pleadings.

IT IS SO ORDERED.