MATTHEW P. KANNY (State Bar No. 167118)
E-mail: mkanny@manatt.com
MAURA K. GIERL (State Bar No. 287430)
E-mail: mgierl@manatt.com
MANATT, PHELPS & PHILLIPS, LLP
11355 West Olympic Boulevard
Los Angeles, California 90064-1614
Tel.: (310) 312-4000; Fax: (310) 312-4224

ARUNABHA BHOUMIK (pro hac vice)
E-mail: abhoumik@manatt.com
MANATT, PHELPS & PHILLIPS, LLP
7 Times Square
New York, New York 10036
Tel.: (212) 790-4500; Fax: (212) 790-7575

*Attorneys for Defendant*
HORSE RACING LABS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOS ANGELES TURF CLUB, INCORPORATED, a California Corporation, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> HORSE RACING LABS, LLC, a Delaware Limited Liability Company (a/k/a IMMERSE, LLC), d/b/a DERBYWARS, and DOES 1 through 10, inclusive, <br><br> Defendants. | No. 2:15-cv-09332-SJO (JEMx) <br><br> **DISCOVERY MATTER** <br><br> Hon. John E. McDermott <br> Courtroom C <br><br> [PROPOSED] **STIPULATED AMENDED PROTECTIVE ORDER** <br><br> Date Filed:           December 3, 2015 <br> Discovery Cutoff:   March 27, 2017 <br> Final Pretrial Conf.: June 19, 2017 <br> Trial Date:           June 27, 2017 |

## STIPULATED PROTECTIVE ORDER

Defendant Horse Racing Labs, LLC, doing business as Derby Wars ("Derby Wars"), and Plaintiffs Los Angeles Turf Club, Inc., Los Angeles Turf Club II, Inc., Pacific Racing Association, Pacific Racing Association II, Gulfstream Park Racing Association, Inc., Oregon Racing Inc., Maryland Jockey Club of Baltimore City, Inc., and Laurel Racing Association, Inc.'s (collectively, "Plaintiffs") (together with Derby Wars, the "Parties"), by and through their respective counsel of record, hereby stipulate and agree to amend the Stipulated Protective Order entered by the Court on November 17, 2016. (Docket No. 48) Specifically, the Parties stipulate to amend the Protective Order to include protections for highly confidential documents as follows:

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are anticipated to involve the production of confidential, proprietary, or private information, including trade secrets and confidential financial information, for which special protection from disclosure to the public and from the use for any purpose other than the prosecution and defense of this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosure or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

2. **DEFINITIONS**

2.1 <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, and outside counsel (and their support staff).

2.2 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in

1  disclosures or responses to discovery in this matter.

2      2.3   "Confidential" Information or Items: information (regardless of how

3  generated, stored or maintained) or tangible things that qualify for protection under

4  standards developed under Federal Rules of Civil Procedure Rule 26(c).

5      2.4   Receiving Party: a Party that receives Disclosure or Discovery

6  Material from a Producing Party.

7      2.5   Producing Party: a Party or non-party that produces Disclosure or

8  Discovery Material in this action.

9      2.6   Designating Party: a Party or non-party that designates information or

10 items that it produces in disclosures or in responses to discovery as "Confidential"

11 or "Highly Confidential."

12     2.7   Outside Counsel: attorneys who are not employees of a Party but who

13 are retained to represent or advise a Party in this action.

14     2.8   House Counsel: attorneys who are employees of a Party.

15     2.9   Counsel (without qualifier): Outside Counsel and House Counsel (as

16 well as their support staffs).

17     2.10  Expert: a person with specialized knowledge or experience in a matter

18 pertinent to the litigation who has been retained by a Party or its counsel to serve as

19 an expert witness or as a consultant in this action, and who is not a past or a current

20 employee of a Party or of a competitor of a Party and who, at the time of retention,

21 is not anticipated to become an employee of a Party or a competitor of a Party.

22 This definition includes a professional jury or trial consultant retained in connection

23 with this litigation.

24     2.11  "HIGHLY CONFIDENTIAL" Information or Items: information

25 (regardless of how it is generated, stored or maintained) or tangible things that

26 qualify for protection under Federal Rule of Civil Procedure 26(c), and the

27 Disclosure of which the Designating Party believes in good faith would create a

28 substantial risk of financial, competitive, or other injury that cannot be avoided by

less restrictive means. Because some of the discovery sought may include sensitive information from which the Parties or other third parties could obtain a competitive advantage, and to minimize the risk of an inadvertent disclosure of such documents, the Parties agree that the ability to designate documents as "Highly Confidential" is appropriate in this case.

2.12 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

2.13 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to this Stipulation and Order.

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material. The protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

4. DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court Order otherwise directs.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), will expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, then that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., the second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the

legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" (hereinafter, the "CONFIDENTIAL legend") at the top of each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate CONFIDENTIAL legend at the top of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins)

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identifies on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specifies any portions of the testimony that qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL". When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought. Only those portions of the testimony

that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

(c) <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or items is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL". If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL".

5.3 <u>Inadvertent Failures to Designate</u>. If corrected within a reasonable time, a Producing Party does not waive the right to designate material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by inadvertently failing to designate it as such before producing the same to the Receiving Party. After being notified of the inadvertent failure, the Receiving Party must take reasonable steps to retrieve the information if the party disclosed it before being notified, and to have any person who received the material sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality

1  designation by electing not to mount a challenge promptly after the original
2  designation is disclosed.
3      6.2   Meet and Confer. A Party that elects to initiate a challenge to a
4  Designating Party's confidentiality designation must do so in good faith and must
5  begin the process by conferring directly (as required by Local Rule 37-1), with
6  counsel for the Designating Party. In conferring, the challenging Party must
7  explain the basis for its belief that the confidentiality designation was not proper
8  and must give the Designating Party an opportunity to review the designated
9  material, to reconsider the circumstances, and, if no change in designation is
10 offered, to explain the basis for the chosen designation.
11     6.3   Judicial Intervention. A Party that elects to press a challenge to a
12 confidentiality designation after considering the justification offered by the
13 Designating Party may file and serve a motion, under seal, under Local Rule 37-1,
14 et seq. that identifies the challenged material and sets forth in detail the basis for the
15 challenge.
16     The burden of persuasion in any such challenge proceeding shall be on the
17 Designating Party. Until the Court rules on the challenge, all parties shall continue
18 to afford the material in question the level of protection to which it is entitled under
19 the Producing Party's designation.
20 7.   ACCESS TO AND USE OF PROTECTED MATERIAL
21     7.1   Basic Principles. A Receiving Party may use Protected Material that is
22 disclosed or produced by another Party or by a non-party in connection with this
23 case only for prosecuting, defending, or attempting to settle this litigation. Such
24 Protected Material may be disclosed only to categories of persons and under the
25 conditions described in this Order. When the litigation has been terminated, a
26 Receiving Party must comply with the provisions of section 11, below (FINAL
27 DISPOSITION).
28

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(h) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions

  7.3 <u>Disclosure of "HIGHLY CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

  (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

  (b) House Counsel of the Receiving Party or any employee of the Receiving Party to whom disclosure is reasonably necessary for this Action; provided however, "HIGHLY CONFIDENTIAL" Information or Items designated by a Designating Party shall not be made available to House Counsel or any employee of any other Receiving Party without express written permission from the Designating Party;

  (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

  (d) the Court and its personnel;

  (e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

  (f) during their depositions, trial, or hearing, any witness who previously has had access to the "HIGHLY CONFIDENTIAL" Information or Items, or who is currently an officer, director, partner, member, employee, or agent of an entity that has access to the "HIGHLY CONFIDENTIAL" Information or Items. To the extent a Party believes that a witness who did not previously have access to such Information or Items should nevertheless be shown such Information

or Items at a deposition or at trial, then the Designating Party shall consider in good faith whether the designation may be changed to a "CONFIDENTIAL" designation for that limited purpose. Nothing herein shall be construed as requiring Designating Parties to agree to provide access or to prevent the Receiving Party from seeking relief from the Court to allow for the limited access described above;

  (g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

  (h) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

8.  <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>.

  If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL", the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

  The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

  The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an

opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached here as Exhibit A.

10. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding.

11. FILING PROTECTED MATERIAL.

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the

1  public record in this action any Protected Material. A Party that seeks to file under
2  seal any Protected Material must comply with Local Rule 79-5.
3  11.  FINAL DISPOSITION.
4      Unless otherwise ordered or agreed in writing by the Producing Party, within
5  sixty days after the final termination of this action, each Receiving Party must
6  either return all Protected Material to the Producing Party, or destroy all such
7  Protected Material. As used in this subdivision, "all Protected Material" includes
8  all copies, abstracts, compilations, summaries or any other form of reproducing or
9  capturing any of the Protected Material. Whether the Protected Material is returned
10 or destroyed, the Receiving Party must submit a written certification to the
11 Producing Party (and, if not the same person or entity, to the Designating Party) by
12 the sixty day deadline that identifies (by category, where appropriate) all the
13 Protected Material that was returned or destroyed and that affirms that the
14 Receiving Party has not retained any copies, abstracts, compilations, summaries or
15 other forms of reproducing or capturing any of the Protected Material.
16 Notwithstanding this provision, Counsel are entitled to retain an archival copy of all
17 pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney
18 work product, even if such materials contain Protected Material. Any such archival
19 copies that contain or constitute Protected Materials remain subject to this
20 Protective Order as set forth in Section 4 (DURATION), above.
21 12.  MISCELLANEOUS.
22    12.1. Right to Further Relief. Nothing in this Order abridges the right of any
23 person to seek its modification by the Court in the future.
24    12.2  Right to Assert Other Objections. By stipulating to the entry of this
25 Protective Order no Party waives any right it otherwise would have to object to
26 disclosing or producing any information or item on any ground not addressed in
27 this Stipulated Protective Order. Similarly, no Party waives any right to object on
28 any ground to use in evidence of any of the material covered by this Protective

Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: December 8, 2016

MANATT, PHELPS & PHILLIPS, LLP
Matthew P. Kanny
Arunabha Bhoumik
Maura K. Gierl

By: /s/ Maura K. Gierl
Maura K. Gierl
*Attorneys for Defendant*
HORSE RACING LABS, LLC

Dated: December 8, 2016

CORBETT, STEELMAN & SPECTER
Richard B. Specter
Diane L. Ellis

By: /s/ Richard B. Specter
Richard B. Specter
*Attorneys for Plaintiffs*
LOS ANGELES TURF CLUB, INC.;
LOS ANGELES TURF CLUB II, INC.; PACIFIC RACING ASSOCIATION; PACIFIC RACING ASSOCIATION II; GULFSTREAM PARK RACING ASSOCIATION, INC.; OREGON RACING INC.; MARYLAND JOCKEY CLUB OF BALTIMORE CITY, INC. and LAUREL RACING ASSOCIATION, INC.

## LOCAL RULE 5-4.3.4(a)(2)(i) CERTIFICATION

The filer of this document attests that all other signatories listed above on whose behalf this filing is submitted concur in the filing's content and have authorized the filing.

1  FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

3  DATED: December 09, 2016          *John E. McDermott*

   Hon. John E. McDermott
   United States District Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ [date] in the case of *Los Angeles Turf Club, Inc., et al. v. Horse Racing Labs, LLC*, Case No. 2:15-cv-09332-SJO (JEMx).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

318011373.1