MATTHEW P. KANNY (State Bar No. 167118)
E-mail: mkanny@manatt.com
MAURA K. GIERL (State Bar No. 287430)
E-mail: mgierl@manatt.com
MANATT, PHELPS & PHILLIPS, LLP
11355 West Olympic Boulevard
Los Angeles, California 90064-1614
Tel.: (310) 312-4000; Fax: (310) 312-4224

ARUNABHA BHOUMIK (*pro hac vice*)
E-mail: abhoumik@manatt.com
MANATT, PHELPS & PHILLIPS, LLP
7 Times Square
New York, New York 10036
Tel.: (212) 790-4500; Fax: (212) 790-7575

*Attorneys for Defendant*
HORSE RACING LABS, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOS ANGELES TURF CLUB, INCORPORATED, a California Corporation, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>HORSE RACING LABS, LLC, a Delaware Limited Liability Company (a/k/a IMMERSE, LLC), d/b/a DERBY WARS, and DOES 1 through 10, inclusive,<br><br>Defendants. | No. 2:15-cv-09332-SJO (JEMx)<br><br>Honorable S. James Otero<br>Courtroom No. 10C<br><br>**DEFENDANT HORSE RACING LABS, LLC'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Hearing Date:　April 24, 2017<br>Hearing Time:　10:00 a.m.<br><br>FAC Filed:　May 16, 2016<br>Fact Discovery Cutoff:　March 27, 2017<br>Expert Discovery Cutoff: April 10, 2017<br>Final Pretrial Conf.:　June 19, 2017<br>Trial Date:　June 27, 2017 |

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT HORSE RACING LABS, LLC'S
STATEMENT OF GENUINE DISPUTES OF
MATERIAL FACT

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56-2, Defendant Horse Racing Labs, LLC ("Derby Wars") respectfully submits the following Statement of Genuine Disputes of Material Fact in response to Plaintiffs Los Angeles Turf Club, Inc., Los Angeles Turf Club II, Inc., Pacific Racing Association, Pacific Racing Association II, Gulfstream Park Racing Association, Inc., Oregon Racing Inc., Maryland Jockey Club of Baltimore City, Inc., and Laurel Racing Association, Inc.'s ("Plaintiffs") Separate Statement of Uncontroverted Material Facts and Conclusions of Law in support of their Motion for Partial Summary Judgment.

# I.  GENUINE DISPUTES OF MATERIAL FACT

**"ISSUE 1:  The contests offered by Defendant Horse Racing Labs, LLC, on its Derby Wars website are wagers under the Interstate Horseracing Act of 1978, 15 U.S.C. §§ 3001, et seq. (the "IHA")."**[1]

| PLAINTIFFS' ALLEGEDLY UNCONTROVERTED FACTS AND ALLEGED SUPPORTING EVIDENCE | DW RESPONSE |
| --- | --- |
| 1. Horse Racing Labs, LLC ("HRL") is a Delaware limited liability company, doing business in Louisville, Kentucky.<br><br>Deposition of Mark Midland, attached to the Declaration of Richard B. Specter, as Exhibit "A," ("Midland Depo"), 16:19-17:11; Answer to First Amended | UNDISPUTED. |

---

[1] Derby Wars incorporates the "Issue" heading scheme implemented by Plaintiffs. However, in restating Plaintiffs' language in quotation marks, DW in no way admits the substance of Plaintiffs' contentions and, in fact, directly objects to and denies them.

Manatt, Phelps & Phillips, LLP
Attorneys At Law
Los Angeles

DEFENDANT HORSE RACING LABS, LLC'S
STATEMENT OF GENUINE DISPUTES OF
MATERIAL FACT

| PLAINTIFFS' ALLEGEDLY UNCONTROVERTED FACTS AND ALLEGED SUPPORTING EVIDENCE | DW RESPONSE |
| --- | --- |
| Complaint, (Docket No. 34), ¶ 11. | |
| 2. Since 2009, HRL has operated HorseRacingNation.com.<br><br>Midland Depo., 44:7-10; 45:11-14. | UNDISPUTED. |
| 3. HorseRacingNation.com is a website for horseracing.<br><br>Midland Depo., 45:15-19. | DISPUTED in part. HorseRacingNation is a free online community that has stories, blogs, pictures and news about horse racing; it is a "fan site" for horse racing. (Declaration of Matthew P. Kanny in Support of Defendant Horse Racing Labs, LLC's Motion for Summary Judgment (Docket No. 63) ("Kanny Decl.") ¶ 3, Ex. B) ("Midland Dep.") at 45:15-19; Declaration of Mark Midland in Support of Defendant Horse Racing Labs, LLC's Motion for Summary Judgment (Docket No. 63-2) ("Midland Decl.") ¶ 6.) |
| 4. In October, 2011, HRL launched the DerbyWars.com website.<br><br>Midland Depo., 72:3-5. | UNDISPUTED. |
| 5. Defendant operates out of an office | UNDISPUTED that Derby Wars' office |

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

| PLAINTIFFS' ALLEGEDLY UNCONTROVERTED FACTS AND ALLEGED SUPPORTING EVIDENCE | DW RESPONSE |
|---|---|
| building in Kentucky.<br><br>Midland Depo., 16:19-17:11; 161:7-12. | is located in Louisville, Kentucky. |
| 6. Defendant offers contests in which players from across the country (including players in California, Florida, Maryland and Oregon), pay entry fees interstate (to Kentucky) in order to wager on races run at race tracks, including those operated by Plaintiffs.<br><br>Midland Depo., 166:9-167:4; 180:12-181:24. | DISPUTED.  Derby Wars' fantasy contests do not involve "wagers."  In Derby Wars' pay-to-play fantasy contests, a player pays a fixed entry fee for the opportunity to compete in the contest, and the player who earns the most points in the contest can win a predetermined prize; thus, Derby Wars' fantasy contest are not "wagers." (Midland Dep. at 69:14-19, 72:3-74:25, 192:17-193:14; Midland Decl. ¶¶ 12-16.)  In addition, Derby Wars also offers free fantasy horse racing contests; thus, a player who plays a free contest is not required to pay an entry fee to play.  (Midland Decl. ¶ 10.)  Further, Derby Wars consistently reviews statutory and regulatory requirements to ensure compliance with all laws.  (Declaration of Mark Midland filed in support of Derby Wars' Opposition to Plaintiffs' Motion for |

| PLAINTIFFS' ALLEGEDLY UNCONTROVERTED FACTS AND ALLEGED SUPPORTING EVIDENCE | DW RESPONSE |
|---|---|
| | Partial Summary Judgment ("Opp. Midland Decl.") ¶ 12; Midland Dep. at 465:9-466:18.)  Because of certain restrictions in some states, Derby Wars does not allow players from those states to participate in its pay-to-play fantasy contests.  (Opp. Midland Decl. ¶¶ 12-13.)  Thus, Derby Wars does not allow players from all fifty (50) states to play its games, as Plaintiffs suggest. |
| 7. The first page of Defendant's Derby Wars' website (www.derbywars.com) proclaims:<br><br>**"Horse Racing Handicapping Contests"**<br>**"Play for free or real money"**<br>**"Pick a horse in each race"**<br>**"Over $20-million paid out in winnings!"**<br><br>Declaration of Diane L. Ellis ("Ellis Dec."), ¶ 4. | DISPUTED in part.  Derby Wars admits that the derbywars.com website included the cited text but denies Plaintiffs' characterization or that the words referenced are the only statements made on the first page of the website.  DISPUTED also because it is immaterial, lacks foundation and is otherwise objectionable.  *See* Derby Wars Objections to Plaintiffs' Evidence ("DW's Evidentiary Objections"). |
| 8. To participate in the contests, a player must first create an account with Defendant and deposit funds to the | DISPUTED in part.  Players must create an account, but players can play certain of Derby Wars' contests for free |

| PLAINTIFFS' ALLEGEDLY UNCONTROVERTED FACTS AND ALLEGED SUPPORTING EVIDENCE | DW RESPONSE |
|---|---|
| account.<br><br>Midland Depo., 168:4-19. | without making a deposit.  (Opp. Midland Decl. ¶ 13; Midland Dep. at 74:2-7; 278:2-9; 309:17-20.) |
| 9. Defendant maintains players' funds in a bank account consisting only of players' funds, and when the player enters a contest, his account is deducted by the amount of the wager (the "entry fee").<br><br>Deposition of Michael R. Shutty, attached to the Declaration of Richard B. Specter as Exhibit "B," ("Shutty Depo."), 112:16-113:24; Midland Depo., 168:17-23; 327:15-23. | DISPUTED.  Derby Wars' fantasy contests do not involve "wagers."  In Derby Wars' pay-to-play fantasy contests, a player pays a fixed entry fee for the opportunity to compete in the contest, and the player who earns the most points in the contest can win a predetermined prize; thus, Derby Wars' fantasy contests are not "wagers." (Midland Dep. at 69:14-19, 72:3-74:25, 192:17-193:14; Midland Decl. ¶¶ 12-16.)  Further, Derby Wars does not maintain players' funds in a "bank account," but rather, each player sets up a contest account, from which the fixed entry fees are drawn.  (Midland Dep. at 167:5-168:10; Opp. Midland Decl. ¶ 15.) |
| 10. If the player eventually wins his wager (the "prize"), his Derby Wars account is credited with his winnings. The player can thereafter request a | DISPUTED.  Derby Wars' fantasy contests do not involve "wagers." Derby Wars' contests involve paying a fixed entry fee for the opportunity to |

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

5

DEFENDANT HORSE RACING LABS, LLC'S
STATEMENT OF GENUINE DISPUTES OF
MATERIAL FACT

| PLAINTIFFS' ALLEGEDLY UNCONTROVERTED FACTS AND ALLEGED SUPPORTING EVIDENCE | DW RESPONSE |
|---|---|
| withdrawal from his account, in which case a check is sent to him from the Derby Wars account.<br><br>Midland Depo., 330:10-331:21. | compete in a contest, and the player who earns the most points can win a predetermined prize; thus, Derby Wars' fantasy contests are not "wagers." (Midland Dep. at 69:14-19, 72:3-74:25, 192:17-193:14; Midland Decl. ¶¶ 12-16.)  Further, the predetermined prize that players compete to win in a contest may include different prizes depending on the finish in the contest.  (Opp. Midland Decl. ¶¶ 16, 18.)  If a player scores the most points and wins the contest, the player can win points, entries into future contests or cash prizes, all of which are added to the players' account.  (Opp. Midland Decl. ¶ 18.)  For cash prizes, players can also request a check withdrawal.  (Midland Dep. at 169:19-170:4; Opp. Midland Decl. ¶ 18.) |
| 11. Defendant does not hold a license to conduct wagering on horse racing in California, Florida, Maryland or Oregon.<br><br>Midland Depo., 229:9-24; 406:21-23. | DISPUTED in part.  Derby Wars does not dispute that it does not hold a license to conduct parimutuel wagering on horse races.  However, Derby Wars disputes that a license is needed as it |

| PLAINTIFFS' ALLEGEDLY UNCONTROVERTED FACTS AND ALLEGED SUPPORTING EVIDENCE | DW RESPONSE |
|---|---|
| | does not participate in parimutuel or any other kind of wagering and does not accept bets or wagers of any kind. (Opp. Midland Decl. ¶ 10; Midland Dep. at 192:17-193:14.) |
| 12. Defendant touts its contests as allowing players to "win real money," and the players do win real money.<br><br>Ellis Dec., ¶ 4; and Midland Depo., 181:22-24. | DISPUTED in part.  Derby Wars disputes the characterization that it "touts" that players can win cash prizes.  Derby Wars does state on its website that contest players can "win real money" in Derby Wars' contests.  (Opp. Midland Decl. ¶ 13.)  In Derby Wars' contests, players compete to win a variety of predetermined prizes, which include points, entries into future contests, and cash prizes.  In addition, in certain states, based on those states' laws, players can only play free games and cannot "win real money."  (Opp. Midland Decl. ¶¶ 12, 13; Midland Dep. at 486:10-487:19.) |
| 13. Defendant primarily offers contests that are "head-to-head".<br><br>Ellis Dec., ¶ 6. | DISPUTED.  The majority of Derby Wars' contests involves three or more players; indeed, some contests involve as many as 500 players.  (Opp. Midland |

DEFENDANT HORSE RACING LABS, LLC'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| PLAINTIFFS' ALLEGEDLY UNCONTROVERTED FACTS AND ALLEGED SUPPORTING EVIDENCE | DW RESPONSE |
|---|---|
| | Decl. ¶ 22; Declaration of Matthew P. Kanny in support of Derby Wars' Opposition to Plaintiffs' Motion for Partial Summary Judgment ("Opp. Kanny Decl.), ¶ 2, Ex. A ("Opp. Midland Dep.") at 151:9-15.)  Further, the fact that a contest may be a head-to-head contest versus a multi-player contest does not mean such contests are "wagers" under the IHA.  All of Derby Wars' contests involve players paying a fixed entry fee for the opportunity to compete for a predetermined prize. (Midland Decl. ¶¶ 12-16.)  Further, all of the games were designed to maximize the skill involved in the contests and all are games of skill, where skill predominates over chance – including Derby Wars' head-to-head contests.  (Midland Decl. ¶¶ 11, 22; Kanny Decl. ¶ 6, Ex. E ("Heeb Report"), ¶¶ 10, 13-17, 21-22; Opp. Kanny Decl. ¶ 3, Ex. A ("Opp. Excerpts of Heeb Report") Fig. 5, ¶ 97.)  Further, other contest sites – including Horse |

| PLAINTIFFS' ALLEGEDLY UNCONTROVERTED FACTS AND ALLEGED SUPPORTING EVIDENCE | DW RESPONSE |
|---|---|
| | Tourneys and Bet America – also offer head-to-head contests as part of their fantasy games.  (Opp. Midland Decl. ¶¶ 28-31.)  For example, on March 31, 2017, Horse Tourneys advertised numerous head-to-head tournaments, including head-to-head contests using Plaintiffs' tracks with fixed entry fees of up to $795 for a cash prizes of up to $1,500.  (Opp. Midland Decl. ¶ 28.)  DISPUTED also because it is immaterial, lacks foundation and is otherwise objectionable. *See* DW's Evidentiary Objections. |
| 14. In these contests, two players pay an entry fee for a fixed prize.  Midland Depo., 129:11-13. | DISPUTED in part.  Plaintiffs' characterization of Derby Wars' fantasy contests is inaccurate.  In all of Derby Wars' pay-to-play (as opposed to free) contests, whether head-to-head or multi-player, players pay a fixed entry fee for the opportunity to compete against other players in the fantasy contests, and the players who scores the most points wins a predetermined prize. (Midland Decl. ¶¶ 12-16; Opp. Midland |

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

9

DEFENDANT HORSE RACING LABS, LLC'S
STATEMENT OF GENUINE DISPUTES OF
MATERIAL FACT

| PLAINTIFFS' ALLEGEDLY UNCONTROVERTED FACTS AND ALLEGED SUPPORTING EVIDENCE | DW RESPONSE |
|---|---|
| | Decl. ¶¶ 16-18 .) |
| 15. As an example, for a $40 prize, two players each pay a $22 entry fee to compete with each other.<br><br>Ellis Dec., ¶ 6. | UNDISPUTED.  Derby Wars offers many fantasy contests where players compete for a predetermined prize, each such contest has a fixed entry fee, a maximum number of players, and a predetermined prize.  (Midland Decl. ¶¶ 12-16.)  Moreover, on March 31, 2017, Horse Tourneys advertised several head-to-head contests with entry fees of $22 and prizes of $40.  (Opp. Midland Decl. ¶ 28.)  DISPUTED also because it is immaterial, lacks foundation and is otherwise objectionable.  *See* DW's Evidentiary Objections. |
| 16. The remaining $4 is the "take out" or "rake" retained by Defendant.<br><br>Midland Depo., 220:13-22; 233:6-10. | DISPUTED.  The predetermined prize that is paid to the winning player does not come from the entry fees paid by the participants in a particular contest, and there is no set "rake" or "take-out" in any of Derby Wars' fantasy contests. (Midland Decl. ¶¶ 16-17; Opp. Midland Decl. ¶¶ 19-20.)  As part of the contest, Derby Wars agrees to pay the predetermined prize, without regard to |

| PLAINTIFFS' ALLEGEDLY UNCONTROVERTED FACTS AND ALLEGED SUPPORTING EVIDENCE | DW RESPONSE |
|---|---|
| | whether Derby Wars makes money on the contest.  (Midland Decl. ¶¶ 16-17.)  Derby Wars offers thousands of fantasy contests in a given year, and in many of those contests, Derby Wars can and does lose money, because (among other reasons) the contest may not fill to capacity (i.e., there are less players than the maximum).  (Midland Decl. ¶¶ 16-17; Kanny Decl. ¶ 2, Ex. B ("Daruty Dep.") at 94:8-95:8; Opp. Midland Decl. ¶ 20.)  For example, Derby Wars is currently advertising a fantasy contest with a predetermined fixed prize of $1,000, a fixed entry fee of $25, and a minimum number of players of 20; thus, Derby Wars could lose up to $500 on this contest alone.  (Opp. Midland Decl. ¶ 20.)  In addition, in some games, including in head-to-head contests such as the one referenced here, a credit card payment may not go through, or a customer may have a customer service issue that results in the entry fee being refunded.  Thus, there is |

Manatt, Phelps & Phillips, LLP
Attorneys At Law
Los Angeles

DEFENDANT HORSE RACING LABS, LLC'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| PLAINTIFFS' ALLEGEDLY UNCONTROVERTED FACTS AND ALLEGED SUPPORTING EVIDENCE | DW RESPONSE |
|---|---|
| | no guarantee that Derby Wars will make any money in any of its contests; nonetheless, Derby Wars guarantees to pay the predetermined prize for each contest even if it loses money. (Opp. Midland Decl. ¶ 20; Midland Dep. at 91:11-92:24; 435:16-23.) Thus, there is no "take-out" or "rake" "retained" by Derby Wars. |
| 17. Defendant offers head-to-head contests with the prize up to $1,500, with $799 entry fees.<br><br>Ellis Dec., ¶ 5. | DISPUTED in part. Derby Wars admits this is one of dozens of different fantast contests it offers. However, it offers many other types of contests as well. Moreover, other fantasy sports contest sites – including Horse Tourneys and Bet America – offer contests with similar fixed entry fees and prizes. For example, on March 31, 2017, Horse Tourneys advertised numerous head-to-head tournaments, including head-to-head contests using Plaintiffs' tracks with fixed entry fees of up to $795 for cash prizes of up to $1,500. (Opp. Midland Decl. ¶ 28.) DISPUTED also because it is |

| PLAINTIFFS' ALLEGEDLY UNCONTROVERTED FACTS AND ALLEGED SUPPORTING EVIDENCE | DW RESPONSE |
|---|---|
| | immaterial, lacks foundation and is otherwise objectionable.  *See* DW's Evidentiary Objections. |
| 18. Depending upon the contest, the players must select horses in 6 to 10 different races running at various race tracks, including Plaintiffs' tracks.<br><br>Ellis Dec., ¶ 5. | DISPUTED.  Derby Wars' fantasy contests usually have a minimum of six contest races and can have a maximum of up to fifteen contest races.  (Midland Decl. ¶ 10; Opp. Midland Decl. ¶ 23.)  Further, a player in a Derby Wars' fantasy contest is not required to select a horse in all of the races.  (Opp. Midland Decl. ¶ 23.)  In addition, Derby Wars' fantasy contests include contest races at various race tracks, including Plaintiffs' race tracks, but contests races at Plaintiffs' tracks comprise less than 25% of the total contests in a given year.  (Midland Decl. ¶¶ 10, 24.)  DISPUTED also because it lacks foundation and is otherwise objectionable.  *See* DW's Evidentiary Objections. |
| 19. In the contests, "the scores are calculated according to the actual payouts at actual race tracks", and are | DISPUTED.  Contest point scores are calculated based on a combination of actual payouts at actual race tracks, as |

DEFENDANT HORSE RACING LABS, LLC'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| PLAINTIFFS' ALLEGEDLY UNCONTROVERTED FACTS AND ALLEGED SUPPORTING EVIDENCE | DW RESPONSE |
|---|---|
| based upon the actual payoff amounts on real horse races at real race tracks, including Plaintiffs' tracks.<br><br>Ellis Dec., ¶ 8; and Midland Depo., 180:16-181:21. | well as proprietary adjustments set by Derby Wars to create maximum point scores.  (Midland Decl. ¶ 11.)  The proprietary adjustments were designed to increase the skill required to win the contest and to lessen the impact of any "luck" in selecting a long shot winner of a particular race.  (Midland Decl. ¶ 11.)  The winner of a contest is the player with the highest aggregate total point score for all of the contest races, and the winning score is not based on the results of any given race, and is not based on the single performance of any horse in a single race.  (Midland Decl. ¶¶ 11-12; Opp. Midland Decl. ¶ 17.) |
| 20. The scores are calculated in dollars.<br><br>Midland Depo., 136:9-10; 156:4-6. | DISPUTED.  The fantasy contests are scored in "points" or in "mythical dollars" which have no value other than creating a ranking on a leaderboard for the contests in progress.  (Midland Dep. at 134:6-135:20; Midland Decl. ¶ 11.) |
| 21. The player with the biggest bankroll (the most winnings) at the end of the contest, wins the "prize." | DISPUTED.  The player with the most points at the end of the contest will score in first place on the leaderboard |

DEFENDANT HORSE RACING LABS, LLC'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| PLAINTIFFS' ALLEGEDLY UNCONTROVERTED FACTS AND ALLEGED SUPPORTING EVIDENCE | DW RESPONSE |
|---|---|
| Midland Depo., 180:12-22. | and win the first-place prize.  (Midland Dep. at 175:11-176:10, 180:12-14; Midland Decl. ¶ 12; Opp. Midland Decl. ¶ 18.)  The winning score is not based on the results of any given race, and is not based on the single performance of any horse in a single race.  (Midland Decl. ¶¶ 11-12; Opp. Midland Decl. ¶ 17.)  DISPUTED also because the "fact" mischaracterizes Mr. Midland's testimony. |
| 22. In a "lockdown" contest, all selections must be made before the post time of the first race.<br><br>Midland Depo., 132:20-25; 211:1-4; Ellis Dec., ¶ 9. | DISPUTED in part.  In a "lockdown" contest, players may make selections up until the Derby Wars clock counts down to 0:00, which is typically between 30 and 60 seconds before the first race of the contest starts.  (Midland Decl. ¶ 20; Opp. Midland Decl. ¶ 25; Midland Dep. at 132:23-25.) |
| 23. In an "open" contest, called a "bullet" contest on the Derby Wars Website, the players must select a horse in each race no later than one minute before post time of that race. | DISPUTED in part.  In an "open" contest, players may make selections for each race up until the time when the Derby Wars clock counts down to 0:00, typically between 30 and 60 seconds before the race starts. (Midland Decl. ¶ |

| PLAINTIFFS' ALLEGEDLY UNCONTROVERTED FACTS AND ALLEGED SUPPORTING EVIDENCE | DW RESPONSE |
|---|---|
| Midland Depo., 133:1-8.; Ellis Dec., ¶ | 19; Opp. Midland Decl. ¶ 26; Midland Dep. at 133:1-8.) |
| 24. Defendant also offers "high stakes" contests for up to $300,000, with a $2,200 entry fee.<br><br>Ellis Dec., ¶ 7. | DISPUTED in part.  Derby Wars admits this is one of dozens of different fantast contests it offers.  However, it offers many other types of contests as well.  Moreover, other fantasy sports contest sites – including Horse Tourneys and Bet America – offer contests with similar fixed entry fees and prizes.  (Opp. Midland Decl. ¶¶ 28-34.)  DISPUTED also because it lacks foundation and is otherwise objectionable.  *See* DW's Evidentiary Objections. |
| 25. Derby Wars offers about 150 contests per day on average.<br><br>Midland Depo., 131:17-22. | DISPUTED in part.  Derby Wars admits that it offers, on average, about 150 contests each day.  However, other fantasy contest sites also offers hundreds of contests, on average, a day.  For example, on March 31, 2017, Horse Tourneys offered 182 contests on its website.  (Opp. Midland Decl. ¶ 29.) DISPUTED also because the "fact" is immaterial. |

Manatt, Phelps & Phillips, LLP
Attorneys At Law
Los Angeles

DEFENDANT HORSE RACING LABS, LLC'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| PLAINTIFFS' ALLEGEDLY UNCONTROVERTED FACTS AND ALLEGED SUPPORTING EVIDENCE | DW RESPONSE |
|---|---|
| 26. In agreements with third parties, Defendant even refers to its players as "bettors."<br><br>Ellis Dec., ¶ 10; Exhibit 6, p. 2, "Exhibit 5;" Ellis Dec., ¶ 11, Exhibit 7, p. 2, "Exhibit 5;", Ellis Dec., ¶12, Exhibit 8, p. 2, "Exhibit 5." | DISPUTED.  Mr. Midland testified at deposition that the term "bettors," as used in these agreements, referred to simulcast customers of the race tracks, which did not and does not apply to Derby Wars or its customers.  (Midland Dep. at 241:4-244:2.)  Mr. Midland also testified that the use of the term "bettors" was mistakenly included in these agreements, as these agreements (which are not in dispute in this case) were revised from sample agreements given to Derby Wars by Hawthorne Race Course.  (Midland Dep. at 241:4-244:2.)  DISPUTED also because it lacks foundation and is otherwise objectionable.  *See* DW's Evidentiary Objections. |
| 27. A player is awarded points on the same basis as if he had placed a $2 bet at the racetrack, subject to adjustment for maximum payouts.<br><br>Midland Depo., 134:6-135:5. | DISPUTED.  Players in Derby Wars' contests are awarded points according to the actual track payouts of the sum of a $2 win and a $2 place mythical wager, or a $2 win, $2 place and a $2 show mythical wager, depending on the contest, subject to Derby Wars' |

| PLAINTIFFS' ALLEGEDLY UNCONTROVERTED FACTS AND ALLEGED SUPPORTING EVIDENCE | DW RESPONSE |
|---|---|
| | proprietary adjustments for maximum point scoring in any one category. (Midland Dep. at 134:6-135:20; Midland Decl. ¶ 11; Opp. Midland Decl. ¶ 17.)  The proprietary adjustments are designed to increase the skill required to win the contest and to lessen the impact of any "luck" in selecting a long shot winner in a particular race.  (Midland Decl. ¶ 11.)  Further, unlike parimutuel wagering, Derby Wars' fantasy contests involve multiple contest races (six to fifteen, depending on the contest) to accumulate a point score, and involve contest strategies that are unique and different from parimutuel wagering on a single horse race.  (Opp. Midland Decl. ¶ 14; Heeb Report ¶¶ 18, 20.) |
| 28. For instance, if a horse would pay $6.40, the player is awarded 6.40 points.  Midland Depo., 135:18-136:10. | DISPUTED.  For this example to be valid, it would have to be either that the contestant selected: (a) a horse that finished third and was awarded 6.40 points for show, (b) a horse that won and was awarded a combination of 2.20 |

| PLAINTIFFS' ALLEGEDLY UNCONTROVERTED FACTS AND ALLEGED SUPPORTING EVIDENCE | DW RESPONSE |
|---|---|
| | to win, 2.10 to place and 2.10 to show, or (c) a horse that finished second and was awarded the exact combination needed to reach exactly 6.4 points from a combination of (i) between 4.30 and 2.10 points to place and (ii) between 2.10 and 4.30 points to show.  (Opp. Midland Decl. ¶ 17.)  Also, Plaintiffs' hypothetical does not address situations where Derby Wars' proprietary adjustments would be triggered; in that case, the player would be awarded fewer points than the mythical payout at a track.  (Midland Decl. ¶ 11.)  DISPUTED also because it is an incomplete hypothetical. |
| 29. Derby Wars uses "points or dollars interchangeably."  Midland Depo., 136:6-10. | DISPUTED.  The leaderboard in Derby Wars' contests is based on points earned in contest races.  The points allocated to each player are based on one point per mythical dollar awarded in the contest, which has no value other than scoring the contest.  (Midland Dep. at 134:6-135:20; Midland Decl. ¶¶ 11, 15.)  DISPUTED also because it |

| PLAINTIFFS' ALLEGEDLY UNCONTROVERTED FACTS AND ALLEGED SUPPORTING EVIDENCE | DW RESPONSE |
|---|---|
| | mischaracterizes Mr. Midland's testimony. |
| 30. The player has no influence over the actual results of the horse race; at the time when the player enters a contest, it is uncertain as to which horse will win the race.<br><br>Midland Depo., 177:21-178:8. | DISPUTED in part.  A contest player does have influence over the results of the fantasy contest.  Derby Wars' contests involve intra-game and contest strategies that are unique to Derby Wars' fantasy contests and are not present in parimutuel wagering.  (Heeb Report ¶¶ 10-22, 31; Midland Decl. ¶ 22; Opp. Midland Decl. ¶ 14.)  For example, Derby Wars' contests involve the skill of adjusting selections during the game to take best advantage of the relative probabilities of winning; evaluating opponents to determine their tendencies and relative weaknesses; and anticipating the overall slate of races to predict a winning score.  (Heeb Report ¶¶ 14-16, 32-35.)  Moreover, while the outcome of a given race may be affected in part by chance, players in Derby Wars' contests with superior skill consistently outperform less skillful players.  (Heeb Report ¶¶ 17- |

| PLAINTIFFS' ALLEGEDLY UNCONTROVERTED FACTS AND ALLEGED SUPPORTING EVIDENCE | DW RESPONSE |
|---|---|
| | 19.)  Thus, a Derby Wars' contest player has influence over the outcome of the contests.  (Heeb Report ¶¶ 10-22; Opp. Midland Decl. ¶ 14.)  Further, the winner of a Derby Wars' fantasy contest is the player with the highest aggregate total point score for all of the contest races (six to fifteen races, depending on the contest), and the winning score is not based on the results of any given race, and is not based on the single performance of any horse in a single race.  (Midland Decl. ¶¶ 12-16; Opp. Midland Decl. ¶ 17; Heeb Report ¶¶ 10-22.)  Derby Wars does not dispute that a contest player has no influence over how the player's horse ultimately performs in a race. |
| 31. The winner of the contest will be determined by future events.<br><br>Midland Depo., 178:9-13. | DISPUTED in part.  A player who wins a Derby Wars' fantasy contest is determined by the skill with which the player plays the fantasy contest, which is dependent on a number of intra-game and contest strategies not present in traditional pari-mutuel wagering. |

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT HORSE RACING LABS, LLC'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| PLAINTIFFS' ALLEGEDLY UNCONTROVERTED FACTS AND ALLEGED SUPPORTING EVIDENCE | DW RESPONSE |
| --- | --- |
| | (Heeb Report ¶¶ 10-22, 31; Opp. Midland Decl. ¶ 14.)  For example, Derby Wars' contests involve the skill of adjusting selections during the game to take best advantage of the relative probabilities of winning; evaluating opponents to determine their tendencies and relative weaknesses; and anticipating the overall slate of races to predict a winning score.  (Heeb Report ¶¶ 14-16, 32-35.)  Moreover, while the outcome of a given race may be affected in part by chance, players in Derby Wars' contests with superior skill consistently outperforms less skillful players.  (Heeb Report ¶¶ 17-19.)  Further, the winner of a Derby Wars' fantasy contest is the player with the highest aggregate total point score for all of the contest races (six to fifteen races, depending on the contest), and the winning score is not based on the results of any given race, and is not based on the single performance of any horse in a single race.  (Midland Dep. at |

Manatt, Phelps & Phillips, LLP
Attorneys At Law
Los Angeles

22

DEFENDANT HORSE RACING LABS, LLC'S
STATEMENT OF GENUINE DISPUTES OF
MATERIAL FACT

| PLAINTIFFS' ALLEGEDLY UNCONTROVERTED FACTS AND ALLEGED SUPPORTING EVIDENCE | DW RESPONSE |
|---|---|
| | 21:12-22:8, 69:14-19, 130:11-131:4, 136:22-137:4, 138:9-139:20, 141:16-25. 198:7-199:14; Midland Decl. ¶¶ 11, 22; Opp. Midland Decl. ¶ 17.)  Winners will be determines from players that have made contest selections prior to the Derby Wars' clock countdown. Derby Wars does not dispute that a contest player has no influence over how the player's horse ultimately performs in a race.  DISPUTED also because it mischaracterizes Mr. Midland's testimony and is vague and ambiguous. |
| 32. Many of the races used in the contests take place at Plaintiffs' race tracks in California, Florida, Maryland and Oregon.<br><br>Midland Depo., 180:12-181:21. | DISPUTED.  Mr. Midland testified that only some of the contest races used in Derby Wars' contests included races at Plaintiffs' tracks.  (Midland Dep. at 180:12-181:21.)  Derby Wars' fantasy contest races at Plaintiffs' race tracks, comprise less than 25% of all contests in a given year.  (Midland Decl. ¶ 24.) DISPUTED also because it mischaracterizes Mr. Midland's testimony and is vague and ambiguous. |

| PLAINTIFFS' ALLEGEDLY UNCONTROVERTED FACTS AND ALLEGED SUPPORTING EVIDENCE | DW RESPONSE |
|---|---|
| 33. On March 16, 2017, in head-to-head contests alone, Defendant offered 24 contests using only races being run that same day at Plaintiff's Gulfstream Park.<br><br>Ellis Dec., ¶ 5. | DISPUTED that out of the 142 contests completed on March 16, 2017, 24 of them included head-to-head contests with races at Gulfstream. (Opp. Midland Decl. ¶ 35.) DISPUTED also because it is immaterial, lacks foundation, and is otherwise objectionable. *See* DW's Evidentiary Objections. |
| 34. The entry fees ranged from $11 to $799 per player, and the prizes ranged from $20 to $1500.<br><br>Ellis Dec., ¶ 5. | DISPUTED in part. The amount of the fixed entry fee and predetermined prize can vary from contest to contest. (Opp. Midland Decl. ¶ 24.) In addition, other fantasy sports contest sites – including Horse Tourneys and Bet America – offer contests with similar fixed entry fees and prizes. For example, on March 31, 2017, Horse Tourneys advertised numerous head-to-head tournaments, including head-to-head contests using Plaintiffs' tracks with fixed entry fees of up to $795 and for cash prizes of up to $1,500. (Opp. Midland Decl. ¶ 28.) DISPUTED also because it is immaterial, lacks foundation and is |

| PLAINTIFFS' ALLEGEDLY UNCONTROVERTED FACTS AND ALLEGED SUPPORTING EVIDENCE | DW RESPONSE |
|---|---|
| | otherwise objectionable. *See* DW's Evidentiary Objections. |
| 35. That same day, Defendant offered 26 head-to-head contests using only races being run that day at Plaintiffs Santa Anita Park Track.<br><br>Ellis Dec., ¶ 5. | DISPUTED. Out of the 142 contests completed on March 16, 2017, 12 of them included head-to-head contests with races at Santa Anita. (Opp. Midland Decl. ¶ 36.) DISPUTED also because it is immaterial, lacks foundation and is otherwise objectionable. *See* DW's Evidentiary Objections. |
| 36. The entry fees ranged from $11 to $799 per player, and the prizes ranged from $20 to $1500.<br><br>Ellis Dec., ¶ 5. | DISPUTED. The fixed entry fees and predetermined prize amounts listed for Derby Wars' fantasy contests using contest races at Santa Anita is not accurate. (Opp. Midland Decl. ¶ 36.) For example, fixed entry fees for head-to-head contests that used races at Santa Anita ranges from $11 to $430. Further, the amount of the fixed entry fee and predetermined prize can vary from contest to contest. (Opp. Midland Decl. ¶ 24.) Moreover, other fantasy sports contest sites – including Horse Tourneys and Bet America – offer |

| PLAINTIFFS' ALLEGEDLY UNCONTROVERTED FACTS AND ALLEGED SUPPORTING EVIDENCE | DW RESPONSE |
|---|---|
| | contests with similar fixed entry fees and prizes.  For example, on March 31, 2017, Horse Tourneys advertised numerous head-to-head tournaments, including head-to-head contests using Plaintiffs' tracks with fixed entry fees of up to $795 and for cash prizes of up to $1,500.  (Opp. Midland Decl. ¶ 28.) DISPUTED also because it is immaterial, lacks foundation and is otherwise objectionable.  *See* DW's Evidentiary Objections. |
| 37. On March 16, 2017, Defendant also offered 11 head-to-head contests using races run at two of Plaintiffs' race tracks - Santa Anita Park and Golden Gate Fields. <br><br> Ellis Dec., ¶ 5. | DISPUTED.  Out of the 142 contests completed on March 16, 2017, one of them included a head-to-head contest with races at Santa Anita and Golden Gate.  (Opp. Midland Decl. ¶ 37.) DISPUTED also because it is immaterial, lacks foundation and is otherwise objectionable.  *See* DW's Evidentiary Objections. |
| 38.  For these races, the entry fees ranged from $11 to $430 per player, and the prizes ranged from $20 to $800. | DISPUTED in part.  The amount of the fixed entry fee and predetermined prize can vary from contest to contest.  (Opp. Midland Decl. ¶ 24.)  Other fantasy |

| PLAINTIFFS' ALLEGEDLY UNCONTROVERTED FACTS AND ALLEGED SUPPORTING EVIDENCE | DW RESPONSE |
| --- | --- |
| Ellis Dec., ¶ 5. | sports contest sites – including Horse Tourneys and Bet America – offer contests with similar fixed entry fees and prizes.  For example, on March 31, 2017, Horse Tourneys advertised numerous head-to-head tournaments, including head-to-head contests using Plaintiffs' tracks with fixed entry fees of up to $795 for cash prizes of up to $1,500.  (Opp. Midland Decl. ¶ 28.)  DISPUTED also because it is immaterial, lacks foundation and is otherwise objectionable. *See* DW's Evidentiary Objections. |
| 39. The determination of the winner of Derby Wars' contests is based upon the outcome of future events (the races), and the player is not a participant in, and has no control over, this outcome.<br><br>Midland Depo., 211:5-17; Shutty Depo., 66:4-11. | DISPUTED in part.  A contest player does have influence over the results of the fantasy contest.  A player who wins a Derby Wars' contests is determined by the skill with which the player plays the fantasy contests, and is dependent on a number of intra-game and contest strategies not present in traditional pari-mutuel wagering.  (Heeb Report ¶¶ 10-22, 31; Opp. Midland Decl. ¶ 17.)  For example, Derby Wars' contests involve |

| PLAINTIFFS' ALLEGEDLY UNCONTROVERTED FACTS AND ALLEGED SUPPORTING EVIDENCE | DW RESPONSE |
|---|---|
| | the skill of adjusting selections during the game to take best advantage of the relative probabilities of winning; evaluating opponents to determine their tendencies and relative weaknesses; and anticipating the overall slate of races to predict a winning score.  (Heeb Report ¶¶ 14-16, 32-35.)  Moreover, while the outcome of a given race may be affected in part by chance, players in Derby Wars' contests with superior skill consistently outperform less skillful players.  (Heeb Report ¶¶ 17-19.)  Thus, a Derby Wars' contest player has influence over the outcome of the contest.  (Opp. Midland Decl. ¶ 14; Heeb Report ¶¶ 10-22.)  Further, the winner of a Derby Wars' fantasy contest is the player with the highest aggregate total point score for all of the contest races (six to fifteen races, depending on the contest), and the winning score is not based on the results of any given race, and is not based on the single performance of any |

| PLAINTIFFS' ALLEGEDLY UNCONTROVERTED FACTS AND ALLEGED SUPPORTING EVIDENCE | DW RESPONSE |
|---|---|
| | horse in a single race.  (Midland Dep. at 21:12-22:8, 69:14-19, 130:11-131:4, 136:22-137:4, 138:9-139:20, 141:16-25. 198:7-199:14; Midland Decl. ¶¶ 12-16; Opp. Midland Decl. ¶ 17; Heeb Report ¶¶ 10-22.)  Derby Wars does not dispute that a contest player has no influence over how the player's horse ultimately performs in a race. |
| 40. Unlike other sports, horseracing is almost exclusively funded by wagering.  Declaration of Scott J. Daruty ("Daruty Dec."), ¶¶ 8, 10 | DISPUTED.  In addition to wagering, revenues from horse racing also include attendance revenue, food and beverage revenues, fees for the transmission of television signals of the races, and television and sponsorship revenues. (Opp. Midland Decl. ¶ 42.) DISPUTED also because it is immaterial, lacks foundation and is otherwise objectionable.  *See* DW's Evidentiary Objections. |
| 41. The total amount wagered is the "handle."  Daruty Dec., ¶ 10. | DISPUTED in part.  Derby Wars disputes that the entry fees for its fantasy contests are "wagers" or that the total of such fees are appropriately referred to as "handle."  Derby Wars |

DEFENDANT HORSE RACING LABS, LLC'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| PLAINTIFFS' ALLEGEDLY UNCONTROVERTED FACTS AND ALLEGED SUPPORTING EVIDENCE | DW RESPONSE |
|---|---|
| | does not dispute that the total amount wagered on horse races through the parimutuel wagering system is referred to in the industry as "handle."  Under their licenses, Plaintiffs are only entitled to engage in parimutuel wagering at their tracks.  (Kanny Decl. ¶ 4, Ex. C ("Ritvo Dep.") at 52:6-55:23; Amended Declaration of Maura K. Gierl in Support of Defendant Horse Racing Labs, LLC's Motion for Summary Judgment ("Gierl Decl.")[2] ¶ 3, Ex. B ("Rogers Dep.") at 59:22-60:23; Daruty Dep. at 375:10-377:16, 382:11-388:4.) Plaintiffs have already admitted that Derby Wars' contests are non-parimutuel.  (Daruty Dep. at 439:5-441:16.)  The Pennsylvania Horse Racing Commission has also determined that Derby Wars' fantasy contests are not parimutuel wagering. |

[2]   Due to Plaintiffs' extensive de-designations of previously designated "confidential" information, and agreements between the parties relating to the public filing of other testimony and documents in support of DW's Opposition, DW has filed an *Amended* Declaration of Maura K. Gierl, which supersedes its March 20, 2017 Declaration of Maura K. Gierl, and attaches for filing on the public record the evidence, upon which DW relies in its Motion and Opposition, that is no longer "confidential."  (*See* Notice of Withdrawal filed concurrently herewith).

| PLAINTIFFS' ALLEGEDLY UNCONTROVERTED FACTS AND ALLEGED SUPPORTING EVIDENCE | DW RESPONSE |
|---|---|
| | (Opp. Midland Decl. ¶ 11, Ex. A.) DISPUTED also because it is immaterial, lacks foundation and is otherwise objectionable. *See* DW's Evidentiary Objections. |
| 42. By law, approximately eighty percent of the handle is returned to the patrons who placed winning wagers. Daruty Dec., ¶ 10. | DISPUTED in part.  Derby Wars disputes that the entry fees for its fantasy contests are "wagers" or that the total of such fees are appropriately referred to as "handle."  Derby Wars does not dispute that approximately eighty percent of the parimutuel handle is returned to those who place pari-mutuel wagers on horse races.  Under their licenses, Plaintiffs are only entitled to engage in parimutuel wagering at their tracks.  (Ritvo Dep. at 52:6-55:23; Rogers Dep.  at 59:22-60:23; Daruty Dep. at 375:10-377:16, 382:11-388:4.) Plaintiffs have already admitted that Derby Wars' contests are non-parimutuel.  (Daruty Dep. at 439:5-441:16.)  The Pennsylvania Horse Racing Commission has also determined that Derby Wars' fantasy |

Manatt, Phelps & Phillips, LLP
Attorneys At Law
Los Angeles

| PLAINTIFFS' ALLEGEDLY UNCONTROVERTED FACTS AND ALLEGED SUPPORTING EVIDENCE | DW RESPONSE |
|---|---|
| | contests are not parimutuel wagering. (Opp. Midland Decl. ¶ 11, Ex. A.) DISPUTED also because it is immaterial, lacks foundation, calls for a legal conclusion and is otherwise objectionable.  *See* DW's Evidentiary Objections. |
| 43. The remaining approximately twenty percent is known as the "takeout," the amount initially retained by the race track.<br><br>Daruty Dec., ¶ 10. | DISPUTED in part.  Derby Wars disputes that the entry fees for its fantasy contests are "wagers," that the total of such fees are appropriately referred to as "handle," or that Derby Wars' profits, if any, from its contests are appropriately referred to as the "takeout."  Derby Wars does not dispute that the "take-out" on parimutuel handle from parimutuel wagers place on horse races is about twenty percent.  Under their licenses, Plaintiffs are only entitled to engage in parimutuel wagering at their tracks. (Ritvo Dep. at 52:6-55:23; Rogers Dep. at 59:22-60:23; Daruty Dep. at 375:10-377:16, 382:11-388:4.)  Plaintiffs have already admitted that Derby Wars' |

Manatt, Phelps & Phillips, LLP
Attorneys At Law
Los Angeles

32

DEFENDANT HORSE RACING LABS, LLC'S
STATEMENT OF GENUINE DISPUTES OF
MATERIAL FACT

| PLAINTIFFS' ALLEGEDLY UNCONTROVERTED FACTS AND ALLEGED SUPPORTING EVIDENCE | DW RESPONSE |
|---|---|
| | contests are non-parimutuel.  (Daruty Dep. at 439:5-441:16.)  The Pennsylvania Horse Racing Commission has also determined that Derby Wars' fantasy contests are not parimutuel wagering.  (Opp. Midland Decl. ¶ 11, Ex. A.)  DISPUTED also because it is immaterial, lacks foundation, calls for a legal conclusion and is otherwise objectionable.  *See* DW's Evidentiary Objections. |
| 44. The takeout is then divided, pursuant to contract and law, among the stakeholders in the form of commissions paid to the racetracks; purses paid to the owners, trainers and jockeys of the horses in the race; taxes paid to the state; and funds dedicated to equine research, workers' compensation funds, worker health and welfare, etc., that benefit the backstretch workers.<br><br>Daruty Dec., ¶ 10. | DISPUTED in part.  Derby Wars disputes that the entry fees for its fantasy contests are "wagers," that the total of such fees are appropriately referred to as "handle," or that Derby Wars' profits, if any, from its contests are appropriately referred to as the "takeout."  Derby Wars does not dispute that the "take-out" from pari-mutuel handle from pari-mutuel wagers placed on horse races is often divided.  Under their licenses, Plaintiffs are only entitled to engage in parimutuel wagering at their tracks.  (Ritvo Dep. at |

| PLAINTIFFS' ALLEGEDLY UNCONTROVERTED FACTS AND ALLEGED SUPPORTING EVIDENCE | DW RESPONSE |
|---|---|
| | 52:6-55:23; Rogers Dep. at 59:22-60:23; Daruty Dep. at 375:10-377:16, 382:11-388:4.)  Plaintiffs have already admitted that Derby Wars' contests are non-parimutuel.  (Daruty Dep. at 439:5-441:16.)  The Pennsylvania Horse Racing Commission has also determined that Derby Wars' fantasy contests are not parimutuel wagering.  (Opp. Midland Decl. ¶ 11, Ex. A.)  DISPUTED also because it is immaterial, lacks foundation, calls for a legal conclusion and is otherwise objectionable.  *See* DW's Evidentiary Objections. |
| 45. The type of wagering available on horseracing includes "Win" (picking a horse to finish first in the race), "Place" (picking a horse to finish first or second in the race) and "Show" (picking a horse to finish first, second or third in the race).<br><br>Daruty Dec., ¶ 11. | DISPUTED in part.  Derby Wars disputes that the entry fees for its fantasy contests are "wagers."  Derby Wars does not dispute that there are various types of parimutuel wagers placed on horse races at race tracks.  Under their licenses, Plaintiffs are only entitled to engage in parimutuel wagering at their tracks.  (Ritvo Dep. at 52:6-55:23; Rogers Dep.  at 59:22- |

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

34

DEFENDANT HORSE RACING LABS, LLC'S
STATEMENT OF GENUINE DISPUTES OF
MATERIAL FACT

| PLAINTIFFS' ALLEGEDLY UNCONTROVERTED FACTS AND ALLEGED SUPPORTING EVIDENCE | DW RESPONSE |
|---|---|
|  | 60:23; Daruty Dep. at 375:10-377:16, 382:11-388:4.)  Plaintiffs have already admitted that Derby Wars' contests are non-parimutuel.  (Daruty Dep. at 439:5-441:16.)  The Pennsylvania Horse Racing Commission has also determined that Derby Wars' fantasy contests are not parimutuel wagering.  (Opp. Midland Decl. ¶ 11, Ex. A.)  DISPUTED also because it is immaterial, lacks foundation, calls for a legal conclusion and is otherwise objectionable.  *See* DW's Evidentiary Objections. |
| 46. Any type of wager other than Win, Place or Show is called an exotic wager.  Daruty Dec., ¶ 11. | DISPUTED in part.  Derby Wars disputes that the entry fees for its fantasy contests are "wagers."  Derby Wars does not dispute that there are various types of parimutuel wagers placed on horse races at race tracks.  Under their licenses, Plaintiffs are only entitled to engage in parimutuel wagering at their tracks.  (Ritvo Dep. at 52:6-55:23; Rogers Dep.  at 59:22-60:23; Daruty Dep. at 375:10-377:16, |

| PLAINTIFFS' ALLEGEDLY UNCONTROVERTED FACTS AND ALLEGED SUPPORTING EVIDENCE | DW RESPONSE |
|---|---|
| | 382:11-388:4.)  Plaintiffs have already admitted that Derby Wars' contests are non-parimutuel.  (Daruty Dep. at 439:5-441:16.)  The Pennsylvania Horse Racing Commission has also determined that Derby Wars' fantasy contests are not parimutuel wagering. (Opp. Midland Decl. ¶ 11, Ex. A.) DISPUTED also because it is immaterial, lacks foundation, calls for a legal conclusion and is otherwise objectionable.  *See* DW's Evidentiary Objections. |
| 47. Exotic wagers include the "Daily Double" (picking the winning horse in two consecutive races), "Exacta" (picking the first two horses to finish in a single race in the exact order), "Trifecta" (picking the first three horses to finish in a single race in the exact order), "Pick Three" (picking the winning horse in three consecutive races), "Pick Four" (picking the winning horse in four consecutive races), and a "Pick Six" (picking the winning horse in six | DISPUTED in part.  Derby Wars disputes that the entry fees for its fantasy contests are "wagers."  Derby Wars does not dispute that there are various types of parimutuel wagers placed on horse races at race tracks. Under their licenses, Plaintiffs are only entitled to engage in parimutuel wagering at their tracks.  (Ritvo Dep. at 52:6-55:23; Rogers Dep.  at 59:22-60:23; Daruty Dep. at 375:10-377:16, 382:11-388:4.)  Plaintiffs have already |

| PLAINTIFFS' ALLEGEDLY UNCONTROVERTED FACTS AND ALLEGED SUPPORTING EVIDENCE | DW RESPONSE |
|---|---|
| consecutive races.)<br><br>Daruty Dec., ¶ 11. | admitted that Derby Wars' contests are non-parimutuel.  (Daruty Dep. at 439:5-441:16.)  The Pennsylvania Horse Racing Commission has also determined that Derby Wars' fantasy contests are not parimutuel wagering. (Opp. Midland Decl. ¶ 11, Ex. A.) DISPUTED also because it is immaterial, lacks foundation, calls for a legal conclusion and is otherwise objectionable.  *See* DW's Evidentiary Objections. |
| 48. Defendant concedes that all of these (Win, Place, Show and exotic wagers) are indeed wagers when placed at the racetrack.<br><br>Midland Depo., 201:23-203:18; Shutty Depo., 91:2-7; 99:23-100:3; 102:17-19. | DISPUTED in part.  Derby Wars disputes that the entry fees for its fantasy contests are "wagers."  Derby Wars does not dispute that there are various types of parimutuel wagers placed on horse races at race tracks.  Under their licenses, Plaintiffs are only entitled to engage in parimutuel wagering at their tracks.  (Ritvo Dep. at 52:6-55:23; Rogers Dep.  at 59:22-60:23; Daruty Dep. at 375:10-377:16, 382:11-388:4.)  Plaintiffs have already admitted that Derby Wars' contests are |

| PLAINTIFFS' ALLEGEDLY UNCONTROVERTED FACTS AND ALLEGED SUPPORTING EVIDENCE | DW RESPONSE |
|---|---|
| | non-parimutuel. (Daruty Dep. at 439:5-441:16.) The Pennsylvania Horse Racing Commission has also determined that Derby Wars' fantasy contests are not parimutuel wagering. (Opp. Midland Decl. ¶ 11, Ex. A.) DISPUTED also because it is immaterial, lacks foundation, calls for a legal conclusion and is otherwise objectionable. *See* DW's Evidentiary Objections. |

**"ISSUE 2:  Defendant is operating an off-track betting system under Section 3002(7) of the IHA."**

DW hereby incorporates its responses to Plaintiffs' Allegedly Uncontroverted Facts Nos. 1-48.

| PLAINTIFFS' ALLEGEDLY UNCONTROVERTED FACTS AND ALLEGED SUPPORTING EVIDENCE | DW RESPONSE |
| --- | --- |
| 49. Historically, wagering on horses only took place live (at the actual track where the race was being run), such that bettors had to attend the race to place a wager.<br><br>Daruty Dec., ¶ 12. | DISPUTED in part.  Derby Wars disputes that the entry fees for its fantasy contests are "wagers."  Derby Wars does not dispute the history of parimutuel wagering on horse races at race tracks.  DISPUTED also because it lacks foundation and is otherwise objectionable.  *See* DW's Evidentiary Objections. |
| 50. Eventually, off-track betting facilities opened, which accepted wagers at locations other than the track where the race was being run.<br><br>Daruty Dec., ¶ 12. | DISPUTED in part.  Derby Wars disputes that the entry fees for its fantasy contests are "wagers."  Derby Wars does not dispute the history of parimutuel wagering on horse races at race tracks.  DISPUTED also because it lacks foundation and is otherwise objectionable.  *See* DW's Evidentiary Objections. |
| 51. In 1978, Congress enacted the IHA, which was explicitly intended to | DISPUTED in part.  Derby Wars disputes that the entry fees for its |

| PLAINTIFFS' ALLEGEDLY UNCONTROVERTED FACTS AND ALLEGED SUPPORTING EVIDENCE | DW RESPONSE |
|---|---|
| "regulate interstate commerce with respect to wagering on horseracing." As provided therein, no one "may accept an interstate off-track wager except as provided in" the IHA.<br><br>Daruty Dec., ¶ 13. | fantasy contests are "wagers" or "wagering."  Derby Wars does not dispute that Congress enacted the IHA in 1978.  DISPUTED also because it lacks foundation, calls for a legal conclusion and is otherwise objectionable. *See* DW's Evidentiary Objections. |
| 52. Defendant does not comply with the IHA.<br><br>Midland Depo., Page 190, lines 16-24; Shutty Depo., 92:9-14. | DISPUTED in part.  Derby Wars disputes that it is required to comply with the IHA.  Plaintiffs misstate Mr. Midland's and Mr. Shutty's testimony.  Mr. Midland testified that the IHA applies only to parimutuel wagering and does not apply to Derby Wars' contests. (Midland Dep. at 190:16-24.) Likewise, Mr. Shutty testified that the IHA does not apply to DerbyWars' contests.  (Opp. Kanny Decl. ¶ 6, Ex. E ("Shutty Dep.") at 92:9-14.)  Plaintiffs admit that the IHA applies to parimutuel wagering only.  (Ritvo Dep. at 52:6-55:23, 66:1-12.)  Plaintiffs also concede that Derby Wars' contests are non-parimutuel.  (Daruty Dep. at |

| PLAINTIFFS' ALLEGEDLY UNCONTROVERTED FACTS AND ALLEGED SUPPORTING EVIDENCE | DW RESPONSE |
|---|---|
| | 439:5-441:16.)  The Pennsylvania Horse Racing Commission has also determined that Derby Wars' fantasy contests are not parimutuel wagering. (Opp. Midland Decl. ¶ 11, Ex. A.) Further, whether a person complies or is required to comply with the IHA is a legal conclusion. |
| 53. From the late 1990' s through today, the industry has experienced much growth in the area of Advanced Deposit Wagering ("ADW").<br><br>Daruty Dec., ¶ 14. | DISPUTED in part.  Derby Wars disputes that it is required to comply with the IHA and/or that it must be an ADW.  Derby Wars does not dispute the history of ADWs.  DISPUTED also because it lacks foundation and is otherwise objectionable.  *See* DW's Evidentiary Objections. |
| 54. In ADW, a customer deposits funds with a licensed, regulated online/telephone wagering operator, and then issues wagering instructions (via telephone or internet) to that operator to place a wager on a specific race using funds in the account.<br><br>Daruty Dec., ¶ 14. | DISPUTED in part.  Derby Wars disputes that the entry fees for its fantasy contests are "wagers" or "wagering," and that it must be an ADW.  Derby Wars does not dispute that ADW licenses are required for parimutuel wagers, and that a licensed ADW operator may only accept parimutuel wagers.  (Opp. Midland |

DEFENDANT HORSE RACING LABS, LLC'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| PLAINTIFFS' ALLEGEDLY UNCONTROVERTED FACTS AND ALLEGED SUPPORTING EVIDENCE | DW RESPONSE |
| --- | --- |
| | Decl. ¶ 8; Midland Decl. ¶¶ 50, 51, 53.) Plaintiffs have already admitted that Derby Wars' contests are non-parimutuel.  (Daruty Dep. at 439:5-441:16.)  The Pennsylvania Horse Racing Commission has also determined that Derby Wars' fantasy contests are not parimutuel wagering. (Opp. Midland Decl. ¶ 11, Ex. A.) DISPUTED also because it lacks foundation and is otherwise objectionable.  *See* DW's Evidentiary Objections. |
| 55. If the wager is successful, the winning funds are deposited directly into the customer's account.<br><br>Daruty Dec., ¶ 14. | DISPUTED in part.  Derby Wars disputes that the entry fees for its fantasy contests are "wagers," and that it must be an ADW.  Derby Wars does not dispute that ADW licenses are required for parimutuel wagers, and that a licensed ADW operator may only accept parimutuel wagers.  (Opp. Midland Decl. ¶ 8; Midland Decl. ¶¶ 50, 51, 53.)  Plaintiffs have already admitted that Derby Wars' contests are non-parimutuel.  (Daruty Dep. at 439:5- |

| PLAINTIFFS' ALLEGEDLY UNCONTROVERTED FACTS AND ALLEGED SUPPORTING EVIDENCE | DW RESPONSE |
|---|---|
| | 441:16.)  The Pennsylvania Horse Racing Commission has also determined that Derby Wars' fantasy contests are not parimutuel wagering.  (Opp. Midland Decl. ¶ 11, Ex. A.)  DISPUTED also because it lacks foundation and is otherwise objectionable.  *See* DW's Evidentiary Objections. |
| 56. The IHA only permits acceptance of interstate wagers on horseraces by an entity (including an ADW operator), which has obtained consent from, inter alia, the host racing association on whose races such wagers are placed, such as Plaintiffs.<br><br>Daruty Dec., ¶ 16. | DISPUTED in part.  Derby Wars disputes that it is required to comply with the IHA, that it must be an ADW, and that Plaintiffs' consent (or that of any other horse racing association) is necessary for its fantasy contests.  Derby Wars does not dispute that the IHA applies to parimutuel wagering, and that a licensed ADW operator may only accept pari-mutuel wagers.  (Ritvo Dep. at 52:6-55:23, 66:1-12.)  Plaintiffs also concede that Derby Wars' contests are non-parimutuel.  (Daruty Dep. at 439:5-441:16.)  The Pennsylvania Horse Racing Commission has also determined that Derby Wars' fantasy |

| PLAINTIFFS' ALLEGEDLY UNCONTROVERTED FACTS AND ALLEGED SUPPORTING EVIDENCE | DW RESPONSE |
|---|---|
| | contests are not parimutuel wagering. (Opp. Midland Decl. ¶ 11, Ex. A.) DISPUTED also because it lacks foundation, calls for a legal conclusion and is otherwise objectionable. *See* DW's Evidentiary Objections. |
| 57. It is customary in the industry for a host racing association to grant the required consent only if it receives a payment of money or other value from the entity accepting the wagers.<br><br>Daruty Dec., ¶ 17. | DISPUTED in part. Derby Wars disputes that it is required to comply with the IHA, that it must be an ADW, and that Plaintiffs' consent (or that of any other horse racing association) is necessary for its fantasy contests. Derby Wars does not dispute that the IHA applies to parimutuel wagering, and that a licensed ADW operator may only accept parimutuel wagers. (Ritvo Dep. at 52:6-55:23, 66:1-12.) Plaintiffs also concede that Derby Wars' contests are non-parimutuel. (Daruty Dep. at 439:5-441:16.) The Pennsylvania Horse Racing Commission has also determined that Derby Wars' fantasy contests are not parimutuel wagering. (Opp. Midland Decl. ¶ 11, Ex. A.) DISPUTED also because it lacks |

| PLAINTIFFS' ALLEGEDLY UNCONTROVERTED FACTS AND ALLEGED SUPPORTING EVIDENCE | DW RESPONSE |
|---|---|
| | foundation and is otherwise objectionable.  *See* DW's Evidentiary Objections. |
| 58. Defendant has never been licensed as an ADW.<br><br>Midland Depo., 406:21-23. | DISPUTED in part.  Derby Wars disputes that it is required to comply with the IHA and/or that is must be an ADW.  Derby Wars does not accept parimutuel wagers and thus no license is required.  (Midland Decl. ¶ 51.)  Plaintiffs also concede that Derby Wars' contests are non-parimutuel. (Daruty Dep. at 439:5-441:16.)  The Pennsylvania Horse Racing Commission has also determined that Derby Wars' fantasy contests are not parimutuel wagering.  (Opp. Midland Decl. ¶ 11, Ex. A.)  Derby Wars asked the North Dakota Racing Commission ("NDRC") whether it needs to be licensed to operate contests, and NDRC advised that NDRC's ADW licenses do not cover fantasy contests.  (Midland Decl. ¶ 53.)  Derby Wars was also told by the California Horse Racing Board ("CHRB") that the CHRB does not |

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

45

DEFENDANT HORSE RACING LABS, LLC'S
STATEMENT OF GENUINE DISPUTES OF
MATERIAL FACT

| PLAINTIFFS' ALLEGEDLY UNCONTROVERTED FACTS AND ALLEGED SUPPORTING EVIDENCE | DW RESPONSE |
|---|---|
| | grant licenses to operate contests. (Midland Decl. ¶ 53.)  Derby Wars does not dispute that it has ever sought nor received a lisence to become an ADW. DISPUTED also because it is immaterial. |

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT HORSE RACING LABS, LLC'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

**"ISSUE 3: That Defendant is required to obtain the consent of Plaintiffs prior to accepting wagers on Plaintiffs' horseraces."**

DW hereby incorporates its responses to Plaintiffs' Allegedly Uncontroverted Facts Nos. 1-58.

| PLAINTIFFS' ALLEGEDLY UNCONTROVERTED FACTS AND ALLEGED SUPPORTING EVIDENCE | DW RESPONSE |
|---|---|
| 59. Plaintiffs operate horse racing meets at race tracks in California (Santa Anita Park and Golden Gate Fields), Florida (Gulfstream Park and Gulfstream Park West), Maryland (Pimlico and Laurel Park), and Oregon (Portland Meadows). Daruty Dec., ¶ 7. | UNDISPUTED. |
| 60. Each Plaintiff is a Host Racing Association within the meaning of the IHA. Daruty Dec., ¶ 18. | DISPUTED because it lacks foundation, calls for a legal conclusion, best evidence and is otherwise objectionable. *See* Derby Wars' Objections to Plaintiffs' Evidence. |
| 61. Each Plaintiff has the approval of its host State to conduct racing. Daruty Dec., ¶ 19. | DISPUTED because it lacks foundation, calls for a legal conclusion, best evidence and is otherwise objectionable. *See* Derby Wars' Objections to Plaintiffs' Evidence. |
| 62. Each Plaintiff has a written agreement with its Horsemen's Group, | DISPUTED. The Horseman's Group contracts produced in this case do not |

| PLAINTIFFS' ALLEGEDLY UNCONTROVERTED FACTS AND ALLEGED SUPPORTING EVIDENCE | DW RESPONSE |
|---|---|
| as required by the IHA.<br><br>Daruty Dec., ¶ 20. | specifically cover fantasy contests, and Mr. Daruty has testified that it is the Horsemen's Groups that ultimately have the approval rights over arrangements with fantasy contest sites. (Opp. Kanny Decl. ¶ 4, Ex. C ("Opp. Ritvo Dep.") at 200:6-204:24; Declaration of Olivia M. Hardinge in Support of DW's Opposition to Plaintiffs' Motion for Partial Summary Judgment ("Hardinge Decl.") ¶ 2, Ex. A; Opp. Kanny Decl. ¶ 5, Ex. D ("Opp. Daruty Dep.") at 48:1-12.)  Also, the Horsemen's Groups have the right to approve  Plaintiffs' simulcast agreements, which  prohibit ADWs from using races at Plaintiffs' tracks in contests.  (Opp. Ritvo Dep. at 200:6-204:24; Gierl Decl. ¶ 23, Ex. V; Opp. Daruty Dep. at 271:16-272:1, 359:19-23, Gierl Decl. ¶ 24, Ex. W (at § 2.a) and ¶ 25, Ex. X (at § 1.d)).  DISPUTED also because it lacks foundation, calls for a legal conclusion, best evidence and is otherwise objectionable.  *See* |

| PLAINTIFFS' ALLEGEDLY UNCONTROVERTED FACTS AND ALLEGED SUPPORTING EVIDENCE | DW RESPONSE |
|---|---|
| | Derby Wars' Objections to Plaintiffs' Evidence. |

Manatt, Phelps & Phillips, LLP
Attorneys At Law
Los Angeles

**"ISSUE 4:  That Defendant is in violation of Section 3004(a) of the IHA, because it is accepting wagers on Plaintiff host racing associations' horseraces, without the consent of Plaintiffs."**

DW hereby incorporates its responses to Plaintiffs' Allegedly Uncontroverted Facts Nos. 1-62.

| PLAINTIFFS' ALLEGEDLY UNCONTROVERTED FACTS AND ALLEGED SUPPORTING EVIDENCE | DW RESPONSE |
|---|---|
| 63. No Plaintiff has ever provided consent to Defendant to accept a wager on a race run at any of Plaintiffs' race tracks.<br><br>Daruty Dec., ¶ 22. | DISPUTED in part.  Derby Wars disputes that the entry fees for its fantasy contests are "wagers" or "wagering," and that Plaintiffs' consent (or that of any other horse racing association, horse racing commission or off-track betting association) is necessary for its fantasy contests. Derby Wars further disputes that Plaintiffs failed to consent to its fantasy contests for the more than four year period that Plaintiffs knew of, and did not object to, Derby Wars' contests, as Plaintiffs have known about Derby Wars' conduct since approximately September 2011.  (Daruty Dep. at 141:14-147:22, 148:5-150:19, 152:16-154:16, 155:10-156:17, 156:23-158:15, 159:12-160:5, 160:10-161:24, 164:11- |

| PLAINTIFFS' ALLEGEDLY UNCONTROVERTED FACTS AND ALLEGED SUPPORTING EVIDENCE | DW RESPONSE |
|---|---|
| | 167:10, 168:5-170:7, 171:3-24, 172:4-173:19, 189:21-194:3, 393:11-395:2, 396:4-399:12; Rogers Dep. at 112:12-113:25, 115:17-117:21, 118:8-119:22, 121:8-125:4, 126:8-12, 128:24-134:2, 135:13-23, 138:6-141:9, 144:2-146:16, 147:23-151:5, 152:20-153:1, 162:4-164:19, 164:23-165:17, 166:23-167:7; Ritvo Dep. at 122:16-124:18; Midland Decl. ¶¶ 26-27, 38-39; Gierl Decl. ¶¶ 4-13, 21, Exs. C-O, T.)  In addition, Derby Wars entered into a marketing arrangement in for the 2015 race year with one of Plaintiffs' tracks, Santa Anita, whereby Santa Anita advertised Derby Wars' fantasy horse racing contests.  (Midland Decl. ¶ 43, Ex. E, F; Daruty Dep. at 247:14-248:3, 393:11-395:2, 396:4-399:12.)  No one from the Plaintiffs asked Derby Wars to stop using Plaintiffs' tracks in Derby Wars' contests at any time prior to the lawsuit being filed.  (Daruty Dep. at 181:25-182:21, 183:7-11, 185:23-186:2; Ritvo Dep. at 145:6-14; Rogers Dep. at 173:1- |

| PLAINTIFFS' ALLEGEDLY UNCONTROVERTED FACTS AND ALLEGED SUPPORTING EVIDENCE | DW RESPONSE |
|---|---|
| | 174:17, 179:12-180:15, 184:12-25, 192:12-19, 195:7-19, 198:22-200:16; Gierl Decl. ¶ 14, Ex. M.)  DISPUTED also because it lacks foundation and is otherwise objectionable.  *See* DW's Evidentiary Objections.  Derby Wars does not dispute that Plaintiffs have not provided consent to Derby Wars "to accept a wager on a race run at any of Plaintiffs' race tracks." |
| 64. No Plaintiff has ever provided consent to Defendant to accept a wager from a resident of the States of California, Florida, Maryland or Oregon.<br><br>Daruty Dec., ¶ 23. | DISPUTED in part.  Derby Wars disputes that the entry fees for its fantasy contests are "wagers" or "wagering," and that Plaintiffs' consent (or that of any other horse racing association, horse racing commission or off-track betting association) is necessary for its fantasy contests. Derby Wars further disputes that Plaintiffs failed to consent to its fantasy contests for the more than four year period that Plaintiffs knew of, and did not object to, Derby Wars' contests, as Plaintiffs have known about Derby Wars' conduct since approximately |

| PLAINTIFFS' ALLEGEDLY UNCONTROVERTED FACTS AND ALLEGED SUPPORTING EVIDENCE | DW RESPONSE |
|---|---|
| | September 2011.  (Daruty Dep. at 141:14-147:22, 148:5-150:19, 152:16-154:16, 155:10-156:17, 156:23-158:15, 159:12-160:5, 160:10-161:24, 164:11-167:10, 168:5-170:7, 171:3-24, 172:4-173:19, 189:21-194:3, 393:11-395:2, 396:4-399:12; Rogers Dep. at 112:12-113:25, 115:17-117:21, 118:8-119:22, 121:8-125:4, 126:8-12, 128:24-134:2, 135:13-23, 138:6-141:9, 144:2-146:16, 147:23-151:5, 152:20-153:1, 162:4-164:19, 164:23-165:17, 166:23-167:7; Ritvo Dep. at 122:16-124:18; Midland Decl. ¶¶ 26-27, 38-39; Gierl Decl. ¶¶ 4-13, 21, Exs. C-O, T.)  In addition, Derby Wars entered into a marketing arrangement in for the 2015 race year with one of Plaintiffs' tracks, Santa Anita, whereby Santa Anita advertised Derby Wars' fantasy horse racing contests.  (Midland Decl. ¶ 43, Exs. E, F; Daruty Dep. at 247:14-248:3, 393:11-395:2, 396:4-399:12.)  No one from the Plaintiffs asked Derby Wars to stop using Plaintiffs' tracks in Derby |

DEFENDANT HORSE RACING LABS, LLC'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| PLAINTIFFS' ALLEGEDLY UNCONTROVERTED FACTS AND ALLEGED SUPPORTING EVIDENCE | DW RESPONSE |
|---|---|
| | Wars' contests at any time prior to the lawsuit being filed.  (Daruty Dep. at 181:25-182:21, 183:7-11, 185:23-186:2; Ritvo Dep. at 145:6-14; Rogers Dep. at 173:1-174:17, 179:12-180:15, 184:12-25, 192:12-19, 195:7-19, 198:22-200:16; Gierl Decl. ¶ 14, Ex. M.)  DISPUTED also because it lacks foundation and is otherwise objectionable.  *See* DW's Evidentiary Objections.  Derby Wars does not dispute that Plaintiffs have not provided consent to Derby Wars "to accept a wager from a resident of the States of California, Florida, Maryland or Oregon." |
| 65. No Plaintiff has ever received any money from Defendant with respect to wagers (or entry fees) accepted by Defendant.<br><br>Daruty Dec., ¶ 24. | DISPUTED in part.  Derby Wars disputes that the entry fees for its contests are "wagers" or "wagering," and that it is required to pay any money to Plaintiffs.  Derby Wars further disputes that no Plaintiff has ever received money from Derby Wars; in 2015, Santa Anita received sponsorship money for marketing Derby Wars' |

DEFENDANT HORSE RACING LABS, LLC'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| PLAINTIFFS' ALLEGEDLY UNCONTROVERTED FACTS AND ALLEGED SUPPORTING EVIDENCE | DW RESPONSE |
|---|---|
| | fantasy horse racing contests.  (Midland Decl. ¶ 43, Exs. E, F; Daruty Dep. at 247:14-248:3, 393:11-395:2, 396:4-399:12.)  DISPUTED also because it lacks foundation and is otherwise objectionable.  *See* DW's Evidentiary Objections.  Derby Wars does not dispute that it has made no other monetary payments to Plaintiffs. |
| 66. Defendant does not have any agreements with any of the Plaintiffs.<br><br>Daruty Dec., ¶ 25. | DISPUTED.  Derby Wars disputes that it is required to have any agreements with Plaintiffs.  Moreover, Derby Wars entered into a marketing and sponsorship agreement with Santa Anita for the 2015 race year, under which Santa Anita delivered thousands of email advertisements which promoted Derby Wars' fantasy contests to Santa Anita's customers. (Midland Decl. ¶ 43, Exs. E, F; Daruty Dep. at 247:14-248:3, 393:11-395:2, 396:4-399:12.)  DISPUTED also because it lacks foundation and is otherwise objectionable.  *See* DW's Evidentiary Objections. |

| PLAINTIFFS' ALLEGEDLY UNCONTROVERTED FACTS AND ALLEGED SUPPORTING EVIDENCE | DW RESPONSE |
|---|---|
| 67. Defendant has never received consent from any racetrack to conduct these contests.<br><br>Midland Depo., 185:13-17. | DISPUTED in part.  Derby Wars denies that is must receive the "consent" from any racetrack to conduct its fantasy contests.  Derby Wars further disputes that Plaintiffs failed to consent to its fantasy contests for the more than four year period that Plaintiffs knew of, and did not object to, Derby Wars' contests, as Plaintiffs have known about Derby Wars' conduct since approximately September 2011.  (Daruty Dep. at 141:14-147:22, 148:5-150:19, 152:16-154:16, 155:10-156:17, 156:23-158:15, 159:12-160:5, 160:10-161:24, 164:11-167:10, 168:5-170:7, 171:3-24, 172:4-173:19, 189:21-194:3, 393:11-395:2, 396:4-399:12; Rogers Dep. at 112:12-113:25, 115:17-117:21, 118:8-119:22, 121:8-125:4, 126:8-12, 128:24-134:2, 135:13-23, 138:6-141:9, 144:2-146:16, 147:23-151:5, 152:20-153:1, 162:4-164:19, 164:23-165:17, 166:23-167:7; Ritvo Dep. at 122:16-124:18; Midland Decl. ¶¶ 26-27, 38-39; Gierl Decl. ¶¶ 4-13, 21, Exs. C-O, T.)  In addition, |

| PLAINTIFFS' ALLEGEDLY UNCONTROVERTED FACTS AND ALLEGED SUPPORTING EVIDENCE | DW RESPONSE |
|---|---|
| | Derby Wars entered into a marketing arrangement in for the 2015 race year with one of Plaintiffs' tracks, Santa Anita, whereby Santa Anita advertised Derby Wars' fantasy horse racing contests. (Midland Decl. ¶ 43, Ex. E, F; Daruty Dep. at 247:14-248:3, 393:11-395:2, 396:4-399:12.) No one from the Plaintiffs asked Derby Wars to stop using Plaintiffs' tracks in Derby Wars' contests at any time prior to the lawsuit being filed. (Daruty Dep. at 181:25-182:21, 183:7-11, 185:23-186:2; Ritvo Dep. at 145:6-14; Rogers Dep. at 173:1-174:17, 179:12-180:15, 184:12-25, 192:12-19, 195:7-19, 198:22-200:16; Gierl Decl. ¶ 14, Ex. M.) DISPUTED also because the "fact" mischaracterizes Mr. Midland's testimony. |
| 68. Defendant has never requested nor received consent from any Plaintiff to accept wagers on races run at the Plaintiffs' race tracks.

Daruty Dec., ¶ 21. | DISPUTED in part. Derby Wars disputes that the entry fees for its fantasy contests are "wagers" or "wagering," and that Plaintiffs' consent (or that of any other horse racing association, horse racing commission or |

| PLAINTIFFS' ALLEGEDLY UNCONTROVERTED FACTS AND ALLEGED SUPPORTING EVIDENCE | DW RESPONSE |
|---|---|
| | off-track betting association) is necessary for its fantasy contests. Derby Wars further disputes that Plaintiffs failed to consent to its fantasy contests for the more than four year period that Plaintiffs knew of, and did not object to, Derby Wars' contests, as Plaintiffs have known about Derby Wars' conduct since approximately September 2011.  (Daruty Dep. at 141:14-147:22, 148:5-150:19, 152:16-154:16, 155:10-156:17, 156:23-158:15, 159:12-160:5, 160:10-161:24, 164:11-167:10, 168:5-170:7, 171:3-24, 172:4-173:19, 189:21-194:3, 393:11-395:2, 396:4-399:12; Rogers Dep. at 112:12-113:25, 115:17-117:21, 118:8-119:22, 121:8-125:4, 126:8-12, 128:24-134:2, 135:13-23, 138:6-141:9, 144:2-146:16, 147:23-151:5, 152:20-153:1, 162:4-164:19, 164:23-165:17, 166:23-167:7; Ritvo Dep. at 122:16-124:18; Midland Decl. ¶¶ 26-27, 38-39; Gierl Decl. ¶¶ 4-13, 21, Exs. C-O, T.)  In addition, Derby Wars entered into a marketing |

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

58

DEFENDANT HORSE RACING LABS, LLC'S
STATEMENT OF GENUINE DISPUTES OF
MATERIAL FACT

| PLAINTIFFS' ALLEGEDLY UNCONTROVERTED FACTS AND ALLEGED SUPPORTING EVIDENCE | DW RESPONSE |
|---|---|
| | arrangement in for the 2015 race year with one of Plaintiffs' tracks, Santa Anita, whereby Santa Anita advertised Derby Wars' fantasy horse racing contests.  (Midland Decl. ¶ 43, Ex. E, F; Daruty Dep. at 247:14-248:3, 393:11-395:2, 396:4-399:12.)  No one from the Plaintiffs asked Derby Wars to stop using Plaintiffs' tracks in Derby Wars' contests at any time prior to the lawsuit being filed.  (Daruty Dep. at 181:25-182:21, 183:7-11, 185:23-186:2; Ritvo Dep. at 145:6-14; Rogers Dep. at 173:1-174:17, 179:12-180:15, 184:12-25, 192:12-19, 195:7-19, 198:22-200:16; Gierl Decl. ¶ 14, Ex. M.)  Derby Wars does not dispute that neither has requested nor received Plaintiffs' consent to accept wagers on races run at Plaintiffs' racetracks. |
| 69. Defendant has never requested nor received consent of any host racing commission to accept wagers on Plaintiffs' races. | DISPUTED.  Derby Wars disputes that the entry fees for its fantasy contests are "wagers" or "wagering," and that Plaintiffs' consent (or that of any other horse racing association, horse racing |

Manatt, Phelps & Phillips, LLP
Attorneys At Law
Los Angeles

| PLAINTIFFS' ALLEGEDLY UNCONTROVERTED FACTS AND ALLEGED SUPPORTING EVIDENCE | DW RESPONSE |
|---|---|
| Midland Depo., 211:24-212:7. | commission or off-track betting association) is necessary for its fantasy contests.  In addition, Derby Wars has contacted the NDRC and CHRB and asked whether Derby Wars was required to be licensed, and was told by each that the licenses that they issue do not cover contests and thus no license was required to offer fantasy horse racing contests.  (Midland Decl. ¶ 53.)  DISPUTED also because the "fact" mischaracterizes Mr. Midland's testimony. |
| 70. Defendant has never requested nor received consent from any off-track racing association to conduct its contests.<br><br>Midland Depo., 212:8-11; 213:2-5. | DISPUTED.  Derby Wars disputes that the entry fees for its fantasy contests are "wagers" or "wagering," and that Plaintiffs' consent (or that of any other horse racing association, horse racing commission or off-track betting association) is necessary for its fantasy contests.  In additon, Derby Wars has contacted the NDRC and CHRB and asked whether Derby Wars was required to be licensed, and was told by each that the licenses that they issue do |

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

60

DEFENDANT HORSE RACING LABS, LLC'S
STATEMENT OF GENUINE DISPUTES OF
MATERIAL FACT

| PLAINTIFFS' ALLEGEDLY UNCONTROVERTED FACTS AND ALLEGED SUPPORTING EVIDENCE | DW RESPONSE |
|---|---|
| | not cover contests and thus no license was required to offer fantasy horse racing contests.  (Midland Decl. ¶ 53.) DISPUTED also because the IHA does not define "off-track racing association and therefore is vague and ambiguous. |

Manatt, Phelps & Phillips, LLP
Attorneys At Law
Los Angeles

DEFENDANT HORSE RACING LABS, LLC'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

**"ISSUE 5:  That Defendant is liable to Plaintiffs for damages under Section 3005 of the IHA."**

DW hereby incorporates its responses to Plaintiffs' Allegedly Uncontroverted Facts Nos. 1-70.

1      **"ISSUE 6:  Defendant is in violation of California *Business & Professions**

2  ***Code* Section 17200, *et seq*."**

3          DW hereby incorporates its responses to Plaintiffs' Allegedly Uncontroverted

4  Facts Nos. 1-70.

5

6

7

8  Dated:  April 3, 2017                    Respectfully submitted,

9                                           MANATT, PHELPS & PHILLIPS, LLP
                                            Matthew P. Kanny
                                            Arunabha Bhoumik
10                                          Maura K. Gierl

11                                          By: /s/ Matthew P. Kanny

12                                              Matthew P. Kanny
                                                *Attorneys for Defendant*
                                                HORSE RACING LABS, LLC
13

14
   318471840.2
15

16

17

18

19

20

21

22

23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

63

DEFENDANT HORSE RACING LABS, LLC'S
STATEMENT OF GENUINE DISPUTES OF
MATERIAL FACT