1  MATTHEW P. KANNY (State Bar No. 167118)
   E-mail: mkanny@manatt.com
2  MAURA K. GIERL (State Bar No. 287430)
   E-mail: mgierl@manatt.com
3  MANATT, PHELPS & PHILLIPS, LLP
4  11355 West Olympic Boulevard
   Los Angeles, California 90064-1614
5  Tel.: (310) 312-4000; Fax: (310) 312-4224

6  ARUNABHA BHOUMIK (*pro hac vice*)
   E-mail: abhoumik@manatt.com
7  MANATT, PHELPS & PHILLIPS, LLP
8  7 Times Square
   New York, New York 10036
9  Tel.: (212) 790-4500; Fax: (212) 790-7575

10
   *Attorneys for Defendant*
11 HORSE RACING LABS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOS ANGELES TURF CLUB, INCORPORATED, a California Corporation, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>HORSE RACING LABS, LLC, a Delaware Limited Liability Company (a/k/a IMMERSE, LLC), d/b/a DERBY WARS, and DOES 1 through 10, inclusive,<br><br>Defendants. | No. 2:15-cv-09332-SJO (JEMx)<br><br>Honorable S. James Otero<br>Courtroom No. 10C<br><br>**REPLY MEMORANDUM OF DEFENDANT HORSE RACING LABS, LLC IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing Date: April 24, 2017<br>Hearing Time: 10:00 a.m.<br><br>FAC Filed: May 16, 2016<br>Fact Discovery Cutoff: March 27, 2017<br>Expert Discovery Cutoff: April 10, 2017<br>Final Pretrial Conf.: June 19, 2017<br>Trial Date: June 27, 2017 |

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT HORSE RACING LABS, LLC'S
REPLY ISO MOTION FOR SUMMARY
JUDGMENT

# TABLE OF CONTENTS

**Page**

I. PLAINTIFFS' IHA CLAIM FAILS AS A MATTER OF LAW ................... 1
   A. Plaintiffs' IHA Claim is Time-Barred ...................................... 1
   B. The IHA Does Not Apply Because DW's Contests Are Not Wagers .................................................................................. 2
   C. DW's Fantasy Contests Are Not Parimutuel Wagers ............ 3
   D. The UIGEA Applies, and Confirms That The IHA Does Not Apply .................................................................................. 3
II. PLAINTIFFS' UCL CLAIM FAILS AS A MATTER OF LAW ................. 4
III. PLAINTIFFS ARE ESTOPPED TO ASSERT THEIR CLAIMS ................ 5
IV. THIS COURT SHOULD ABSTAIN FROM THIS DISPUTE ..................... 5
V. PLAINTIFFS' REQUEST FOR SANCTIONS IS FRIVOLOUS ................. 5
VI. CONCLUSION ......................................................................... 5

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

i

DEFENDANT HORSE RACING LABS, LLC'S
REPLY ISO MOTION FOR SUMMARY
JUDGMENT

# TABLE OF AUTHORITIES

Page

## CASES

*Ahanchian v. Xenon Pictures, Inc.*,
   624 F.3d 1253 (9th Cir. 2010) .................................................................................. 5

*American Cas. Co. of Reading, Pennsylvania v. Krieger*,
   181 F.3d 1113 (9th Cir. 1999) .................................................................................. 2

*Bell Gardens' Bicycle Club v. Dep't of Justice*,
   36 Cal. App. 4th 717 (1995) ..................................................................................... 3

*Consumer Health Info Corp. v. Amylin Pharm., Inc.*,
   819 F.3d 992 (7th Cir. 2016) .................................................................................... 1

*Crown, Cork & Seal Col., Inc. v. Parker*,
   462 U.S. 345 (1983) .................................................................................................. 1

*CSL Silicones Inc. v. Midsun Group Inc.*,
   170 F. Supp. 3d 304, 314 (D. Conn. 2016) ............................................................. 1

*Finster v. Keller*,
   18 Cal.App.3d 836 (1971) ....................................................................................... 3

*Humphrey v. Viacom, Inc.*,
   No. 06-2768 (DMC), 2007 WL 1797648 (D.N.J. June 20, 2007) .................... 2, 3

*Langone v. Patrick Kaiser*,
   No. 2013 WL 5567587 (N.D. Ill. Oct. 9, 2013) ..................................................... 2

*New York v. FanDuel, Inc.*,
   No. 453056/16, 2015 WL 8490461 (N.Y. Sup. Dec. 11, 2015) ........................... 3

*Petrella v. Metro-Goldwyn-Mayer, Inc.*,
   572 U.S. __, 134 S.Ct. 1962 (2014) ......................................................................... 1

*Ponce v. Neufeld*,
   No. CV 05-2418, 2005 WL 6168697 (C.D. Cal. Oct. 11, 2005) .......................... 2

*Smith v. U.S. Bank*,
   No. CV 12-02743-MWF, 2012 WL 12887916 (C.D. Cal. Nov. 15, 2012) ........................................................................................................................ 5

*Tomerlin v. Canadian Indem. Co.*,
   61 Cal. 2d 638 (1964) ............................................................................................... 2

*TRW Inc. v. Andrews*,
   534 U.S. 19 (2001) .................................................................................................... 1

Manatt, Phelps & Phillips, LLP
Attorneys At Law
Los Angeles

ii

DEFENDANT HORSE RACING LABS, LLC'S
REPLY ISO MOTION FOR SUMMARY
JUDGMENT

# TABLE OF AUTHORITIES
# (continued)

Page

*U.S. Securities & Exchange Commission v. Jensen*,
   835 F.3d 1100 (9th Cir. 2016) ................................................................... 5

*Yeager v. Bowlin*,
   693 F.3d 1076 (9th Cir. 2012) . Docket No. 68-2 ...................................... 2

## STATUTES

15 U.S.C. § 3006(c) ............................................................................................ 1

17 U.S.C. § 507(b) ............................................................................................. 1

18 U.S.C. §1084 ................................................................................................. 4

Cal. Bus. & Prof. Code § 17539.3 ..................................................................... 2

Cal. Bus. & Prof. Code § 19411 ........................................................................ 3

Cal. Bus. & Prof. Code § 19593 ........................................................................ 3

## RULES

Fed. R. Civ. Proc. 38(a) ..................................................................................... 5

Manatt, Phelps & Phillips, LLP
Attorneys At Law
Los Angeles

iii

DEFENDANT HORSE RACING LABS, LLC'S
REPLY ISO MOTION FOR SUMMARY
JUDGMENT

As Plaintiffs' Opposition to Defendant's Motion for Summary Judgment ("Opposition") fails to establish their claims are timely, their authorities applicable, or the material facts disputed, Defendant Horse Racing Labs, LLC dba Derby Wars' ("DW") Motion for Summary Judgment ("Motion") should be granted.

## I. PLAINTIFFS' IHA CLAIM FAILS AS A MATTER OF LAW

### A. Plaintiffs' IHA Claim is Time-Barred

Unable to deny they knew of the facts giving rise to their claims more than four years before they filed suit, Plaintiffs cite an inapplicable case and no facts. Plaintiffs' reliance on *Petrella v. Metro-Goldwyn-Mayer, Inc.,* 572 U.S. __, 134 S.Ct. 1962 (2014) is misplaced. The Copyright Act, unlike the IHA, is a statute based on *accrual* rather than discovery. *Compare* Copyright Act 17 U.S.C. §507(b) ("No civil action shall be maintained under the provisions of this title unless it is commenced ***within three years after the claim accrued***"), *with* the IHA 15 U.S.C. §3006(c) ("A civil action may not be commenced pursuant to this section ***more than 3 years after the discovery of the alleged violation*** upon which such civil action is based"). The differences in these statutes are significant for a number of reasons. First, *Petrella* did not hold, as Plaintiffs imply, that *all* statutes of limitation for *all* claims for relief would thereafter have a "look-back" period.[1] In addition, adding a "look back" period to a statute of limitation that already includes tolling based on discovery contravenes the principle that "[w]here Congress explicitly enumerates certain exceptions to a general prohibition, additional exceptions are not to be implied." *TRW Inc. v. Andrews*, 534 U.S. 19, 28 (2001) (citation omitted) ("Congress implicitly excluded a general discovery rule by explicitly including a more limited one"). Notably,

---

[1] Courts since *Petrella* have confirmed its narrow application to "accrual" statutes. *See, e.g., Consumer Health Info. Corp. v. Amylin Pharm., Inc.*, 819 F.3d 992, 996 (7th Cir. 2016) (declining to apply look-back to copyright *ownership* dispute); *CSL Silicones Inc. v. Midsun Grp, Inc.*, 170 F. Supp. 3d 304, 314 (D. Conn. 2016) (declining to apply look-back to trademark infringement). Any broader application would contravene the principle that limitations period are intended "to prevent plaintiffs from "sleeping on their rights." *Crown, Cork & Seal Co., Inc. v. Parker,* 462 U.S. 345, 352 (1983).

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT HORSE RACING LABS, LLC'S
REPLY ISO MOTION FOR SUMMARY
JUDGMENT

*Plaintiffs do not advance any argument to dispute the facts on which DW relies in support of its statute of limitation defense.*[2] (SUMF ¶¶ 5-6, 44-55.) Accordingly, as the undisputed facts establish Plaintiffs "discovered" DW's website in September 2011, and at the latest by November 2012, Plaintiffs' IHA claim is time-barred.

### B. The IHA Does Not Apply Because DW's Contests Are Not Wagers

Plaintiffs failed to establish DW's contests are wagers under the IHA. The IHA was enacted in 1978 and never contemplated fantasy contests. *See Ponce v. Neufeld*, No. CV 05-2418-JFW (VBKx), 2005 WL 6168697, at * 4 (C.D. Cal. Oct. 11, 2005) (statutory interpretation must first look to statute's plain terms). Plaintiffs ignore California's definition of "contest": any "game" that offers the opportunity to compete for a "prize" as determined by "any combination of chance and skill" and that is conditioned upon the "payment of consideration" (Cal. Bus. & Prof. Code § 17539.3), which is exactly DW's fantasy contests. (SUMF ¶¶ 13-37.) As DW's contests are legal contests under California law, they cannot be "wagers" under the IHA.

Plaintiffs' attempt to distinguish the only two federal court decisions holding that fantasy sports contests do not violate gambling-related laws is unavailing. *Humphrey v. Viacom, Inc.*, No. 06-2768 (DMC), 2007 WL 1797648 at *8 (D.N.J. June 20, 2007) holds, without regard to the prizes offered, that an entry fee is not a "wager" where it is paid unconditionally and the prize is for an amount certain, and guaranteed to be won by the contest winner (and not the entity offering it). And the holding in *Langone v. Patrick Kaiser*, No. 2013 WL 5567587 *2-3, 8 (N.D. Ill. Oct.

---

[2] Plaintiffs' declarant insists – without *any* legal analysis or authority – that the person who received the link to the DW website in September 2011 had no "authority" to act for Plaintiffs, in contravention of basic agency principles. *See American Cas. Co. of Reading, Pa v. Krieger*, 181 F.3d 1113, 1121 (9th Cir. 1999) (agency "where the principal knows that the agent holds himself out as clothed with certain authority and remains silent"); *Tomerlin v. Canadian Indem. Co.*, 61 Cal. 2d 638, 644-45 (1964) (same); *see also* Plaintiffs' Statement of Genuine Issues (Docket No. 68-2), ¶ 48; Defendant's Evidentiary Objections filed in support of DW's Reply ("DW' Obj.") No. 3. And the declarant's new testimony that he did not see the live demonstration of the website in November, 2012 contravenes his sworn deposition testimony, and must be disregarded. *See Yeager v. Bowlin,* 693 F.3d 1076, 1080-1 (9th Cir. 2012) (sham affidavit rule). Plaintiffs' Genuine Issues, ¶ 55; DW' Obj. No. 5.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

2

DEFENDANT HORSE RACING LABS, LLC'S
REPLY ISO MOTION FOR SUMMARY
JUDGMENT

9, 2013) that daily fantasy contests do not violate Illinois law is not *dicta*. Plaintiffs' cases are mostly pre-Internet, and either inapposite or support DW's position.[3]

### C. DW's Fantasy Contests Are Not Parimutuel Wagers

Plaintiffs' assertion that because Section 3002 of the IHA "includes parimutuel wagers," other types of wagers on horse races must be allowed ignores the IHA's plain language that "interstate off-track wagers" requires the wagers to be "legal wagers" that are "lawful in each State involved." As only parimutuel wagering on horse races is legal in California (Cal. Bus. & Prof. Code §§ 19411, 19593), the IHA applies only to parimutuel wagers,[4] which do not apply to DW's fantasy contests. Plaintiffs' argument that DW's contests are parimutuel also fails as DW's contests have fixed entry fees and prizes, there is no wagering pool, and DW can and does lose money on particular contests.[5]

### D. The UIGEA Applies, and Confirms That The IHA Does Not Apply

Plaintiffs' assertion that the UIGEA does not apply because they are not suing under it, or because the language supposedly carves out horse racing wagering under the IHA, misses the point. The UIGEA is Congress's most recent proclamation on what constitutes a "wager." Thus, UIGEA's fantasy sports carve out applies to the

---

[3] *See* DW's Opposition to Plaintiffs' MSJ 14:8-15:3. And, while Plaintiffs try to argue that *Bell Gardens* supports their position, they quote only a portion of the holding and exclude the relevant text that distinguishes prizes from wagers. *See Bell Gardens' Bicycle Club v. Dep't of Justice*, 36 Cal. App. 4th 717, 747-78 (1995). *Finster v. Keller*, 18 Cal.App.3d 836, 844-45 (1971), states that games of skill are legal contests where skill dominates over chance (the "dominate element test"). That is the case here. (SUMF ¶¶ 31-37.) Finally, Plaintiffs incorrectly assert that a New York state court decision distinguishing *Humphrey* applies here. In fact, *New York v. FanDuel, Inc.*, No. 453056/16, 2015 WL 8490461 (N.Y. Sup. Dec. 11, 2015), an interim ruling on a preliminary injunction motion, is inapposite as: (a) the court was analyzing a New York gambling law that does *not* refer to bets or wagers (unlike the IHA); and (b) the court applied the "materiality" test, which does not apply in California.

[4] Plaintiffs admit as much, and their attempt to "dispute" their admission has no merit. The testimony is clear; SUMF ¶ 38 remains undisputed.

[5] Plaintiffs' comparison of DW's contests with "exchange wagering" is meritless, as it was not pled in the FAC and should be ignored for that reason alone; it contradicts Plaintiffs' own description of parimutuel wagering (*see, e.g.,* Ritvo Dep. at ¶ 52:6-55:23); and it is fundamentally different from DW's fantasy contests and has not even been approved in California by race associations, the horsemen, or the California Horse Racing Board. (Reply Midland Decl. ¶¶ 6-7.) SUMF ¶ 11 remains undisputed.

IHA.[6] Finally, the undisputed facts establish that skill does, in fact, predominate over chance in all of DW's contests, Plaintiffs' efforts to mischaracterize how DW's contests operate notwithstanding.[7] (SUMF ¶¶ 31-37; AMF ¶¶ 94-102, 108-110.)

## II. PLAINTIFFS' UCL CLAIM FAILS AS A MATTER OF LAW

Seemingly unaware that the standard for *pleading* claims differs from that required for *proving* them, Plaintiffs insist this Court's previous denial of DW's Motion for Judgment on the Pleadings as to Plaintiffs' standing compels the same result here. ("MJP Order") (Docket No. 43) The fallacy of this position is self-evident, as confirmed by the MJP Order cited: "'Assuming Plaintiffs' allegations are true, as is required on a motion for judgment on the pleadings....'" (Opp. 15:1-2.)

Plaintiffs concede that their UCL claim reaches, *at most,* contest fees from races run at their California tracks and any entry fees from California residents. But even that is over-reaching, as Plaintiffs cite no case that has applied the UCL to a dispute when neither party has any connection whatsoever to California.

Finally, Plaintiffs misconstrue DW's position and incorrectly assert that DW "takes the position that the IHA does not apply to it because its contests are *illegal*"; DW makes no such assertion. (Opp. 17:2-3). As Plaintiffs *admit* they do not contend that DW's entry fees are "illegal wagers" or that it "runs a criminal gambling operation" (Opp. 16:20 – 17:2), the argument set forth at pages 16-17 of the Opposition is irrelevant. Moreover, DW has not violated any of the statutes cited. (Motion 16:9-17:5; *see also* DW's Opposition to Plaintiffs' MSJ 17:13 – 18:15.)[8]

---

[6] The supposed carve outs to horse racing does not apply – Section 5362(10)(D)(i) only states that "unlawful Internet gambling" shall not include any activity that is allowed under the IHA. Fantasy sports contests are *not* considered "unlawful Internet gambling," so this provision does not apply. Section 5362(10(D)(i) simply states that the UIGEA is "not intended to resolve any existing disagreements over how to interpret the relationship between the [IHA] and other Federal statutes."

[7] Winners of DW's contests are not players who select winning horses; indeed, sometimes selecting the winning horse in DW's contests is not the right strategy. (Reply Midland Decl. ¶ 8.) To win a Derby Wars' contest, you must accumulate the most points over a series of contest races. (SUMF ¶¶ 31-37; AMF ¶¶ 94-102).

[8] The Federal Wire Act, 18 U.S.C. §1084 ("FWA"), which Plaintiffs did not plead as a predicate for their UCL claim, does not apply as entry fees for fantasy sports contests are not "bets" or "wagers," and DW did not knowingly violate the statute; to

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

4

DEFENDANT HORSE RACING LABS, LLC'S
REPLY ISO MOTION FOR SUMMARY
JUDGMENT

### III. PLAINTIFFS ARE ESTOPPED TO ASSERT THEIR CLAIMS

Plaintiffs have not disputed they knew of DW's fantasy horse racing contests for more than four years prior to filing the action (*see supra* Section IB), and through their inaction, led DW to believe they did not object to its conduct. (Motion 19:8-19; SUMF ¶¶ 57, 58, 61). DW relied upon Plaintiffs' inaction to its detriment, by investing time and resources to grow the business. (Reply Midland Decl. ¶4; SUMF ¶¶44, 48, 54-56, 59-60.) Plaintiffs' insistence that DW has not established "Plaintiffs knew of each cash contest using Plaintiffs' horseraces" or that "Plaintiffs intended for Defendant to use their races" are non sequiturs. (Opp. 18:10-12.) Plaintiffs have effectively conceded their claims are estopped.

### IV. THIS COURT SHOULD ABSTAIN FROM THIS DISPUTE

The factors favoring abstention are set forth in the Motion; as Plaintiffs cite neither fact nor authority to refute them, the Court should abstain from adjudicating this dispute pending legislative action. (SUMF ¶¶ 67-68, 70; Motion 20:8-18.)

### V. PLAINTIFFS' REQUEST FOR SANCTIONS IS FRIVOLOUS

Plaintiffs' argument that DW should be stripped of its right to a jury trial for two inadvertent violations of the Court's Standing Order (neither of which prejudiced Plaintiffs), and a non-existent confidentiality "disclosure" is factually specious and constitutionally infirm, and should be denied. (Kanny Reply Decl. ¶¶ 3-11.)[9]

### VI. CONCLUSION

DW respectfully requests that the Court enter judgment in its favor.

Dated: April 10, 2017   MANATT, PHELPS & PHILLIPS, LLP
By: /s/ Matthew P. Kanny
Matthew P. Kanny
*Attorneys for* HORSE RACING LABS, LLC

---

the contrary, it has never received any indication that its contests are illegal.
[9] *See* Fed. R. Civ. Proc. 38(a) (right of trial by jury is preserved to the parties inviolate); *U.S. Sec. & Exch. Comm'n v. Jensen*, 835 F.3d 1100, 1106-11 (9th Cir. 2016). The relief sought is unjust in light of DW's good faith in addressing its inadvertent mistake, and the lack of prejudice to Plaintiffs. *See Smith v. U.S. Bank*, No. CV 12-02743-MWF (VBKx), 2012 WL 12887916 at *3 (C.D. Cal. Nov. 15, 2012); *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253 (9th Cir. 2010).

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

5

DEFENDANT HORSE RACING LABS, LLC'S
REPLY ISO MOTION FOR SUMMARY
JUDGMENT