Richard B. Specter, SBN 114090
Diane L. Ellis, SBN 130628
CORBETT, STEELMAN & SPECTER
A Professional Law Corporation
18200 Von Karman Avenue, Suite 900
Irvine, California 92612-1023
Telephone:  (949) 553-9266
Facsimile:  (949) 553-8454
rspecter@corbsteel.com

Attorneys for Plaintiffs
LOS ANGELES TURF CLUB, INCORPORATED,
LOS ANGELES TURF CLUB II, INC.,
PACIFIC RACING ASSOCIATION, PACIFIC RACING
ASSOCIATION II, GULFSTREAM PARK RACING
ASSOCIATION, INC., OREGON RACING, INC.,
MARYLAND JOCKEY CLUB OF BALTIMORE CITY, INC.,
and LAUREL RACING ASSOCIATION, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOS ANGELES TURF CLUB, INCORPORATED, a  California Corporation, LOS ANGELES TURF CLUB II, INC., a California Corporation, PACIFIC RACING ASSOCIATION, a California Corporation, PACIFIC RACING ASSOCIATION II, a California Corporation, GULFSTREAM PARK RACING ASSOCIATION, INC., a Florida Corporation, OREGON RACING, INC., a Delaware Corporation, MARYLAND JOCKEY CLUB OF BALTIMORE CITY, INC., a Maryland Corporation, LAUREL RACING ASSOCIATION, INC., a Maryland Corporation, and DOES 1 through 10, inclusive,<br><br>Plaintiffs,<br><br>vs.<br><br>HORSE RACING LABS, LLC, a Delaware Limited Liability Company, | Case No.: 2:15-cv-9332 SJO (JEMx)<br><br>Hon. S. James Otero<br>Courtroom No. 10C<br><br>**PLAINTIFFS' MEMORANDUM OF CONTENTIONS OF LAW AND FACT**<br><br>**[Local Rule 16-4]**<br><br>Date Filed: December 3, 2015<br>Discovery Cutoff: March 27, 2017<br>Final Pretrial Conf.: June 19, 2017<br>Trial Date: June 27, 2017 |

1 | also known as, IMMERSE, LLC, doing )
2 | business as DERBYWARS, and Does 1 )
  | through 10, )
3 | )
  |                    Defendants. )
4 | _____ )

5

6        Plaintiffs Los Angeles Turf Club, Incorporated, Los Angeles Turf Club II, Inc.,

7   Pacific Racing Association, Pacific Racing Association II, Gulfstream Park Racing

8   Association, Inc., Oregon Racing, Inc., Maryland Jockey Club Of Baltimore City, Inc.,

9   and Laurel Racing Association, Inc. (collectively, "Plaintiffs"), hereby submit their

10  Memorandum of Contentions of Fact and Law, pursuant to Local Rule 16-4 and the

11  Court's Standing Order, Exhibit B, Section (1)(B)(2).

12

13

14

15

16

17  DATED:  May 26, 2017            Respectfully submitted,

18                                  CORBETT, STEELMAN & SPECTER
19                                  A Professional Law Corporation

20

21                                  By:   /s/ Richard B. Specter
                                          Richard B. Specter
22                                        Attorneys for PLAINTIFFS

23

24

25

26

27

28

# TABLE OF CONTENTS

Page

I.     CLAIMS AND DEFENSES (LOCAL RULE 16-4.1)…………………………..1

     A.     Plaintiffs' Claims………………………………………...……………..1

            1.     Claim One – Violation of the *Interstate Horseracing Act of 1978*, 15 U.S.C §§ 3001, *et seq.*.………………………………1

                   a.     Plaintiffs' Damages…………………………………2

            2.     Claim Two – Violation of California *Business & Professions Code* Sections 17200, *et seq*…………………………2

     B.     Defendant's Affirmative Defenses to Be Tried by the Court……………3

            1.     Failure to State a Claim…………………………………………4

            2.     Failure to Plead Claims With Required Specificity………………4

            3.     Statute of Limitations……………………………………………...4

            4.     Laches……………………………………………………………..5

            5.     No Standing……………………………………………………….6

            6.     No Damages……………………………………………………….6

            7.     Failure to Mitigate……………………………………………….7

            8.     Good Faith………………………………………………………..7

            9.     Waiver……………………………………………………………..7

            10.     Estoppel…………………………………………………………..8

            11.     Unclean Hands……………………………………………………9

            12.     Proximate Causation…………………………………………...11

            13.     No Attorneys' Fees……………………………………………11

            14.     No Restitution Or Disgorgement Under Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*..………11

            15.     Plaintiffs Lack Standing to Seek Injunctive Relief Under Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*………11

PLAINTIFFS' MEMORANDUM OF CONTENTIONS OF LAW AND FACT

16. Justified Fair Competition/Lawful Conduct/Conduct Not Unlawful…………………………………….……………11

17. Injunctive Relief Discretionary…………………………………..13

18. Right to Plead Additional Affirmative Defenses…………………13

C. Potential Evidentiary Issues/Potential Issues of Law………...…………13

II. BUFURCATION OF ISSUES/RIGHT TO A JURY TRIAL (LOCAL RULES 16-4.3 AND 16-4.4)…………………………….………14

III. ATTORNEYS' FEES (LOCAL RULE 16-4.5)………………………………15

IV. CONCLUSION………………………………………………………...15

PLAINTIFFS' MEMORANDUM OF CONTENTIONS OF LAW AND FACT

1

2

## TABLE OF AUTHORITIES

3

**Page**

4

### CASES

5

<u>**Federal**</u>

6

*Aryeh v. Canon Bus. Sols., Inc*., 55 Cal. 4th 1185 (2013)……………………..……..5

7

*Cigna Prop. & Cas. Ins. Co. v. Polaris Pictures Corp.,*

8

159 F.3d 412 (9th Cir. 1998)……………………………………………14

9

*Danjaq LLC v. Sony Corp.*, 263 F.3d 942 (9th Cir. 2001)………...……………3, 10, 14

10

11

*Danoff v. United States*, 324 F. Supp. 2d 1086 (C.D. Cal. 2004)………………..……9

12

*DRG/Beverly Hills, Ltd. v. Chopstix Dim Sum Cafe and Takeout III, Ltd*.,
30 Cal.App.4th 54, 61 (1994)……………………………………..……3, 8

13

14

*Flintkote Co. v. Aviva PLC*, 769 F.3d 215 (3d Cir. 2014)……………………………8

15

*Granite State Ins. Co. v. Smart Modular Technologies, Inc.,*
76 F.3d 1023 (9th Cir. 1996) ……………………………………………… 14

16

17

*Hecht v. Harris, Upham & Co*., 430 F.2d 1202 (9th Cir. 1970)……………………5, 6

18

*Hermes Int'l v. Lederer de Paris Fifth Ave., Inc.,*
219 F.3d 104, 107 (2d Cir. 2000)……………………………………..……3, 10

19

20

*Instituto Nacional de Comercializacion Agricola (Indeca)*
*v. Continental Illinois Nat'l Bank & Trust Co*.,
576 F Supp 985 (N.D. Ill. 1983)………………………………….……....6

21

22

23

*Mihara v. Dean Witter & Co*., 619 F.2d 814 (9th Cir. 1980)………………………3, 5

24

*Oakland Raiders v. Oakland-Alameda Cty. Coliseum, Inc.,*
144 Cal. App. 4th 1175, (2006)……………………………………….... 3, 7

25

26

*Petrella v. MGM*, 572 U.S. __, 134 S.Ct. 1962, 1969 (2014)………………………4, 5

27

*POM Wonderful LLC v. Coca Cola Co*.,
166 F. Supp. 3d 1085 (C.D. Cal. 2016)……………………………………3, 10

28

PLAINTIFFS' MEMORANDUM OF CONTENTIONS OF LAW AND FACT

*Quest Software, Inc. v. DirecTV Operations*, LLC,
    2011 U.S. Dist. LEXIS 110888, at *14 (C.D. Cal. Sep. 26, 2011)…….....…8, 9

*Royal Air Properties, Inc. v. Smith,* 333 F.2d 568 (9th Cir. 1964)…………………6

*Tull v. United States*, 481 U.S. 412, 417 (1987)………………………………...…14

*United States v. Wolflick & Simpson*, 2016 U.S. Dist. LEXIS 186359
    (C.D. Cal. July 18, 2016)……………………………………………………….9


<u>**State**</u>

*Farmers Ins. Exch. v. Superior Court*, 2 Cal. 4th 377 (1992)………………….…12

*In re Marriage of Fell*, 55 Cal.App.4th 1058 (1997)…………………………….…8

*In Re Marriage of Brinkman*, 111 Cal.App.4th 1281 (2003)………………………8

*Spray, Gould & Bowers v. Associated Internat. Ins. Co.,*
    71 Cal. App. 4th 1260, 1268 (1999)……………………………………………8

*State Farm Fire & Cas. Co. v. Superior Court,*
    45 Cal. App. 4th 1093, 1103 (1996)……………………………………….…..12

**STATUTES**

<u>**Federal**</u>

*Interstate Horseracing Act of 1978*, 15 U.S.C. §§ 3001, *et seq*..………………*passim*

*Federal Wire Act*, 18 U.S.C. § 1084…………………………………………4, 10 12

*Illegal Gambling Business Act of 1970,* 18 U.S.C. § 1955………………………4, 10

<u>**State**</u>

*Business & Professions Code* Section 17200, *et seq.* …………………………*passim*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## OTHER AUTHORITIES

*CACI* 430……………………………………………………………….…….….11

*CACI* 454……………………………………………………………………..11

*Local Rules for the Central District,* Rule 16-4………………………………..*passim*

*Standing Order* …………………………………………………………………...1

PLAINTIFFS' MEMORANDUM OF CONTENTIONS OF LAW AND FACT

## MEMORANDUM OF CONTENTIONS OF FACT AND LAW

Pursuant to Local Rule 16-4, and the Court's Standing Order, Exhibit B, Section (1)(B)(2), Plaintiffs submit their Contentions of Fact and Law:

## I. CLAIMS AND DEFENSES (LOCAL RULE 16-4.1).

On May 15, 2017, this Court granted in part Plaintiffs' Motion for Partial Summary Judgment (and denied Defendant's Motion of Summary Judgment), finding that:

> "Having determined that Derby Wars entry fees constitute a wager, where such wagers are placed with Derby Wars in Kentucky, with respect to the outcome of a horserace, or series of up to six individual horseraces, as the case may be, taking place in California, Oregon, Maryland, and/or Florida, and where such wagers are received over the internet, the Court concludes that Defendants are operating an off-track betting system subject to the Interstate Horseracing Act. *See* 15 U.S.C. § 3002(7). As such, the Court **GRANTS** Plaintiffs' Motion for Partial Summary Judgment as to their IHA claim.

> …

> "The Court finds: the entry fees paid in contests offered by Defendant on its Derby Wars website are wagers under the Interstate Horseracing Act of 1978; Defendant is operating an off-track betting system as defined in Section 3002(7) of the IHA; and the IHA can serve as a predicate for a California Business and Professions Code Section 17200 claim." Docket, No. 88.

### A. Plaintiffs' Claims.

#### 1. Claim One – Violation of the *Interstate Horseracing Act of 1978*, 15 U.S.C §§ 3001, *et seq.*

The Court has already determined that Defendant is "operating an off-track betting system subject to the Interstate Horseracing Act. *See* 15 U.S.C. § 3002(7). As such, the Court **GRANTS** Plaintiffs' Motion for Partial Summary Judgment as to their IHA claim." What remains for trial is that the Court must determine whether any of

-1-

Defendant's equitable affirmative defenses bar Plaintiffs' claim for damages, and if not, thereafter a trial on the amount of Plaintiffs' damages.  Plaintiffs also seek a Permanent Injunction, which is also an issue for the Court to determine.  As discussed below, Defendant utterly lacks factual evidence to support any affirmative defense, nor is there legal support for Defendant's theories.

### a.   Plaintiffs' Damages.

Plaintiffs will establish their damages and their entitlement to the fees to which they are entitled under the IHA, Sections 3005 (1) and (2), with lay and expert testimony based upon, in part, the financial documents produced by Defendant and Defendant's own expert's quantification.  Plaintiffs' damages through January 31, 2017 (when the Expert report was prepared in compliance with the Court deadline) are as follows:

- Under Section 3005(1) – $2,950,111
- Under Section 3005(2) – $1,397,145

Evidence will also be presented at trial setting forth Plaintiffs' additional damages from February 1, 2017, to the time of trial.  In addition, Plaintiffs are entitled to prejudgment interest on their damages as follows:  Golden Gate and Santa Anita at 10%; Portland Meadows at 9%; Pimlico and Laurel at 10%; and Gulfstream and Gulfstream West at 4.75%.

### 2.   Claim Two – Violation of California *Business & Professions Code* Sections 17200, *et seq.* (the "UCL").

The Court has already found that:

"The entry fees paid in contests offered by Defendant on its Derby Wars website are wagers under the Interstate Horseracing Act of 1978; Defendant is operating an off-track betting system as defined in Section 3002(7) of the IHA; and the IHA can serve as a predicate for a California Business and Professions Code Section 17200 claim." Docket, No. 88.

Under the UCL, the only remaining issue is Plaintiffs' entitlement to a permanent injunction, which should issue if liability is established and there is a threat of continuing violations.

### B.   Defendant's Affirmative Defenses to Be Tried by the Court.

Defendant asserted 19 affirmative defenses in its Answer to the operative First Amended Complaint. <u>Docket</u>, No. 34. At the Rule 16 meeting of counsel on May 17, 2017, *Defendant stated that it intended to pursue all of the Affirmative Defenses set forth in its Answer;* therefore, they are all addressed below. However, many of the Affirmative Defenses asserted by Defendant have been obviated by the Court's prior rulings, including the Court's Order on the Motion for Judgment on the Pleadings, (<u>Docket</u>, No. 43), and the Court's Order on Plaintiffs' Motion for Partial Summary Judgment. <u>Docket</u>, No. 88.

Affirmative defenses, such as equitable estoppel, laches, waiver and unclean hands, are equitable defenses.[1]  It is for the Court to determine Defendant's affirmative defenses. *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 962 (9th Cir. 2001).  However, Defendant cannot prevail on any of its equitable defenses because "'*he who comes into equity must come with clean hand*s,' *Hermes Int'l v. Lederer de Paris Fifth Ave., Inc.*, 219 F.3d 104, 107 (2d Cir. 2000) (quoting *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 814, 89 L. Ed. 1381, 65 S. Ct. 993 (1945))." *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 956 (9th Cir. 2001).

The Court has already determined that Defendant is subject to the IHA.  It is undisputed that Defendant is not "in strict compliance" with the IHA.  Thus, Defendant is in violation of the *Federal Wire Act,* 18 U.S.C. § 1084, as well as the

---

[1] *POM Wonderful LLC v. Coca Cola Co.*, 166 F. Supp. 3d 1085 (C.D. Cal. 2016); *DRG/Beverly Hills, Ltd. v. Chopstix Dim Sum Café & Takeout III, Ltd.* (1994) 30 Cal. App. 4th 54; *Oakland Raiders v. Oakland-Alameda Cty. Coliseum, Inc.*, 144 Cal. App. 4th 1175 (2006); *Mihara v. Dean Witter & Co.*, 619 F.2d 814 (9th Cir. 1980).

PLAINTIFFS' MEMORANDUM OF CONTENTIONS OF LAW AND FACT

*Illegal Gambling Business Act of 1970,* 18 U.S.C. § 1955.  It is inconceivable that Defendant – who is violation of numerous federal and state statutes – is entitled to invoke equity to defeat Plaintiffs' claims for violation of the IHA and violation of the UCL.

### 1.    Failure to State a Claim.

The Court has already determined that Plaintiffs have stated a claim under both the IHA and the UCL.  See, <u>Docket</u>, Nos. 43 and 88.

### 2.    Failure to Plead Claims With Required Specificity.

The Court has already determined that Plaintiffs have stated a claim under both the IHA and the UCL.  See, <u>Docket</u>, Nos. 43 and 88.

### 3.    Statute of Limitations.

Section 3006 of the IHA provides a three year statute of limitations.  Defendant contends that Plaintiffs' lawsuit was not filed within the time set by law. To succeed on this defense, Defendants must prove that Plaintiffs' only claimed harm occurred before December 2, 2012, 3 years before this lawsuit was filed.  *CACI* 454. However, Plaintiffs have limited their claim for damages to those accruing from January 1, 2013 to the present, which are based on Contests conducted by Defendant on or after January 1, 2013.   Although the IHA, in Section 3006(c), actually permits a longer period (based upon when the violation was actually discovered), Plaintiffs are not seeking to assert such delayed discovery to extend past the 3 year statute of limitations from when the violation occurred.

When the wrongful conduct is recurring, as in the instant case, "[e]ach wrong gives rise to a discrete 'claim' that 'accrue[s]' at the time the wrong occurs. In short, each infringing act starts a new limitations period." *Petrella v. MGM*, 572 U.S. __, 134 S.Ct. 1962, 1969 (2014).  Separately accruing harm is distinct from "harm from past violations that are continuing." *Id*.  Every time that Defendant used Plaintiffs' horseraces in a Contest – and Plaintiffs operate horserace meets year round, and Defendant used Plaintiffs' races in 20 – 25 percent of its contests - Defendant violated

PLAINTIFFS' MEMORANDUM OF CONTENTIONS OF LAW AND FACT

the IHA, and caused new and distinct damage to Plaintiffs. Each such Contest is a separate violation of the IHA.

"When an obligation or liability arises on a recurring basis, a cause of action accrues each time a wrongful act occurs, triggering a new limitations period. Because each new breach of such an obligation provides all the elements of a claim — wrongdoing, harm, and causation — each may be treated as an independently actionable wrong with its own time limit for recovery." *Aryeh v. Canon Bus. Sols., Inc.*, 55 Cal. 4th 1185, 1199 (2013). Thus, each Contest in which Defendant used Plaintiffs' races without Plaintiffs' consent creates a new cause of action against Defendant.[2]

### 4.   Laches.

Because Plaintiffs are within the applicable statute of limitations set forth in 15 U.S.C. §3006, laches cannot be invoked to bar their claims: "[I]n the face of a statute of limitations enacted by Congress, laches cannot be invoked to bar legal relief." *Petrella v. MGM*, 134 S. Ct. 1962, 1974 (2014).

In addition, laches require "(1) a lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense." *Mihara v. Dean Witter & Co.*, 619 F.2d 814, 822 (9th Cir. 1980); *Hecht v. Harris, Upham & Co.*, 430 F.2d 1202, 1208 (9th Cir. 1970). There must be evidence of prejudice resulting from plaintiff's delay in bringing the action or a defense on laches is dismissed as a matter of law. *Mihar, infra*. "The damage to the party asserting the defense is caused

---

[2] This is not an instance where a defendant published a single defamatory article, and plaintiff's damages increased by each occasion when additional people read that article. In such a case, the statute of limitations would run from that single publication. The instant case is analogous to the situation where a defendant published a different defamatory article on a regular basis. Each such publication would be a new wrongful act, triggering a new limitations period. Each Contest herein without Plaintiffs' consent is a separate violation of the IHA, triggering a new statute of limitations for that specific violation.

-5-

by his detrimental reliance on his adversary's conduct." *Hecht, infra; Royal Air Properties, Inc. v. Smith,* 333 F.2d 568, 570 (9th Cir. 1964). Defendant must show laches would apply to each violation of the IHA.

Defendant cannot show any detrimental reliance on Plaintiffs' conduct. Defendant claims that Plaintiffs delayed unreasonably in filing this suit, because allegedly Midland has openly spoken about Derby Wars' fantasy contests since 2011: "Derby Wars is informed and believes that Scott Daruty and other Stronach Group executives attend the Global Symposium on Racing and Gaming conference every year.  Mark Midland spoke extensively about online contests at the December, 2011 conference."  As will be shown at trial, a review of the actual transcript and the PowerPoint Presentation shows that at no time did Midland reveal that Defendant was offering pay-to-play handicapping contests at Derby Wars, much less with Plaintiffs' races in the Contests.  Moreover, Defendant relied not upon any action or inaction by Plaintiffs, but rather upon its own legal counsel's express advice that it did not need Plaintiffs' consent to use their races because Defendant was not accepting bets or wagers.

### 5.    No Standing.

As set forth in the Court's Order denying the Motion for Judgment on the Pleadings (Docket, No. 43), and the Court's Order Granting in Part Plaintiffs' Motion for Partial Summary Judgment (Docket, No. 88), the Court has determined that Plaintiffs have standing under the IHA and UCL.

### 6.    No Damages.

Defendant claims that: "The FAC is barred because Plaintiffs have no right to the amounts sought in the FAC and/or have suffered no injury as a result of Defendant's actions."  This is not a proper affirmative defense.  A true affirmative defense raises matters outside scope of plaintiff's *prima facie* case and such matters are not raised by negative defense. *Instituto Nacional de Comercializacion Agricola (Indeca) v. Continental Illinois Nat'l Bank & Trust Co.,* 576 F Supp 985 (N.D. Ill.

PLAINTIFFS' MEMORANDUM OF CONTENTIONS OF LAW AND FACT

1983).  Issues raised by denial are not proper affirmative defenses.  *Id.*  Plaintiffs will establish their damages and the amount of the statutory fees to which they are entitled to under the IHA, Sections 3005 (1) and (2), with expert and lay testimony based upon, in part, the financial documents produced by Defendant.

### 7.   Failure to Mitigate.

Plaintiffs will establish their damages and their entitlement to the statutory fees to which they are entitled to under the IHA, Sections 3005 (1) and (2), with expert and lay testimony based upon, in part, the financial documents produced by Defendant. Plaintiffs need not show any actual harm to their business to recover damages under the IHA.  And under the IHA, there is no right to an offset for perceived benefits to Plaintiffs from Derby Wars' actions.

### 8.   Good Faith.

The Court,

> "Having determined that Derby Wars entry fees constitute a wager, where such wagers are placed with Derby Wars in Kentucky, with respect to the outcome of a horserace, or series of up to six individual horseraces, as the case may be, taking place in California, Oregon, Maryland, and/or Florida, and where such wagers are received over the internet, the Court concludes that Defendants are operating an off-track betting system subject to the Interstate Horseracing Act. *See* 15 U.S.C. § 3002(7). As such, the Court **GRANTS** Plaintiffs' Motion for Partial Summary Judgment as to their IHA claim.

There is no intent requirement under the IHA, and Defendant's alleged good faith is not a defense.

### 9.   Waiver.

"Waiver is the intentional relinquishment of a known right after full knowledge of the facts and depends upon the intention of one party only. Waiver does not require any act or conduct by the other party.' Thus, '[t]he *pivotal* issue in a claim of waiver is the intention of the party who allegedly relinquished the known legal right.'" *Oakland Raiders v. Oakland-Alameda Cty. Coliseum, Inc.*, 144 Cal. App. 4th 1175, 1189-90

-7-

(2006).  The "clear and convincing" standard applies "particularly" to rights favored in the law; however, it does not apply exclusively to such favored rights. It is proper to instruct a jury that waiver must be proved by this higher standard of proof. *DRG/Beverly Hills, Ltd. v. Chopstix Dim Sum Cafe and Takeout III, Ltd*., 30 Cal.App.4th 54, 61 (1994).

Plaintiffs' representatives will testify that they did not intentionally relinquish their legal right to pursue their claims against Defendant, and Defendant has no evidence that they did.

### 10.  Estoppel.

Plaintiffs' claims are not barred by estoppel: "Four elements are necessary to establish equitable estoppel:  (1) the party to be estopped must know the facts (2) he must intend that his conduct shall be acted on or must so act that the party asserting the estoppel has a right to believe it is so intended; (3) the latter must be ignorant of the true facts; and (4) he must rely on the former's conduct to his injury." *Quest Software, Inc. v. DirecTV Operations*, LLC, No. SACV 09-1232 AG (ANx), 2011 U.S. Dist. LEXIS 110888, at *14 (C.D. Cal. Sep. 26, 2011).  *DRG/Beverly Hills, Ltd. v. Chopstix Dim Sum Café & Takeout III, Ltd.* (1994) 30 Cal. App. 4th 54, 59.  The party seeking to establish an estoppel must do so by clear and convincing evidence.  *In re Marriage of Fell*, 55 Cal.App.4th 1058, 1065 (1997); *In Re Marriage of Brinkman*, 111 Cal.App.4th 1281, 1289  (2003); *Flintkote Co. v. Aviva PLC*, 769 F.3d 215 (3d Cir. 2014) (Requiring proof of equitable estoppel by clear and convincing evidence.")

There is no evidence that Plaintiffs intended – or acted as if they intended - that their alleged conduct would be relied upon by Defendant.  Knowing this to be true, Defendant alleges that Plaintiffs failed to object. While an estoppel may arise from silence where there is a duty to speak (*Spray, Gould & Bowers v. Associated Internat. Ins. Co.,* 71 Cal. App. 4th 1260, 1268 (1999)), Defendant has failed to identify any duty to speak, even if, *arguendo,* Plaintiffs actually knew the wrong was being

committed and was actionable.  There is no requirement under the IHA that a wronged stakeholder object or provide notice prior to filing suit.

More importantly, Defendant cannot establish reliance on Plaintiffs' alleged inaction, or that it was damaged as a result.  The only "damage" identified by Defendant is investing in, and growing, the Derby Wars website.  But the uncontradicted evidence is that Defendant acted in reliance on its own belief (and legal advice) that it was not required to obtain Plaintiffs' consent, nor was it required to be licensed.  There is no evidence that it acted in reliance on Plaintiffs' alleged failure to object.  In fact, when questioned about the legality of its operations by third parties, Defendant freely shared the written "legal opinions" that it had obtained from its counsel that its Contests were legal without the consent of Plaintiffs.  Defendant relied on its belief – whether rational or not – that Defendant did not need the consent of the racetracks to operate its Contests legally, because these were not bets or wagers.  It did not rely on the alleged failure to object of Plaintiffs.  "[A] party who asserts estoppel must not have been misled by his own lack of reasonable care. If he 'conducts himself with careless indifference to the means of information reasonably at hand or ignores highly suspicious circumstances, he may not invoke the doctrine of estoppel.'" *Danoff v. United States*, 324 F. Supp. 2d 1086, 1102 (C.D. Cal. 2004)

Defendant cannot establish estoppel against Plaintiffs by any standard, much less by clear and convincing evidence, to this Court.

### 11.   Unclean Hands.

"Unclean hands seeks to 'close[] the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief.'" *United States v. Wolflick & Simpson*, 2016 U.S. Dist. LEXIS 186359, at *20 (C.D. Cal. July 18, 2016).

"**To prevail on a defense of unclean hands, a defendant must demonstrate *by clear and convincing evidence* (1) "that the plaintiff's conduct is inequitable;" and (2) "that the conduct relates to the subject matter of [the plaintiff's] claims."**

*Fuddruckers*, 826 F.2d at 847. . . .With respect to the first requirement, "[o]nly a showing of wrongfulness, willfulness, bad faith, or gross negligence, proved by clear and convincing evidence, will establish sufficient culpability for invocation of the doctrine of unclean hands." *Pfizer, Inc. v. Int'l Rectifier Corp.*, 685 F.2d 357, 359 (9th Cir. 1982).  With respect to the second requirement, although "precise similarity" between the plaintiff's inequitable conduct and the plaintiff's claims is not required, the misconduct "must be 'relative to the matter in which [the plaintiff] seeks relief.'"  *POM Wonderful LLC v. Coca Cola Co.*, 166 F. Supp. 3d 1085, 1092 (C.D. Cal. 2016).

In support of this equitable defense, Defendant claims that:

- Plaintiffs work with other fantasy sites without requiring payment. (Those sites are licensed and have Plaintiffs' consent);

- Santa Anita partnered with Derby Wars on the ShowVivor promotion. (ShowVivor is a *free* handicapping contest conducted at Santa Anita);

- Plaintiffs are seeking to gain an unfair competitive advantage over Derby Wars to purchase or venture with them. (There is no evidence of this.)

None of these actions "establish sufficient culpability," nor are they "relative to the matter in which [Plaintiffs] seek relief."

Moreover, Defendant cannot prevail on any of its equitable defenses because "'he who comes into equity must come with clean hands,' *Hermes Int'l v. Lederer de Paris Fifth Ave., Inc.*, 219 F.3d 104, 107 (2d Cir. 2000) (quoting *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 814, 89 L. Ed. 1381, 65 S. Ct. 993 (1945))." *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 956 (9th Cir. 2001).

The Court has determined that Defendant is subject to the IHA.  It is undisputed that Defendant is not "in strict compliance" with the IHA.  Thus, Defendant is in violation of the *Federal Wire Act,* 18 U.S.C. § 1084, as well as the *Illegal Gambling Business Act of 1970,* 18 U.S.C. § 1955.  It is inconceivable that Defendant is entitled to invoke equity to defeat the Plaintiffs' claims for violation of the IHA and violation of the UCL, when it is engaged in such conduct.

### 12.   Proximate Causation.

*CACI* 430 provides that:  "A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm. Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct."

However, Plaintiffs' damages are determined by the methods set forth in IHA Sections 3005 (1) and (2).  Thus, under Section 3005(1), "if the interstate off-track wager was of a type accepted at the host racing association," Plaintiffs are entitled to recover the takeout that Plaintiffs would have received had the wagers made through Derby Wars been placed at Plaintiffs' respective racetracks.  Under Section 3005(2), "if such interstate off-track wager was of a type not accepted at the host racing association," Plaintiffs are entitled to recover Defendant's actual takeout.

Under both provisions, Plaintiffs need not prove that they suffered any harm or loss due to Defendant's violation of the IHA.  There is no proximate cause requirement.

### 13.   No Attorneys' Fees.

Plaintiffs do not request attorney's fees in their First Amended Complaint.

### 14.   No Restitution Or Disgorgement Under Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*

Plaintiffs do not seek restitution or disgorgement under the UCL.

### 15.   Plaintiffs Lack Standing to Seek Injunctive Relief Under Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*

The Court has previously ruled that Plaintiffs have standing under the UCL in denying Defendant's Motion for Judgment on the Pleadings.  Docket, No. 43.

### 16.   Justified Fair Competition/Lawful Conduct/Conduct Not Unlawful.

-11-

The Court has determined that Defendant's violation of the IHA can serve as the predicate for a *Business and Professions Code* Section 17200, *et seq.,* claim, "[U]nfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice." *Business and Professions Code* Section 17200.  "Unlawful business activity" proscribed under section 17200 includes "'anything that can properly be called a business practice and that at the same time is forbidden by law.'" *Farmers Ins. Exch. v. Superior Court*, 2 Cal. 4th 377, 383 (1992).  "In essence, an action based on Business and Professions Code section 17200 to redress an unlawful business practice 'borrows' violations of other laws and treats these violations, when committed pursuant to business activity, as unlawful practices independently actionable under section 17200 et seq. and subject to the distinct remedies provided thereunder." *Id.;* See also, *State Farm Fire & Cas. Co. v. Superior Court,* 45 Cal. App. 4th 1093, 1103 (1996).

In addition, the *Federal Wire Act*, 18 U.S.C. § 1084, prohibits the transmission of wagering information related to wagering on a sporting event or contest across state lines: "Whoever being engaged in the business of betting or wagering knowingly uses a wire communication facility for the transmission in interstate or foreign commerce of bets or wagers or information assisting in the placing of bets or wagers on any sporting event or contest, or for the transmission of a wire communication which entitles the recipient to receive money or credit as a result of bets or wagers, or for information assisting in the placing of bets or wagers, shall be fined under this title or imprisoned not more than two years, or both."

The IHA creates an exception to the prohibition of the *Federal Wire Act* for wagering on horse racing, but limits that exception to wagering that is in strict compliance with the IHA: "No person may accept an interstate off-track wager except as provided in this Act."  15 U.S.C. § 3003.  Defendant is in violation of the *Federal Wire Act,* because it accepts interstate off-track wagers related to a sporting event or

-12-

contest, and is not in strict compliance with the IHA.  This violation can also serve as the predicate for a permanent injunction against Defendant.

### 17.   Injunctive Relief Discretionary.

A permanent injunction should issue when liability is established and there is a threat of continuing violations.  Defendant has continually operated these Contests since 2011.

### 18.   Right to Plead Additional Affirmative Defenses.

Defendant has not amended its Answer to add any additional affirmative defenses.

### C.   Potential Evidentiary Issues/Potential Issues of Law.

Plaintiffs must prove their damages pursuant to IHA Section 3005(1) or 3005(2).  The parties have also raised various evidentiary issues and potential issues of law in their motions *in limine*.  In particular, Plaintiffs anticipate that Defendant will attempt to introduce evidence that is irrelevant to the few issues remaining in this litigation.  As a result, Plaintiffs filed three motions *in limine*:

- Motion *in limine* No. 1 seeks an Order excluding evidence relating to Defendant's affirmative defenses other than what was identified and disclosed in Defendant's Responses to Interrogatories.
- Motion *in limine* No. 2 seeks an Order excluding any evidence of Plaintiffs' alleged knowledge of Defendant's Contests prior to January 1, 2013.
- Motion *in limine* No. 3 seeks an Order excluding any evidence relating to damages other than as provided by section 3005 of the IHA.

All of these motions seeks to exclude evidence that is irrelevant to the issues remaining for determination.  Simply, Plaintiffs damages are pursuant to the formula set forth in the IHA.  Issues of actual harm or offset are irrelevant to that calculation.

By their motions *in limine,* Defendant seeks to preclude Plaintiffs from

introducing evidence of damages under Section 3005.  Defendant also seeks to preclude Plaintiffs from offering evidence that Defendant's actions violate criminal statutes (although Defendant claims Plaintiffs must prove unlawfulness in order to obtain injunctive relief under the UCL).  Defendant also seeks to preclude Plaintiffs from introducing the legal opinions that Defendant relied upon in proceeding to operate Derby Wars, which is clearly relevant to Defendant's equitable defenses of estoppel, waiver, and unclean hands.

## II.   BUFURCATION OF ISSUES/RIGHT TO A JURY TRIAL (LOCAL RULES 16-4.3 AND 16-4.4).

Plaintiffs request that the Court bifurcate the issue of damages which may be tried to a jury, from the Court trial of the affirmative defenses, and Plaintiffs' request for injunctive relief.  Plaintiffs request that the Court first conduct the trial of the affirmative defenses, which is a matter to be tried by the Court.  If Defendant is successful in asserting its affirmative defenses, then there will be need for a trial of Plaintiffs' damages.  Moreover, there are no overlapping issues.

Whether Defendant's equitable affirmative defenses bar Plaintiffs' claims is an issue for the Court. There is no right to a jury trial on equitable defenses.  See *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 962 (9th Cir. 2001).  The Court must also decide issues relating to equitable relief, such as Plaintiffs' request for an injunction.  *Tull v. United States*, 481 U.S. 412, 417 (1987).

Where the legal and equitable claims do not involve common issues, the order of trial is discretionary with the trial judge.  *Granite State Ins. Co. v. Smart Modular Technologies, Inc.,*  76 F.3d 1023, 1027 (9th Cir. 1996) (equitable estoppel affirmative defense did not involve same issues as breach of contract and negligence claims); *Cigna Prop. & Cas. Ins. Co. v. Polaris Pictures Corp.,*  159 F.3d 412, 419 (9th Cir. 1998) (equitable rescission claim tried first where no issues common to breach of contract and breach of covenant of good and fair dealing claims).

PLAINTIFFS' MEMORANDUM OF CONTENTIONS OF LAW AND FACT

Because Defendant asserts that its affirmative defenses would bar Plaintiffs' claims in total, and eliminate the need for any trial on damages, and because there are not common issues, the Court should first hear and rule upon Defendant's affirmative defenses. The Court should also hear Plaintiffs' claim for injunctive relief in the first phase of the trial.

## III.   ATTORNEYS' FEES (LOCAL RULE 16-4.5).

Plaintiffs do not claim that attorney's fees are recoverable, and dispute Defendant's prayer for an award of attorney's fees in its Answer.

## IV.   CONCLUSION.

The scope of this trial has now been greatly limited by the Court's Order Granting in part Plaintiffs' Motion for Partial Summary Judgment:

> "Having determined that Derby Wars entry fees constitute a wager, where such wagers are placed with Derby Wars in Kentucky, with respect to the outcome of a horserace, or series of up to six individual horseraces, as the case may be, taking place in California, Oregon, Maryland, and/or Florida, and where such wagers are received over the internet, the Court concludes that Defendants are operating an off-track betting system subject to the Interstate Horseracing Act. *See* 15 U.S.C. § 3002(7). As such, the Court **GRANTS** Plaintiffs' Motion for Partial Summary Judgment as to their IHA claim.
>
> …
>
> "The Court finds: the entry fees paid in contests offered by Defendant on its Derby Wars website are wagers under the Interstate Horseracing Act of 1978; Defendant is operating an off-track betting system as defined in Section 3002(7) of the IHA; and the IHA can serve as a predicate for a California Business and Professions Code Section 17200 claim." Docket, No. 88.

The only issues remaining are: Defendant's affirmative defenses to be tried by the Court; the issuance of a permanent injunction to be tried by the Court; and Plaintiffs' damages.  Plaintiffs respectfully request that the Court bifurcate the trial so that Defendant's equitable defenses are tried first to the Court, along with Plaintiffs' right

to a permanent injunction, followed by the jury trial to determine Plaintiffs' damages, if necessary after the first phase.

DATED:  May 26, 2017                    Respectfully submitted,

                                        CORBETT, STEELMAN & SPECTER
                                        A Professional Law Corporation


                                        By:    */s/ Richard B. Specter*
                                               Richard B. Specter
                                               Attorneys for PLAINTIFFS

PLAINTIFFS' MEMORANDUM OF CONTENTIONS OF LAW AND FACT