Richard B. Specter, SBN 114090
Diane L. Ellis, SBN 130628
CORBETT, STEELMAN & SPECTER
A Professional Law Corporation
18200 Von Karman Avenue, Suite 900
Irvine, California 92612-1023
Telephone: (949) 553-9266
Facsimile: (949) 553-8454
rspecter@corbsteel.com

Attorneys for Plaintiffs
LOS ANGELES TURF CLUB, INCORPORATED,
LOS ANGELES TURF CLUB II, INC.,
PACIFIC RACING ASSOCIATION, PACIFIC RACING
ASSOCIATION II, GULFSTREAM PARK RACING
ASSOCIATION, INC., OREGON RACING, INC.,
MARYLAND JOCKEY CLUB OF BALTIMORE CITY, INC.,
and LAUREL RACING ASSOCIATION, INC.

JS-6

**FILED**
CLERK, U.S. DISTRICT COURT
June 13, 2017
CENTRAL DISTRICT OF CALIFORNIA
BY: VPC DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOS ANGELES TURF CLUB, INCORPORATED, a California Corporation, LOS ANGELES TURF CLUB II, INC., a California Corporation, PACIFIC RACING ASSOCIATION, a California Corporation, PACIFIC RACING ASSOCIATION II, a California Corporation, GULFSTREAM PARK RACING ASSOCIATION, INC., a Florida Corporation, OREGON RACING, INC., a Delaware Corporation, MARYLAND JOCKEY CLUB OF BALTIMORE CITY, INC., a Maryland Corporation, and LAUREL RACING ASSOCIATION, INC., a Maryland Corporation,<br><br>      Plaintiffs,<br><br>  vs.<br><br>HORSE RACING LABS, LLC, a | No.: 2:15-cv-9332 SJO (JEMx)<br><br>**JUDGMENT** |

-1-

Delaware Limited Liability Company, )
(also known as IMMERSE, LLC), doing )
business as DERBYWARS, and DOES 1 )
through 10, inclusive, )
)
        Defendants. )
)
)
)
)
)
)
)

WHEREAS, on December 2, 2015, Plaintiffs Los Angeles Turf Club, Inc., Los Angeles Turf Club II, Inc., Pacific Racing Association, Pacific Racing Association II, Gulfstream Park Racing Association, Inc., Oregon Racing Inc., Maryland Jockey Club of Baltimore City, Inc., and Laurel Racing Association, Inc. (collectively, "Plaintiffs"), commenced this action against Defendant Horse Racing Labs, LLC, d/b/a Derby Wars ("Defendant"), alleging, among other things, that Defendant's fantasy horse racing contests that use horseraces run at horserace tracks operated by Plaintiffs (the "Contests") violate the *Interstate Horseracing Act* ("IHA") (the "Action");

WHEREAS, on May 31, 2016, Defendant filed an Answer to Plaintiffs' claims, raising a number of affirmative defenses and denying any and all liability for the claims asserted;

WHEREAS, on May 15, 2017, the Court issued its Order granting in part Plaintiffs' Motion for Partial Summary Judgment, and Denying Defendant's Motion for Summary Judgment, (Docket, No. 88), (the "Order");

WHEREAS, Plaintiffs and Defendant have entered into a Stipulation for Entry of Judgment (the "Stipulation");

WHEREAS, Plaintiffs and Defendant enter into this Stipulated Judgment and Permanent Injunction ("Judgment") as part of a full and final settlement of all claims that were raised in the Action, or which could have been raised in the Action, arising

-2-

[PROPOSED] JUDGMENT

out of the facts and conduct alleged therein.  The Judgment is entered into for the purpose of resolving issues disputed in this Action only; and

This Court, having considered the pleadings and Stipulation, and good cause appearing therefrom,

IT IS ORDERED, ADJUDGED, AND DECREED THAT:

1. The Order shall remain in full force and effect as the Order of this Court, and is incorporated into this Judgment.

2. Defendant, and its agents, servants, employees, officers, dbas, successors, licensees and assigns, and all persons acting in concert or participation with each and any of them, shall be, and hereby are, forever restrained and enjoined from directly or indirectly using or including any horseraces run at any of the horserace tracks operated by any of the Plaintiffs in any of Defendant's Contests, without the prior written consent of Plaintiffs.

3. Plaintiffs shall recover from Defendant the sum of $1,000,000.00, subject to the following:

a. On the latter of three business days after notice of entry of this Judgment or three business days after Plaintiffs provide written wiring instructions as to payment to Defendant, Defendant shall pay to Plaintiff the sum of $250,000.00;

b. On the fifteenth day of each succeeding month (subject to a grace period of five business days), for the next thirty-six months, Defendant shall pay to Plaintiff the sum of $20,833.00 per month, provided that if Defendant makes the initial payment pursuant to subsection (a) above and the first twelve monthly payments pursuant to this subsection (b) in full and on time as required herein, the monetary obligations set forth in Paragraphs 3 and 4 shall be deemed satisfied in full.  Nothing in this Paragraph 3 shall prevent Defendant from making an earlier lump sum payment equal to the balance of the first twelve (12) months payments, in which case Defendant shall be excused from making any further payments, and the monetary obligations set forth in this Paragraphs 3 and 4 shall be deemed satisfied in full.

-3-

[PROPOSED] JUDGMENT

4. Plaintiffs shall also recover from Defendant postjudgment interest on all unpaid sums, at the rate of 5% per annum, compounded annually, from the date of entry of this Judgment until the date of payment. Only in the event of default will any unpaid payments or sums due accrue interest at the rate of five percent (5%) per annum until paid in full.

5. Nothing in this Judgment, nor any act performed by Defendant nor any document executed pursuant to this Judgment, shall be construed as an admission by Defendant of any fact, liability, issue of law, conclusion of law or violation of any statutory or regulatory laws, nor shall compliance with this Judgment constitute or be construed as an admission by Defendant of any fact, liability, issue of law, conclusion of law or violation of any statutory or regulatory laws. Specifically, this Judgment and Order shall not have issue preclusive effect, and shall not be admissible in Court, as to Defendant or its owners, agents, servants employees, representatives, officers, DBAs, successors, licensees and assigns in any future actions not brought by Plaintiffs, including but not limited to private parties, government agencies, law enforcement agencies, or regulatory organizations.

6. The Court shall maintain continuing jurisdiction over this action for the purpose of enforcing this Judgment.

THAT JUDGMENT IN FAVOR OF PLAINTIFFS BE SO ENTERED.

DATED: June 13, 2017

*S. James Otero*

_____
Honorable S. James Otero
Judge of the United States District Court